```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                        Docket #1:24-cr-00293-
 UNITED STATES OF AMERICA,          :   JGLC

                    Plaintiff,      :

  - against -                       :

 PERAIRE-BUENO, ANTON et al,        :  New York, New York
                                       May 23, 2024
                    Defendants.     :

----------------------------------- :  HEARING

                      PROCEEDINGS BEFORE
                THE HONORABLE JENNIFER E. WILLIS,
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  RUSHMI BHASKARAN, ESQ.
                             DANIELLE MARIE KUDLA, ESQ.
                        One St. Andrew's Plaza
                        New York, New York 10007

For Defendant,
Anton Peraire-Bueno:    FICK & MARX LLP
                        BY:  DANIEL NATHAN MARX, ESQ.
                        24 Federal Street, Ste 4th Floor
                        Boston, Massachusetts 02110
For Defendant,
James Peraire-Bueno:    WILLIAMS & CONNOLLY
                        BY:  KATHERINE A. TREFZ, ESQ.
                             DANIEL SHANAHAN, ESQ.
                        680 Maine Avenue, SW
                        Washington, D.C.  20024

Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

## INDEX

### E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

### E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|-----|-----|-----------|
| None | | | | |

THE CLERK:  Good afternoon, your Honor.  We are here for USA v. Anton Peraire-Bueno, Docket #24-cr-293.

We ask that counsel for the government, as well as counsel for the defense please rise and state their name for the record.

MS. RUSHMI BHASKARAN:  Good afternoon, your Honor.  Rushmi Bhaskaran and Danielle Kudla for the Government.

THE COURT:  Good afternoon.

MR. DANIEL N. MARX:  Good afternoon, your Honor.  Daniel Marx for Anton Peraire-Bueno.

THE COURT:  And we are also here for United States vs. James Peraire Bueno, which is the same case number, 24-cr-293 as Mr. Anton Peraire-Bueno's co-defendant.  So the same government.  And if defense counsel for James could please state their name for the record, as well?

MS. KATHERINE A. TREFZ:  Good afternoon, your Honor.  Katy Trefz for James Peraire-Bueno.  And Dan Shanahan is with me.  James is right here.  Thank you.

THE COURT:  Good afternoon to you all, as well.

So we are here for, we'll call it, some combined proceedings on behalf of Anton.  And I don't think I've said this right yet.  It's not Pierre.  How

is it pronounced?

MR. ANTON PERAIRE-BUENO:  Peraire.

THE COURT:  Peraire?

MR. A. PERAIRE-BUENO:  Yeah.

THE COURT:  I'm going to try.  I can't make any promises, but I will try to get your names right.  And if they are wrong, then I apologize.

All right, so on behalf of Anton Peraire-Bueno, we are here for an initial presentment.  And on behalf of both Anton and James, we are here for arraignment, as well as for an initial pretrial conference, which is now, I believe, are we not, part of your collective proposal?

MS. BHASKARAN:  I believe James was arraigned.

THE COURT:  All right, so then, I believe I think on behalf of Anton -- let me restate this -- we are here for initial presentment and arraignment.  And I believe for both we would be doing the Initial Pretrial Conference, is that correct?

MR. MARX:  Yes, your Honor.

MS. BHASKARAN:  Yes, your Honor.

THE COURT:  All right, so we will start first with the initial presentment on behalf of Anton Peraire-Bueno.  Sir, I am Judge Willis, and you have been

1  
2  arrested based on charges filed against you an

3  indictment.  The purpose of today's proceeding is to

4  inform you of certain rights that you have, inform you

5  of the charges against you; consider whether an attorney

6  should be appointed for you; and decide under what

7  conditions, if any, should be released pending trial.

8          Government, can I have the date and time of

9  Anton Peraire-Bueno's arrest, please?

10          MS. BHASKARAN:  Yes.  The defendant was

11  arrested on May 15, 2024, at approximately seven in the

12  morning.

13          THE COURT:  Thank you.

14          Sir, as I indicated, you've been charged with

15  certain offenses by way of an indictment.  And I want to

16  explain to you certain constitutional rights that you

17  have.

18          You have the right to remain silent.  You do

19  not need to make any statements.  And even if you have

20  already made statements to the authorities, you do not

21  need to make any more statements.  If you do make any

22  statements, those statements can be used against you.

23          You have the right to be released, either

24  conditionally or unconditionally, pending trial unless I

25  find that there are no conditions that would reasonably

assure your presence at future court appearances and the

safety of the community.

        If you are not a United States citizen, you

have the right to request that a government attorney or

law enforcement official notify a consular officer from

your country of origin that you have been arrested.  In

some cases, a treaty or other agreement may require the

United States Government to give that notice whether you

request it or not.

