```
O8JHPerC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                        24 Cr. 293 (JGLC)

ANTON PERAIRE-BUENO and JAMES
PERAIRE-BUENO,

                                Conference
           Defendants.

------------------------------x

                                New York, N.Y.
                                August 19, 2024
                                11:10 a.m.

Before:

             HON. JESSICA G.L. CLARKE,

                                District Judge

                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:   RUSHMI BHASKARAN
     DANIELLE KUDLA
     Assistant United States Attorneys

FICK & MARX LLP
     Attorneys for Defendant Anton Peraire-Bueno
BY:   DANIEL N. MARX
     WILLIAM FICK

WILLIAMS & CONNOLLY LLP
     Attorneys for Defendant James Peraire-Bueno Anton
Peraire-Bueno
BY:   KATHERINE A. TREFZ
     DANIEL SHANAHAN
     -and-
SHAPIRO ARATO BACH LLP
BY:   JONATHAN BACH

1            THE COURT:  We are here in United
2   States v. Peraire-Bueno.  Counsel, please state your name for
3   the record, starting with the government.
4            MS. BHASKARAN:  Good morning, your Honor.  Rushmi
5   Bhaskaran and Danielle Kudla, for the government.
6            THE COURT:  Good morning.
7            MR. MARX:  Good morning, your Honor.  Daniel Marx, for
8   Anton Peraire-Bueno, who's here in the courtroom.
9            MR. SHANAHAN:  William Fick, also for Anton
10  Peraire-Bueno.
11           THE COURT:  Good morning.
12           MS. TREFZ:  Good morning, your Honor.  Katie Trefz
13  from Williams & Connolly, on behalf of James Peraire-Bueno, who
14  is here.
15           MR. BACH:  Jonathan Bach, Shapiro Arato Bach, also for
16  James.
17           MS. TREFZ:  And Daniel Shanahan from Williams &
18  Connolly is also here.
19           THE COURT:  Good morning.
20           All right.  Anton and James, I am Judge Clarke, the
21  United States district judge assigned to your case.  We are
22  here to get an update on where things stand and to set some
23  deadlines.  We are also here for what is called a *Curcio*
24  hearing with respect to counsel for James, which I will explain
25  in more detail in a moment.

1      But, counsel, is there anything else for us to discuss
2 today?
3      MS. BHASKARAN:  Not from the government, your Honor.
4      MR. MARX:  No, your Honor.
5      MS. TREFZ:  No, your Honor.
6      THE COURT:  All right.  Ms. Trefz, do you have
7 conflict counsel here by chance?
8      MS. TREFZ:  By "conflict counsel," do you mean
9 independent counsel for James?
10      THE COURT:  Yes.
11      MS. TREFZ:  Yes, Jonathan Bach.
12      THE COURT:  Thank you.
13      I'm going to start with the *Curcio* hearing, and then
14 we'll get into the schedule after that.
15      Ms. Trefz, did you explain to your client the purpose
16 of this hearing?
17      MS. TREFZ:  Yes.
18      THE COURT:  All right.  Mr. Peraire-Bueno, you may
19 remain seated.  I'm going to explain the purpose of a *Curcio*
20 hearing first and then ask you a bunch of questions, which you
21 are fine to stay seated for.
22      So we are here to make sure that you understand the
23 potential risks to you for having your current counsel from
24 Williams & Connolly serve as your attorneys in light of the
25 fact that Anton contributed to your retainer with Williams &

Connolly.

You have a right to be represented by counsel who is free of any conflicts of interest that might adversely affect their ability to represent you. A potential conflict can arise when someone other than a client is paying for or paid for that client's attorney. That is particularly true here where that attorney is being paid in part by a codefendant. If an attorney is paid by someone other than the attorney's client, it could create an issue of whether that attorney's loyalties are with the client or with the person paying the attorney's fees. We're here today to address potential conflicts that arise in such a circumstance.

In addition to the right to conflict-free representation, you also have a right to counsel of choice. Because of that, I will permit representation by your chosen counsel, even where there exists a potential or actual conflict of interest, if I can ensure that you are fully informed of the conflict and that you are knowingly and voluntarily waiving your right to conflict-free representation.

So, again, the purpose of today's hearing is to ask you questions to make sure you understand your rights and the risks associated with your lawyer's potential conflicts. I will ask at the end if you want to continue being represented by your current counsel and whether you waive your right to conflict-free representation.

