IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>ANTON PERAIRE-BUENO, and JAMES PERAIRE-BUENO,<br><br>   Defendants. | Case No.: 1:24-cr-00293-JGLC<br><br>[FILED PARTIALLY UNDER SEAL] |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR A BILL OF PARTICULARS RE: THE IDENTIFICATION OF THE VICTIMS**

The Indictment alleges that Defendants Anton and James Peraire-Bueno "targeted three Victim Traders," whom it names "Victim Trader-1," "Victim Trader-2," and "Victim-Trader-3" and describes as "searchers who operate MEV Bots that specialize in cryptocurrency arbitrage trading." Indict. ¶ 22; *see also id.* ¶ 17 (calling "MEV Bots" the "Victim Traders"). But the Indictment does not indicate the actual identity of those alleged victims and discovery also does not provide insight into the identity of two of the three alleged victims.

Pursuant to Federal Rule of Criminal Procedure 7(f), the Peraire-Buenos request a Bill of Particulars identifying Victim Trader-1, Victim Trader-2, and Victim Trader-3.[1] As discussed in more detail below, particulars are necessary for the Peraire-Buenos to prepare for trial.

---

[1]   The government has declined to provide this information. *See* Declaration Katherine Trefz ¶ 3.

1

I.  **A BILL OF PARTICULARS IS WARRANTED WHEN NECESSARY FOR DEFENDANTS TO PREPARE FOR TRIAL.**

Federal Rule of Criminal Procedure 7(f) provides that the Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). Whether a bill of particulars is appropriate is left to the "very broad discretion" of the trial court. *Will v. United States*, 389 U.S. 90, 99 (1967). "A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007) (internal quotation marks and alterations omitted). A bill of particulars "may contain facts not alleged in the indictment," *id.*, but "[i]f the information the defendant seeks 'is provided in the indictment or in some acceptable alternate form,' such as discovery or other correspondence, no bill of particulars is required," *United States v. Brumaire*, 2018 WL 5817540, at *1 (S.D.N.Y. Oct. 19, 2018) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987)).

Although a bill of particulars should not be used to require the prosecution to "particularize all of its evidence," *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), courts often order the government to provide particulars identifying the alleged victims so that the defendant can adequately prepare for trial. For example, in *Davidoff*, 845 F.2d at 1154, the Second Circuit held that the trial court had abused its discretion in denying the defendant's request for a bill of particulars identifying the victims of the discrete extortionate schemes that the prosecution intended to prove. In *United States v. Solnin*, 81 F. Supp. 3d 193, 209 (E.D.N.Y. 2015), the court ordered the government to identify the "John Doe" victims of an alleged mail fraud scheme in which the defendant had allegedly defrauded unidentified advertising and marketing agencies. *See also, e.g.*, *United States v. Raymond*, 2023 WL 6294178, at *4-6 (D.D.C. Sept. 27, 2023) (requiring disclosure of alleged victim names); *United States v. Zandstra*, 2000 WL 1368050, at *6 (S.D.N.Y.

2

Sept. 20, 2000) (requiring government to provide the names of the alleged victims of an alleged mail fraud scheme); *United States v. Johnson*, 21 F. Supp. 2d 329, 340 (S.D.N.Y. 1998) (ordering bill of particulars identifying alleged victims of alleged extortion scheme).

## II. THE IDENTITIES OF THE ALLEGED VICTIM TRADERS ARE NECESSARY TO PREPARE THE DEFENSES.

This request for particulars fits neatly within the typical bounds and use of such a bill—the alleged victims are not disclosed in the Indictment or the discovery and disclosure of their identities is necessary for the Peraire-Buenos to adequately prepare their defenses.

First, neither the Indictment nor the discovery or correspondence contain this information. The Indictment does not identify the alleged Victim Traders other than to describe them as "searchers who operate MEV Bots that specialize in cryptocurrency arbitrage trading." Indict. ¶ 22; *see also id.* ¶ 17. It does not clearly indicate whether the alleged victims are individuals, corporate entities, or computer programs (bots). The discovery produced to date indicates that ▮ ▮ ▮ ▮ But there is no information in the discovery produced to date regarding the identities of the other two alleged Victim Traders; at best, the discovery suggests that the other two alleged victims operated under pseudonyms. And this is not a case where the defendants are already aware of the identities of the alleged victims: documents produced in discovery show that, prior to the Indictment, the alleged victims—including the foreign company who later sought the intervention of the United States government—repeatedly refused to identify themselves, even when demanding the payment of money. *See* Trefz Decl., Ex. 6.

Second, identification of the alleged Victim Traders is necessary for the Peraire-Buenos to adequately prepare their defenses. Without knowledge of the identities of the alleged victims, the

3

Peraire-Buenos cannot issue subpoenas pursuant to Federal Rule of Criminal Procedure 17, or even determine whether subpoenas could be issued or the steps they would have to take to issue them. For example, if the alleged victims are foreign citizens or entities, as opposed to United States citizens, the hurdles to compelling process—a right enshrined in the Sixth Amendment—may be significant, and even the prosecution team may not have a means to compel full information from them. *See* Fed. R. Crim. P. 17(e); 28 U.S.C. § 1783; U.S. Const. amend. VI. Subpoenas for documents, including those requiring pretrial return, are likely to be necessary here given the complexity of the alleged trading environment and the centrality of computer code to the Indictment's allegations. *See, e.g.*, Indict. ¶ 24 (alleging coded conditions to alleged victims' requested trades).

Additionally, the identification of the alleged victims is necessary to determine whether there are victim-specific defenses or explanations for the allegations leveled in the Indictment, as well as what overall defenses may be available.[2] For example, the Indictment indicates that the defendants allegedly committed fraud in part by acting in contravention of the "rules and protocols" of a "decentralized network of participants"; victim-specific information may be relevant to defining those "rules and protocols" or to determining how they were "executed" here. *E.g.*, Indict. ¶¶ 7-8, 24. Moreover, it is currently unclear how the government is conceptualizing the alleged victims—i.e., whether the government's theory is that the alleged victims are persons (human or corporate) or that the alleged victims are robots, algorithms, or smart contracts—which may impact the potential factual and legal defenses available to the Peraire-Buenos.

---

[2]    As discussed in their concurrently-filed Motion to Compel Production of *Brady* Material, if the alleged victims are sanctioned entities, associated with criminal enterprises, foreign companies, or engaged in potentially criminal behavior, or if the government cannot identify the alleged victims, such facts could implicate other disclosure obligations, such as under *Brady*.

To be clear, this is not a demand that the government particularize its evidence or witnesses on a schedule other than the Court-ordered pretrial schedule. The request here is simply that the government identify the three alleged "Victim Traders" listed in the Indictment so that the Peraire-Buenos can adequately prepare their defenses to the Indictment's charges. There is no good reason for the government to decline to do so. Accordingly, the Peraire-Buenos respectfully request the Court order the government to identify Victim Trader-1, Victim Trader-2, and Victim Trader-3.

Date: December 6, 2024

Respectfully submitted,

By: /s/ Katherine Trefz

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice pending*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant
James Peraire-Bueno*

By: /s/ Daniel N. Marx

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor

Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

*/s/ Katherine Trefz*
Katherine Trefz