        And you have the right to be represented by an

attorney during all court proceedings, including this

one, and during all questioning by the authorities.  You

have the right to hire your own attorney; but if you

cannot afford to hire one, I will appoint one to

represent you.

        Do you understand these rights I've just read

to you, sir?

        MR. A. PERAIRE-BUENO:  Yes.

        THE COURT:  So as I indicated, sir, you have

been charged by way of an indictment.  It is a three-

count indictment.  Count I charges you with conspiracy

to commit wire fraud; Count II, with the substantive act

of wire fraud; and Count III, with conspiracy to commit

money laundering.

Counsel, have you received a copy of the indictment?

MR. MARX:  Yes, your Honor.

THE COURT:  And have you reviewed it with Mr. Peraire-Bueno?

MR. MARX:  I have, your Honor.

THE COURT:  Does he wish to have the indictment read aloud?

MR. MARX:  No, he'd waive that right.

THE COURT:  And how does he wish to plead?

MR. MARX:  Not guilty, your Honor.

THE COURT:  The record should reflect that Mr. Anton Peraire-Bueno has pleaded not guilty and is now arraigned.

I'll hear from the Government next as to bail, detention or release for Mr. Anton Peraire-Bueno.

MS. BHASKARAN:  Yes, your Honor.  The parties have a proposed bail package for the Court's consideration.  It's the same bail package that we informed chambers of shortly before this proceeding. I'll read through those conditions.

First, the defendant is to submit to supervision by and report for supervision to Pretrial Services as directed.  The defendant's release should be

secured with a $250,000 bond that is secured either by

cash or real property and two financially responsible

persons.  This condition must be met by May 29th.  The

defendant may not trade in any securities, commodities

or cryptocurrency, nor may the defendant engage in any

validating on the block trade.

        The defendant is to surrender any passports to

Pretrial Services.  I believe this condition has already

been met.  And the defendant is not to make any new

application for travel documents.

        The defendant shall be subject to location

monitoring technology in the form of GPS with a 12 a.m.

curfew, with a 12 a.m. to 6 a.m.

        With respect to travel, the defendant's travel

is limited to the District of Massachusetts and the

Southern District of New York and the Eastern District

of New York for purposes of court appearances, as well

as points in between for travel.  The defendant,

however, is permitted to travel to the Southern District

or Eastern District of New York the day or after a

scheduled court hearing; and in those instances, the

defendant should provide at least 24 hours advance

notice of his travel itinerary to his Pretrial Services

officer.  When the defendant is traveling to New York

1

2  for purposes of court appearances, the defendant's

3  location monitoring and curfew conditions shall be

4  suspended.

5           The defendant may not discuss this case with

6  his codefendant in the absence of counsel.

7           The defendant shall refrain from opening any

8  new personal or business bank accounts, cryptocurrency

9  accounts, open any loans or incur any liens, lines of

10  credit without notifying Pretrial Services.

11           And the defendant shall not possess a firearm

12  or any other type of destructive device.  And that's it.

13           THE COURT:  Counsel, is that your understanding

14  of the agreed-upon conditions?

15           MR. MARX:  Yes, your Honor.  Just one slight

16  clarification, which is that Anton was arrested in

17  Boston, where he currently lives.  He's under

18  supervision of Pretrial there.  The technology they use

19  for location monitoring is RF frequency technology as

20  opposed to GPS.  So I just wanted to make clear he's on

21  a bracelet.  It's that particular technology.  He's

22  compliant with Pretrial Services in Boston.  I just --

23  if the order says "GPS," I don't want that to create a

24  problem for them up in Boston.

25           The other thing, if it's acceptable to the

Government -- and I did raise this earlier this morning -- we're in the process -- both defendants' parents are here.  They're going to cosign a property for the bond.  There's no issue.  The value of the home exceeds the value of both bonds.  But given that we're now going to be filing all those papers in New York, as opposed to Massachusetts, where the property's located, it may take us another week to get all that paperwork done.  So if it's okay with the Government to extend that deadline from the 29th one additional week?  We picked the two weeks originally, your Honor, from the arrest date, but we need to reshuffle the papers and make sure we get New York what it needs.

MS. BHASKARAN:  Those modifications are fine for the Government.

MR. MARX:  Thank you.