1          Ms. Tran, please administer the oath to James
2    Peraire-Bueno.
3          (Defendant sworn)
4          THE DEPUTY CLERK:  Please state your full name for the
5    record, spelling out your last name slowly.
6          DEFENDANT J. PERAIRE-BUENO:  James Peraire-Bueno,
7    P-e-r-a-i-r-e-B-u-e-n-o.
8          THE DEPUTY CLERK:  Thank you.  Please be seated.
9          THE COURT:  Mr. Peraire-Bueno, you are now under oath,
10   which means if you answer any of my questions falsely, your
11   answers to my questions may be used against you in another
12   prosecution for perjury.
13          Do you understand?
14          DEFENDANT J. PERAIRE-BUENO:  I do.
15          THE COURT:  What is your full name?
16          DEFENDANT J. PERAIRE-BUENO:  James Peraire-Bueno.
17          THE COURT:  How old are you?
18          DEFENDANT J. PERAIRE-BUENO:  28.
19          THE COURT:  How far did you go in school?
20          DEFENDANT J. PERAIRE-BUENO:  Master's degree and start
21   of post-master's.
22          THE COURT:  Do you currently consult a doctor or
23   mental health professional for any condition?
24          DEFENDANT J. PERAIRE-BUENO:  No.
25          THE COURT:  Have you taken any drugs, medicine, or

1   pills or consumed any alcoholic beverages in the past two days?
2           DEFENDANT J. PERAIRE-BUENO:  I don't think so.
3           THE COURT:  Is your mind clear today?
4           DEFENDANT J. PERAIRE-BUENO:  Yes.
5           THE COURT:  Do you understand what is happening today?
6           DEFENDANT J. PERAIRE-BUENO:  I do.
7           THE COURT:  Any counsel have any doubts as to the
8   defendant's competence at this time?
9           MS. BHASKARAN:  Not from the government.
10          MS. TREFZ:  No, your Honor.
11          THE COURT:  On the basis of Mr. Peraire-Bueno's
12  responses to my questions, my observations of his demeanor here
13  in court, and the representations of counsel, I find that he's
14  fully competent to participate in the proceeding today.
15          Mr. Peraire-Bueno, are you currently represented by
16  Katherine Trefz —— thank you —— and Daniel Shanahan of
17  Williams & Connolly LLP?
18          DEFENDANT J. PERAIRE-BUENO:  Yes, your Honor.
19          THE COURT:  I'm going to refer to those lawyers as
20  Williams & Connolly.
21          Are you also represented by Jonathan Bach of Shapiro
22  Arato Bach?
23          DEFENDANT J. PERAIRE-BUENO:  Yes.
24          THE COURT:  Approximately how long has Williams &
25  Connolly represented you?

```
 1              DEFENDANT J. PERAIRE-BUENO:  Since May in connection
 2   with the indictment and for about a year before that.
 3              THE COURT:  May of 2024?
 4              DEFENDANT J. PERAIRE-BUENO:  Oh.
 5              THE COURT:  Or 2023?
 6              DEFENDANT J. PERAIRE-BUENO:  May 2024 with the
 7   indictment.
 8              THE COURT:  Have you been satisfied with Williams &
 9   Connolly's and Mr. Bach's representation to date?
10              DEFENDANT J. PERAIRE-BUENO:  Yes.
11              THE COURT:  Do you wish to continue to be represented
12   by Williams & Connolly and Mr. Bach?
13              DEFENDANT J. PERAIRE-BUENO:  Yes.
14              THE COURT:  Have you personally paid Williams &
15   Connolly and Mr. Bach for their services in this case?
16              DEFENDANT J. PERAIRE-BUENO:  Yes.
17              THE COURT:  Do you know if anyone else has paid
18   Williams & Connolly or Mr. Bach for their services in
19   representing you?
20              DEFENDANT J. PERAIRE-BUENO:  I understand that nobody
21   else has paid Mr. Bach for his services, and I understand that
22   my brother, Anton, has contributed to the retainer for
23   Williams & Connolly's services.
24              THE COURT:  Do you understand that you are entitled to
25   be represented by an attorney whose loyalty to you is undivided
```

1   and who is not subject to any force or consideration that might
2   interfere with that loyalty?
3              DEFENDANT J. PERAIRE-BUENO:  I understand.
4              THE COURT:  Is your choice to be represented by
5   Williams & Connolly a choice you have made freely and
6   voluntarily, without any promises, threats, or inducements
7   being made or offered to you?