THE COURT:  All right, based upon my review of the indictment, the pretrial report from the District of Massachusetts, as well as the addendum from the Southern District of New York, and the agreement of both the government and your counsel, I would be prepared to release you, sir, under the following conditions.  And you will get a written copy of this when you sign the bond.  And going forward, if there's any question or

confusion about what you can do or what you can't do,

you should obviously direct those questions to your

attorney.  If there's something that you want to change,

so for example -- we'll get to this -- but you're going

to have location restrictions in terms of what districts

you can be in and which ones you can't, let's say that

something comes up and you need to go to Rhode Island,

which is right next to Massachusetts, do not cross the

order and go into Rhode Island.  That would be a

violation of the conditions of your bail.  Instead, you

contact your attorney.  Your attorney knows the process

to go through to reach out to the Government, reach out

to the Court and say, "Oh, for a one-time thing this

coming weekend, can he have permission to go here?"

obviously, the Court could say no, but there's a good

chance that would be approved.  And then you can safely

go and return and not be in danger of violating the

conditions of your bail.

        So the conditions would be that you would be

released on a $250,000 personal recognizance bond that

is to be secured by either $250,000 cash or an interest

in real property that has that value or greater.  That

bond is to be cosigned by two financially responsible

people.  You will have travel restrictions, as I

2   indicated, to the Southern and Eastern Districts of New

3   York and the District of Massachusetts.  The Southern

4   and Eastern Districts of New York certainly include all

5   five boroughs of New York.  There's also some northern

6   suburbs.  They will give you a map when you sign the

7   bond so you know which places you can go to.  The

8   District of Massachusetts is the entirety of the state

9   of Massachusetts.  You will also have permission to go

10  to any points in between Southern and Eastern Districts

11  of New York and Massachusetts when you are coming back

12  and forth to court.

13          You will have to surrender any travel document,

14  passport.  I understand that's already happened.  You

15  also cannot apply for a new passport or other type of

16  travel document.

17          You are to have pretrial supervision as

18  directed by Pretrial Services, meaning they will tell

19  you how often they want to see you:  once a week, once a

20  month.  They will also have the flexibility to change

21  how often they want to see you -- without coming back to

22  court and asking.

23          You will have a curfew.  And the location

24  monitoring technology that is to be used to determine

25  whether you're complying with that curfew will be as

directed by Pretrial Services. So if Pretrial Services

in Massachusetts wants to use whatever the technology

was that your counsel mentioned earlier, that is

certainly their elective to do so. The hours of the

curfew are to be from 12 a.m., midnight, to six a.m.

You are not to possess a firearm, destructive

device or other weapon. You are not to discuss the case

with your codefendant outside the presence of counsel.

So no emails, no phone calls about it, no texts. If

your lawyer and your codefendant's lawyer want to set up

what's called a codefendant meeting where they are

present, then it is certainly fine to talk about

whatever you want to. But while it is tempting to want

to sort of reflect on everything that is happening, it

is a condition of your release that you not have that

conversation. And there are many, many times where

people think they're having private conversations and it

gets discovered and it hurts them. So you should

refrain from the temptation to speak to him about the

case unless our attorney is there.

You are not allowed to trade in securities,

commodities or cryptocurrency. You are not allowed to

validate block chain. You are to refrain from any new

personal or business accounts, any crypto accounts, any

loans, any liens, any lines of credit without the
permission of Pretrial.  So, you know, I don't know if
you for some reason needed to get a credit card to do
something, it doesn't mean you cannot do it; it just
means that you need to speak to your Pretrial officer.
They will go through whatever assessment process they go
through and then either tell you it's fine or it's not
fine.

You are -- and for the location restrictions to
the Southern and Eastern Districts of New York and
District of Massachusetts, if you are coming for a
scheduled court appearance, you can arrive the day
before in the Southern or Eastern District of New York,
and you would be able to leave to return to the District
of Massachusetts the day after the scheduled court
appearance.  But you are required to provide at least 24
hours' notice of that court appearance and your travel
plans to Pretrial Services before you leave and return.
During the period of time in which you are going to and
from court, the curfew will be suspended.  So you will
not, you know, have to be at the hotel trying to comply
with location monitoring.

You are to be released on your own signature
today, and you will have two weeks, until June 6th, to

secure the remaining requirements of your bond, most

significantly, the two cosigners -- but I understand

that that will likely be taken care of today -- but

also, the securing of the property or the cash which is

to secure your bond.

Sir, do you understand the conditions under

which I'd be prepared to release you?

MR. A. PERAIRE-BUENO:  Yes, your Honor.