8              DEFENDANT J. PERAIRE-BUENO:  Yes.
9              THE COURT:  Do you understand that whenever someone
10  other than the defendant is paying lawyers who are representing
11  that defendant, it is possible that whoever is paying may have
12  interests different than the defendant's interests?
13             DEFENDANT J. PERAIRE-BUENO:  I understand.
14             THE COURT:  Do you understand that a lawyer's judgment
15  may be influenced by the wishes of whoever is paying their
16  bills or what the lawyers think are the wishes of whoever is
17  paying their bills rather than the wishes of the defendant?
18             DEFENDANT J. PERAIRE-BUENO:  I understand.
19             THE COURT:  So it is possible in this case that your
20  counsel at Williams & Connolly may be influenced in the advice
21  they give you and in the way they defend you by what they are
22  told are the wishes of or what they think are the wishes of the
23  people who are paying their bills.  Those wishes may be
24  different from yours.
25             Do you understand that?

1           DEFENDANT J. PERAIRE-BUENO:  Yes.
2           THE COURT:  Do you understand that this situation,
3   that is, Williams & Connolly being paid by someone other than
4   you, creates a risk to you that your lawyers may not be acting
5   solely in your interests?
6           DEFENDANT J. PERAIRE-BUENO:  I understand.
7           THE COURT:  Do you understand that, particularly in
8   this case when Williams & Connolly is being paid by funds
9   provided by your codefendant, that this creates a heightened
10  risk that your lawyers may not be acting solely in your
11  interest?
12          DEFENDANT J. PERAIRE-BUENO:  I understand.
13          THE COURT:  For example, the payment of fees by your
14  codefendant could influence Williams & Connolly to recommend
15  that you avoid taking a step that would be contrary to your
16  codefendant's interests.
17          Do you understand that?
18          DEFENDANT J. PERAIRE-BUENO:  I understand.
19          THE COURT:  Do you understand that you have the right
20  to object to continued representation by Williams & Connolly
21  based on the existence of a pretrial conflict of interest?
22          DEFENDANT J. PERAIRE-BUENO:  Yes, your Honor.
23          THE COURT:  It is important that you understand that
24  no one, including the Court, can predict with any certainty the
25  course that this case will take and that no one, including the

1  Court, can foresee all the ways in which you may be
2  disadvantaged by proceeding with Williams & Connolly.
3      Do you understand that?
4      DEFENDANT J. PERAIRE-BUENO:  I understand.
5      THE COURT:  Do you understand that it is the view of
6  this Court that there are risks in proceeding with an attorney
7  who has a potential conflict of interest of this kind?
8      DEFENDANT J. PERAIRE-BUENO:  Yes.
9      THE COURT:  Do you agree that if the Court permits you
10 to proceed with Williams & Connolly, in the event you are
11 convicted, you will not be permitted to make any arguments on
12 appeal or otherwise based on the representation by Williams &
13 Connolly and the potential conflict we have discussed?
14     DEFENDANT J. PERAIRE-BUENO:  Yes.
15     THE COURT:  Do you agree to waive and give up any
16 argument of that kind?
17     DEFENDANT J. PERAIRE-BUENO:  I agree.
18     THE COURT:  All right.  To make sure that you've
19 understood what we've been discussing, please describe in your
20 own words your understanding of the conflict or conflicts of
21 interest that may arise in this case.
22     DEFENDANT J. PERAIRE-BUENO:  I understand that because
23 my brother Anton is, in part, contributing to the retainer at
24 Williams & Connolly that his interests may influence their
25 representation of me in this case.

1          THE COURT:  All right.  Have you consulted a lawyer
2     other than Williams & Connolly to determine whether you want
3     them to continue representing you?
4          DEFENDANT J. PERAIRE-BUENO:  Yes, I have consulted
5     with Jonathan Bach.
6          THE COURT:  With Mr. Bach?
7          DEFENDANT J. PERAIRE-BUENO:  With Mr. Bach, yes.
8          THE COURT:  I just want to confirm with all counsel
9     that we agree that Mr. Bach can serve as other counsel to
10    confer with respect to this conflict.
11         MS. BHASKARAN:  Your Honor, we agree with that
12    assessment.
13         THE COURT:  All right.  Mr. Peraire-Bueno, you met
14    with Mr. Bach before today?