THE COURT:  All right.  I just want to make

some admonishments to you about what would happen if you

did not follow the requirements of the bond.  So if you

didn't follow the requirements of the bond or you failed

to come to court on a day when you were required to do

so, a warrant would be issued for your arrest.  You and

anyone who signed the bond on your behalf would each be

responsible for the full amount of the bond.  So the

bond is $250,000; that does not mean it would be split

three ways.  You would be responsible for $250,000.  I

understand the cosigners are to be your parents; they

would each be responsible for $250,000, and whatever

property they plan to put up to secure your release

could be lost, taken by the Government, and they would

not be able to get that back.  So that is what is at

stake when it comes to you coming to court and following

the requirements of court.

Now, again, at the end of the day, as long as you come back to court and as long as you follow the requirements, whatever happens with your case, win, lose or draw, nobody would have to pay that money, nobody would have to lose their home as long as you have followed the requirements. But if you do not, as I said, you and each person could lose the bond, and you could also be charged with a separate crime of bail jumping, which could mean additional jail time and a fine. In addition, if you were to commit a new crime while you were out on pretrial release, in addition to whatever sentence you could get for the new crime, you could also be sentenced to an additional term of imprisonment of 10 years if that crime is a felony or one year if that crime is a misdemeanor. And that sentence would be served after any time that you might get on the new crime and after any time that you might get if convicted on this particular crime.

And while you are awaiting trial, I must warn you not to have any contact with or engage in any intimidation of potential or designated witnesses or jurors; not to engage in any intimidation of any court officer; and not to engage in any conduct that would

2   obstruct any investigation by law enforcement.

3          Sir, do you understand the warnings that I have

4   just given you?

5          MR. A. PERAIRE-BUENO:  Yes, your Honor.

6          THE COURT:  All right, thank you.

7          So at this point I think we will move into the

8   initial pretrial conference.  And this will be both on

9   behalf of Mr. Anton Peraire-Bueno and Mr. James Peraire-

10  Bueno.  All right, so I believe my first question to the

11  Government, could I please have a report from the

12  Government on the nature of this case and sort of where

13  we are procedurally with respect to this case?

14         MS. BHASKARAN:  I'm sorry, your Honor; I didn't

15  hear the second part of your question.

16         THE COURT:  Sorry.  Where we are procedurally

17  with respect to the case.

18         MS. BHASKARAN:  Sure.  So just at a high level,

19  this is a sophisticated computer exploit that involved

20  the defendants dealing approximately $25 million worth

21  of cryptocurrency and then laundering the proceeds

22  thereafter.  The case was just unsealed last week.  And

23  we have been in discussions with counsel for both

24  defendants about discovery.  We have an agreed-upon

25  protective order which counsel has just signed.  We're

going to submit that to Judge Clark for her signature.

And we anticipate making discovery productions within

the next couple of weeks.

To give the Court a high-level overview on what

that discovery will consist of, our first production,

which we anticipate releasing around the week of June

3rd, will include materials such as warrant affidavits,

subpoena and voluntary production returns, open-source

materials and materials from the arrests.  And then we

will then make rolling productions of the remaining

discovery.  There is a substantial amount of ESI that

was seized in this case.  The first batch of ESI will

consist of Google drive accounts that were seized from

each of the defendants.  Those were seized before we

arrested the defendants, and those will be among the

first batches of ESI that will go out.  Then on the day

of the arrest, we also seized a substantial number of

electronic devices.  We've been able to access just a

handful of them, approximately three, as of today; and

we have, I think, approximately 19 that we have not yet

been able to access.  We've discussed a schedule with

defense counsel on when we will produce those materials.

It will depend on, of course, our ability to access

them, take images, go through a privilege review and

then produce the materials.

So with that schedule, we have a status conference set before Judge Clarke on August 19 at 11 a.m.; and at that time, it is the Government's hope that we will be able to set a schedule for pretrial motions and potentially a trial date.

THE COURT: You've discussed the fact that there's a voluminous amount, it sounds like, of ESI; and then there's these additional devices, many of which -- the lion's share of which you have not even been able to access yet. So perhaps you cannot answer this question, but do you have any sense of when you might be able to complete discovery, or is this truly something that you need to get deeper into it first before you can even do that kind of approximation?

MS. BHASKARAN: Yeah. I think anything I would say right now would be rather tentative. I can say for the three devices that we are in, we would hope that in the next three or four weeks we could provide at least some images. And once those (indiscernible) privilege screens, we can cross-produce it to the defendants. One of the features of our protective order permits us to cross-produce ESI so that we can get out discovery faster. And then, of course, the Government's

responsive (indiscernible) pursuant to the warrants will

continue, and we will make rolling productions as we

complete those reviews.

THE COURT:  All right, I had received a script

from Judge Clarke of sort of how she likes to handle the

initial pretrial conference, but it seems to me that it

would really be premature to try to pin you down on an

end-of-discovery date and a motions date and the like.