15         DEFENDANT J. PERAIRE-BUENO:  I did.
16         THE COURT:  In a brief moment, we are going to take a
17    very brief recess so I can give you an opportunity to think
18    about what you've been told.  Instead of a brief recess, you
19    also have the option of just adjourning today's proceeding
20    altogether so you can give more thought to this matter.
21         Would you like to adjourn today's conference
22    altogether, or we will take a very brief recess to give you
23    additional time to think about this?
24         DEFENDANT J. PERAIRE-BUENO:  There's no need to
25    adjourn the proceedings.  I've already spoken to Mr. Bach, and

1 I've already thought about these issues.

2 THE COURT: I am still, just out of an abundance of
3 caution, going to take a very brief recess, and I will be back
4 momentarily.

5 DEFENDANT J. PERAIRE-BUENO: Yeah.

6 (Recess)

7 THE COURT: We are back on the record.

8 Mr. Peraire-Bueno, after considering all that the
9 Court has said about the ways in which having third parties
10 and, in particular, your codefendant, paying your legal fees
11 may adversely affect your defense, do you believe that it is in
12 your best interest to continue being represented by Williams &
13 Connolly.

14 DEFENDANT J. PERAIRE-BUENO: Yes, I have full
15 confidence in their representation.

16 THE COURT: Is there anything that the Court has said
17 that you wish to have explained further?

18 DEFENDANT J. PERAIRE-BUENO: No.

19 THE COURT: Do you understand that by choosing to be
20 represented by Williams & Connolly, you are waiving your right
21 to be represented by an attorney who has no conflict of
22 interest?

23 DEFENDANT J. PERAIRE-BUENO: I do, your Honor.

24 THE COURT: Have you received any inducement or
25 promise that may have influenced your decision?

1        DEFENDANT J. PERAIRE-BUENO:  No.
2        THE COURT:  Have you been threatened in any way
3   concerning your decision today?
4        DEFENDANT J. PERAIRE-BUENO:  I have not.
5        THE COURT:  Are you knowingly and voluntarily waiving
6   your right to conflict-free representation?
7        DEFENDANT J. PERAIRE-BUENO:  I am.
8        THE COURT:  Do you agree to waive any post-conviction
9   argument on appeal or otherwise that, by virtue of having a
10  third party pay your legal fees, you were denied effective
11  assistance of counsel?
12       DEFENDANT J. PERAIRE-BUENO:  I do, your Honor.
13       THE COURT:  Counsel, are there any additional
14  questions you would like me to pose?
15       MS. BHASKARAN:  Not from the government.
16       MS. TREFZ:  No, your Honor.
17       THE COURT:  All right.  Based on Mr. Peraire-Bueno's
18  responses to my questions, I find that he understands the
19  potential conflict in connection with continuing to be
20  represented by Williams & Connolly.  I further find that he has
21  knowingly and voluntarily waived his rights with respect to
22  potential conflicts.  Accordingly, Williams & Connolly is
23  permitted to continue their representation in this action.
24       MS. TREFZ:  Thank you, your Honor.
25       THE COURT:  Now let's turn to where we are in

1 discovery and set some deadlines.

2 I reviewed the transcript of the initial pretrial
3 conference before Judge Willis. I understand that there's a
4 substantial amount of ESI here. Where is the government with
5 respect to producing documents?

6 MS. BHASKARAN: Your Honor, the government has
7 substantially completed its production of Rule 16 materials
8 that are currently in the government's possession. Just one
9 kind of footnote to that point. There are several devices that
10 were seized at the time of the arrest. We have not been able
11 to get into those devices, so I do not consider those as part
12 of the materials within our possession.

13 What we do possess we have substantially produced to
14 the defendants. The government is continuing its
15 responsiveness review pursuant to the search warrants in that
16 case, and that review is ongoing. However, the defendants each
17 have copies of their own ESI.

18 Unless there's specific questions from the Court on
19 discovery, I can report that the parties conferred prior to
20 this conference on a proposed schedule going forward.

21 THE COURT: I'll hear from you on that.

22 MS. BHASKARAN: So subject to the Court's approval,
23 the parties would propose that the defendants' pretrial motions
24 would be due on or about December 6 of this year; the
25 government's response would be due on January 17, 2025; and the

1   defendants' reply, if any, would be due two weeks after
2   January 17.  There's some holidays around there, but sometime
3   early February.