And a lot of her sort of interim dates between now and

trial are really dependent on having that sort of

information, including setting dates for motions.  I

assume defense is in no position to assess what in the

world their motions might be or when they could file

them, given the current state of discovery.  So I

appreciate the fact that at least the protective order

has been resolved.  And it sounds like there will start

to at least be some substantive productions made within

the next few weeks, obviously with the hope that by the

time you are in fact in front of Judge Clarke in August,

hopefully all or most, and if not all, that you will

have a real sense of what the timing is and you can

handle any subsequent dates at that point.

Because this case has been indicted, I do want

to make some admonishments to the Government with

respect to *Brady*.  So I direct the prosecution to comply

with its obligations under *Brady vs. Maryland* and its

progeny to disclose to the defense all information,

whether admissible or not, that is favorable to the

defendant material either to guilt or to punishment and

known to the prosecution.  Possible consequences for

noncompliance may include dismissal of individual

charges or the entire case, exclusion of evidence, and

professional discipline or court sanctions on the

responsible attorneys.  I will enter a written order

following today's conference which will more fully

describe this obligation and the possible consequences

of failing to meet it.  And I direct the prosecution to

review and comply with that order.

Does the prosecution confirm that it

understands its obligations and will fulfill them?

MS. BHASKARAN:  We do, your Honor.

THE COURT:  Thank you.

So we had already talked about the fact that

there is another court date -- next court date that is

scheduled to happen before Judge Clarke on August 19th.

Has she addressed the trial with respect to that date?

MS. BHASKARAN:  No, your Honor.  The Government

now moves to exclude time until August 19, 2024.  We

submit that that exclusion of time would be in the

interest of justice to permit the Government to make

discovery productions, for the defense to review those

productions and consider pretrial motions that they may

want to bring.

THE COURT:  Defense, what is your position with

respect to Mr. Anton Peraire-Bueno on that request?

MR. MARX:  No objection, your Honor.

THE COURT:  And with respect to James?

MS. TREFZ:  No objection, your Honor.

THE COURT:  To both of you, you have an

interest in and a right to have a speedy resolution of

this case.  And that is supposed to happen within a

certain amount of time.  And the clock on that time is

constantly moving unless the Court excludes time,

meaning stops the clock.  And in this situation, I find

that your interest and the public's interest, frankly,

in resolving this sooner rather than later is outweighed

by the need for the Government to start producing what

sounds like a lot of electronic information to your

lawyers, your lawyers to be able to start to go through

it, to review it with you, also having conversations

between your lawyers and the government about potential

ways in which this case might resolve.  And so for that

reason, I find that the interests of justice are best

served by excluding time from the speedy-trial clock.

And so I will exclude it from now until that date of

August 19, 2024, when you will see Judge Clarke at 11

a.m.  Judge Clarke will be your permanent judge on this

case.  If the case were to go to trial, Judge Clarke

will preside over it.  If you were to be found guilty or

plead guilty to this offense, Judge Clarke would be the

one who would preside over your sentencing.

          Government, is there anything else we need to

discuss from your perspective?

          MS. BHASKARAN:  No, your Honor.  Thank you.

          THE COURT:  Is there anything we need to

discuss on behalf of Anton Peraire-Bueno?

          MR. MARX:  No, your Honor.  Thank you.

          THE COURT:  Anything else on behalf of James

Peraire-Bueno?

          MS. TREFZ:  One minor thing, your Honor.  We

hoped that we could get a modification to the date that

James' bond must be secured to match Anton's.  So that

would be an extension of one week.  It's being secured

by the same property, and it has the same hurdles that

Mr. Marx described.

          MS. BHASKARAN:  No objection.

1

2          THE COURT:  I'm certainly willing to grant

3    that.  I don't know that we need to have -- it may be

4    better if you just put in, you know, a two-sentence

5    letter saying that you're making that request and so I

6    can memo-endorse that, it will appear on the docket, as

7    opposed to simply being lost in the shuffle of the

8    transcript.  But certainly that is granted; and when I

9    receive the written request, I will further endorse

10   that, as well.

11         MS. TREFZ:  Perfect.  Thank you, your Honor.

12         THE COURT:  In that -- so nothing else?

13         MS. TREFZ:  Nothing further.

14         THE COURT:  All right, in that case, we will be

15   adjourned.  And good luck to the two of you.

16         (Whereupon, the matter is adjourned.)

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

    I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of USA v. Peraire-Bueno, Docket #24-cr-00293-JGLC All Defendants, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature_____

               Carole Ludwig

Date:   May 28, 2024