4            MS. TREFZ:  I believe it was — January 31 is two
5   weeks.
6            THE COURT:  Thank you.
7            All right.  Did you all also discuss a potential trial
8   date?
9            MS. BHASKARAN:  We did, your Honor.  We would propose
10  a trial date in mid-October.  It's the government's current
11  estimate that its case-in-chief would be about two weeks.
12           THE COURT:  How is October 14?  The 13th is Columbus
13  Day, so we would start on that Tuesday.
14           Any objection to that date, Ms. Bhaskaran?
15           MS. BHASKARAN:  Not from the government.
16           THE COURT:  Mr. Marx?
17           MR. MARX:  No, your Honor.
18           THE COURT:  Ms. Trefz?
19           MS. TREFZ:  No.
20           THE COURT:  I'll set the final pretrial conference
21  date in a separate order along with — unless you all know of
22  any bad dates at this point, I intend to just set it in an
23  order following this conference along with the other pretrial
24  dates that are required in my individual rules.  So I will just
25  put that together in a scheduling order and issue that.  Then

1  if there are any major conflicts, you can always request an
2  adjournment of that final pretrial conference date, and we can
3  look for a better time if the date and time I set doesn't work.
4           Does that work for everyone?
5           Any objection to that, Ms. Bhaskaran?
6           MS. BHASKARAN:  Not for the government.
7           THE COURT:  Mr. Marx?
8           MR. MARX:  No, your Honor.
9           THE COURT:  Ms. Trefz?
10          MS. TREFZ:  No, your Honor.  If there are particular
11 things that you'd like the parties to confer on with respect to
12 those pretrial dates, then we're happy to do so.
13          The one thing I wanted to just note is that we
14 anticipate this to be a case where there are likely to be
15 complex motions, including complex motions *in limine*.  That may
16 be apparent to your Honor from the nature of the case.  And so
17 if it helps to have the parties confer over earlier deadlines,
18 or something like that, to help the Court, we're happy to do
19 so.
20          THE COURT:  Thank you.  I will consider that and
21 potentially propose that in the order.
22          All right.  Do the parties anticipate experts here,
23 Ms. Bhaskaran?
24          MS. BHASKARAN:  Yes, your Honor.
25          THE COURT:  I see counsel for defendants nodding, so

1  I'm going to set the expert disclosure dates based on the
2  standard that I typically set, which is that any expert
3  disclosures from the government will be due 60 days before
4  trial and any expert disclosures from the defense will be due
5  30 days before trial.  To the extent that the parties think
6  that this case warrants different deadlines, you all can confer
7  and submit different dates by letter motion or at the next
8  conference.
9             All right.  I know that Judge Willis went through 5(f)
10 obligations and warned the government about its *Brady*
11 obligations at the last conference with both defendants
12 present, so I will not reiterate that.  But I don't believe a
13 Rule 5(f) order has been issued on the docket yet, so I will do
14 so after today's conference.
15            Is there anything else other than speedy trial for us
16 to discuss, Ms. Bhaskaran?
17            MS. BHASKARAN:  Not from the government.
18            THE COURT:  Mr. Marx?
19            MR. MARX:  No, your Honor.
20            THE COURT:  Ms. Trefz?
21            MS. TREFZ:  No, your Honor.
22            THE COURT:  Does the government wish to make an
23 application with respect to speedy trial?
24            MS. BHASKARAN:  Yes, your Honor.  The government moves
25 to exclude time between now and October 4, 2025.  The

18
O8JHPerC

1  government submits that that exclusion will permit the defense
2  to continue to review the discovery, prepare pretrial motions,
3  and prepare for trial.
4          THE COURT:  Did you mean the 14th?
5          MS. BHASKARAN:  Sorry, yes, October 14, 2025.
6          THE COURT:  All right.  Any objection?
7          MR. MARX:  No, your Honor.
8          MS. TREFZ:  No, your Honor.
9          THE COURT:  All right.  I will exclude time under the
10 Speedy Trial Act from today's date until October 14, 2025.  I
11 find — I think my mic just went down, but hopefully you can
12 all hear me.
13         I find that the ends of justice served by excluding
14 such time outweigh the interests of the public and the
15 defendants in a speedy trial because it will permit the defense
16 to review discovery, bring any motions, and will give us a
17 chance to have a hearing, if a hearing is necessary, and will
18 give everyone an opportunity to prepare for trial.
19         All right.  We are adjourned.  Thank you.
20         (Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300