# EXHIBIT 1

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 16, 2024

<u>VIA E-MAIL</u>

Danielle Kudla
Rushmi Bhaskaran
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

    Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Counsel:

On behalf of James and Anton Peraire-Bueno, we write regarding discovery in this matter. We request a further conferral regarding the timing of the government's disclosures in this case so that we may consider an appropriate potential schedule for the case. *See* Dkt. No. 9.

In the paragraphs that follow, we set out Messrs. Peraire-Bueno's initial discovery requests, which they make pursuant to Federal Rule of Criminal Procedure 16(a), the May 15, 2024 order in this case (Dkt. No. 9), the Fifth and Sixth Amendments to the United States Constitution, and *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

All of Messrs. Peraire-Bueno's requests encompass materials[1] and information that are within the possession, custody, or control of, or that have been reviewed by:

---

[1] In this letter, the word "materials" means "books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items," whether in electronic or any other form, as set forth in Fed. R. Crim. P. 16(a)(1). A draft or non-identical copy is considered a separate document within the meaning of this term. The term "materials" also encompasses all information, material, and data that is within the scope of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, and includes data comprised of audio and visual recordings in any format and translations of native-language materials as well as the native-language materials themselves.

**WILLIAMS & CONNOLLY**LLP®
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 2

- the entities identified on page 2 of the Court's May 15, 2024 order (Dkt. No. 9) as falling within the government's "affirmative obligation to seek" information;

- the U.S. Attorney's Office for the Southern District of New York;

- the U.S. Department of Justice (including the Criminal Division's Fraud Section or Money Laundering and Asset Recovery Section);

- any "filter attorney" or "filter team" used by the prosecution;

- the Federal Bureau of Investigation;

- any other federal, state, or local agency allied with the prosecution or involved in any way in investigating the activities alleged in the complaint or indictment (including by making its files available to investigating agents), including all related conduct; and

- any person or entity with the legal obligation to cooperate with the prosecution, such as cooperating witnesses who have entered into an agreement to cooperate with the prosecution in exchange for more favorable treatment that they otherwise would receive.

As used in this letter, the words "government," "prosecution," "you," and "your" include your office and the above-referenced agencies and persons.

a. **Rule 16(a)(1) Requests.** Messrs. Peraire-Bueno request that the United States promptly produce materials pursuant to Rule 16(a)(1)(A), (B), (D), (E), and (F) of the Federal Rules of Criminal Procedure, to the extent those materials were not included in the government's June 7 and July 3, 2024 productions. We note that much of the information identified below is subject to production pursuant to Rule 16(a)(1)(E)(i), in addition to other authorities.

b. **Expert disclosures.** Messrs. Peraire-Bueno do not presently seek expert disclosures from the government pursuant to Rule 16(a)(1)(G), although they reserve the right to do so in the future. Unless and until Messrs. Peraire-Bueno makes such a request and the government complies, the government is not entitled to reciprocal discovery under Rule 16(b)(1)(C).

c. **Materials Obtained from Parties, Witnesses, and Others.** Please provide all materials that the government has obtained from any party or non-party in connection with the investigation or prosecution of this matter (or any related matter), including all materials produced in response to subpoenas (including grand jury subpoenas, administrative subpoenas, and litigation subpoenas), all materials seized pursuant to

**WILLIAMS & CONNOLLY**LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 3

| | |
|---|---|
| | search warrants, and all materials voluntarily produced to the government by any person or organization. |
| d. | **Interview Memoranda and Notes.**  Please provide all government interview memoranda (such as any FBI Form FD-302, Memorandum of Interview, Report of Interview, and other similar documents) and interview notes prepared in connection with the investigation or prosecution of this matter (or any related matter).  Please include the 1A files and any other documents used in the interviews. |
| e. | **Grand Jury Transcripts.**  Please provide transcripts of all grand jury testimony given in connection with the investigation or prosecution of this matter (or any related matter), as well as grand jury exhibits. |
| f. | **Communications with Witnesses and Counsel.**  Please provide all communications between the government and any witness (or counsel for any witness), including any notes, reports, memoranda, emails or other documents summarizing any such communications, as well as subpoenas served on potential witnesses. |
| g. | **Witness Interview and Statement Information.**  Please provide the date, time, duration, format, substance, and participants of each interview, debriefing, proffer, deposition, or other statement or description of the alleged facts made by each potential government witness (whether directly or indirectly, such as a proffer made by counsel).  In addition, please specify, as to each such witness, the first date on which the witness made any allegation that Messrs. Peraire-Bueno engaged in any allegedly unlawful conduct. |
| h. | **Potentially Privileged Materials.**  Please let us know whether the government has obtained any potentially privileged materials from third parties.  If so, please advise whether any such materials are being withheld from the materials produced to Messrs. Peraire-Bueno, and please provide the contact information for any filter attorneys used by the government in connection with this matter (or any related matter). |
| | 1. Please produce unredacted versions of USAO_00014587-00014843 or, if the documents have been redacted pursuant to a purported privilege, a log identifying the bases for redaction.  The face of the document makes clear that attorney-client privilege would not be an appropriate basis for redaction. |
| i. | **Rule 404(b) Disclosure.**  Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), please disclose any evidence of crimes, wrongs, or other acts upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident.  Please also describe "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." |

**WILLIAMS & CONNOLLY**LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 4

    j.    **Trial Evidence.**  Please specifically identify all materials, tangible objects, or copies or portions thereof that the government intends to use as evidence at trial.  These materials should be distinguished from among the materials produced pursuant to Messrs. Peraire-Bueno's Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Messrs. Peraire-Bueno an opportunity to move to suppress any evidence the prosecution intends to use in its case in chief.  *See* Fed. R. Crim. P. 12(b)(3).

    k.    **Rule 1006 Materials.**  Pursuant to Federal Rule of Evidence 1006, please advise whether the prosecution will seek to offer any chart, summary, or calculations into evidence and, if so, (1) produce all such charts, summaries, and calculations, and (2) make available for inspection and copying all writings, recordings, or other information on which such charts, summaries, or calculations are based.

    l.    **Potential Suppression Issues.**  As a predicate to potential motions pursuant to Federal Rule of Criminal Procedure 12, please produce or confirm the government has produced and identify by Bates range for:

        1. a written description of all searches and seizures, including a description of the legal basis for the search or seizure;

        2. a copy of any search warrant (with supporting application, affidavit, and return) and a written description of any consent search or warrantless search (including an inventory of items seized);

        3. all documents and information concerning any purported consent to a search or seizure;

        4. the documents in the government's possession, custody, or control obtained by a search and seizure;

        5. any materials or information in the government's possession, custody, or control that were obtained through in-person, electronic, or mechanical surveillance, including without limitation wiretaps, body wires, pen registers, and/or surveillance of telephone calls; and

        6. any evidence in the government's possession, custody, or control that was obtained through the use of a tracking device.

    m.    **Surveillance Materials.**  In connection with any recordings, wiretaps, or other surveillance of any defendant during the investigation of the allegations of the indictment or any related allegations, including without limitation any consensual interception or monitoring, please provide:

**WILLIAMS & CONNOLLY**LLP®
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 5

    1. the names and addresses of all such persons whose personal or business telephones the government tapped or monitored, or whose conversations or actions the government monitored by other means without the person's knowledge;

    2. a written description of all such surveillance, including the date(s) and time(s) of the surveillance

    3. transcripts or other records of the statements or conversations monitored;

    4. the original audio and video recordings created during such surveillance;

    5. photographs created during such surveillance;

    6. the procedures used to conduct such surveillance; and

    7. the authority under which such surveillance was conducted.

n. **Unindicted Coconspirators.** As to each conspiracy charged in the Indictment, please provide the name of any person asserted to be a known unindicted coconspirator.

o. **Title III Materials.** Pursuant to 18 U.S.C. § 2518, please disclose any evidence obtained through the interception of wire, oral, or electronic communication that the government intends to admit or reference at trial or in any other proceeding, along with a copy of the court order and accompanying application under which the interception was authorized or approved.

p. ***Brady*, *Giglio*, and Rule 16(a)(1)(E)(i) Materials.** Messrs. Peraire-Bueno provide the following specific, non-exhaustive examples of material that is subject to production pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Brady* and its progeny, the Court's May 15, 2024 Order (Dkt. No. 9), and Rule 16(a)(1)(E)(i). The government's *Brady* obligation is not limited to documents, but extends to information in any form, including undocumented oral information. *See, e.g.*, *Giglio v. United States*, 405 U.S. 150, 152-55 (1972); *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form."). The Court's May 15, 2024 Order requires disclosure of such information "promptly after its existence becomes known to the Government." Dkt. No. 9 at 1; *see also* Federal Judicial Center, Benchbook for U.S. District Court Judges (6th ed. 2013) at § 5.06(A)(3) (*Brady* material "should be disclosed to the defendant as soon as reasonably possible after its existence is recognized."). Without limitation, Messrs. Peraire-Bueno specifically request:

    1. All documents relied upon or referenced, directly or indirectly, in the Indictment.

**WILLIAMS & CONNOLLY**LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 6

2. All materials and information relating to the standards, requirements, specifications, policies, procedures, or processes (collectively, "requirements") governing trades on any relevant exchange on the Ethereum blockchain at any time from September 2022 to the present, including the sources of, publication of, and changes to the requirements governing such trades, as well as the lack of any such requirements.

3. All materials and information relating to the standards, requirements, specifications, policies, procedures, or processes (collectively, "requirements") governing an Ethereum validator's role at any time from September 2022 to the present, including the sources of, publication of, and changes to the requirements governing such trades, as well as the lack of any such requirements.

4. All materials and information relating to the standards, requirements, specifications, policies, procedures, or processes (collectively, "requirements") governing an Ethereum validator's use of the Flashbots MEV-Boost protocol any time from September 2022 to the present, including the sources of, publication of, and changes to the requirements governing such trades, as well as the lack of any such requirements.

5. All materials and information potentially indicating or tending to show that Ethereum blockchain proposers are not legally obligated or required to submit transactions to the Ethereum blockchain in a specific order.

6. All materials and information potentially indicating or tending to show any standards, requirements, specifications, policies, procedures, or processes regarding the trade order in a bundle proposed to the Ethereum blockchain platform at any time from September 2022 to the present, including changes thereto over the time period.

7. All materials and information relating to the standards, requirements, specifications, policies, procedures, or processes (collectively, "requirements") governing use of the Flashbots MEV-Boost protocol from September 2022 to the present, including changes thereto or lack thereof over the time period.

8. All materials and information relating to any policies, contracts, or agreements between validators, block builders, Flashbots, and relay operators operating on the Ethereum blockchain platform, including the lack thereof.

9. All materials and information relating to any policies, protocols, contracts, or agreements defining the obligations and role of a validator, including the lack thereof.

**WILLIAMS & CONNOLLY**LLP®
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 7

10. All materials and information relating to any policies, contracts, agreements, protocols, or policies defining the relationships between a validator and a searcher or a validator and a block builder, including the lack thereof.

11. All materials and information tending to show that the alleged trading strategy identified in the second sentence of paragraph 13 of the Indictment ("Sandwiching" or "Sandwich Transactions") was or is a trading strategy that constitutes undesirable or improper trading behavior.

12. All materials and information tending to show the illegality or illegitimacy of Sandwich Transactions under any standards, requirements, specifications, policies, procedures, or processes governing the relevant trading platforms.

13. All materials and information tending to show that Sandwich Transactions harm regular consumer users of the decentralized finance exchanges.

14. All materials and information tending to show the amount of value extracted by the alleged Victim Traders (as defined in paragraphs 17 and 22 of the Indictment) through Sandwich Transactions from January 2021 to the present.

15. All materials and information showing how the alleged Victims determined and placed their trades, including any code that created and placed those trades, as well as any provisions in the code creating reversion conditions for any trade.

16. All materials and information tending to show that the alleged MEV-Boost protocols identified in the Indictment were not "relied upon by the vast majority of Ethereum users," Indict. ¶ 15, as of April 2023, including evidence of the functioning of the Ethereum blockchain prior to the existence of MEV-Boost.

17. All materials and information tending to show that alleged Victim Traders engaged in market manipulation.

18. All materials and information distinguishing arbitrage MEV-bots from sandwich MEV-bots.

19. All materials and information demonstrating that the alleged Lure Transactions did not create "lucrative arbitrage opportunities," Indict. ¶ 22.

20. All materials and information relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇ activity on the Ethereum blockchain platform from January 2021 through the present, including the number of MEV-Bots (as defined in paragraph 13 of the Indictment) set up to identify and execute potential Sandwich Transactions and the amount of profit received by each such ▇▇▇▇ MEV-Bot.

**WILLIAMS & CONNOLLY**LLP®
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 8

21. All materials and information relating to the identity of the alleged Victim Traders (as defined in paragraphs 17 and 22 of the Indictment) other than ███████████████, as well as all activity of the Victim Traders on the Ethereum blockchain platform from January 2012 through the present.

22. All materials and information potentially indicating or tending to show that use of pseudonyms is common in the blockchain community and/or on the Ethereum blockchain platform.

23. All materials and information indicating or tending to show any standards, requirements, specifications, policies, procedures, or processes for an Ethereum validator's use of a digital signature.

24. All materials and information indicating or tending to show the function of a digital signature on the Ethereum blockchain, including, but not limited to, the use of such a digital signature within the MEV-Boost protocol.

25. All materials and information indicating or tending to show that the alleged Victim Traders threatened Messrs. Peraire-Bueno, directly or through counsel.

26. All materials and information that is inconsistent with any element of any crime charged in the indictment or tending to negate any defendant's guilt of any of the crimes charged in the indictment.

27. All materials and information casting doubt on the accuracy of any evidence that the prosecution intends to rely on to prove an element of any crime charged in the indictment, or that might significantly bear on the admissibility of such evidence, including the refusal of alleged victims or potential witnesses to participate in the government's investigation.

28. All materials and information relating to any conviction, arrest, or criminal record of, and any criminal charge or criminal investigation brought, initiated, or threatened against, any potential government witness.

29. All materials and information relating to any alleged crime, including any uncharged crime, committed by any potential government witness.

30. All materials and information (including draft agreements) relating to promises, benefits, consideration, threats, or inducements made to any potential government witness, whether directly to the witness or indirectly to the witness's attorney, friends, family, employer, or business associates. "Consideration" means anything of value or use, including, but not limited to, immunity grants (whether formal or informal), witness fees transportation

**WILLIAMS & CONNOLLY**LLP®

Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 9

assistance, money, or assurances, promises, or suggestions of favorable treatment with respect to any criminal, civil, licensing, disciplinary or administrative matter.

31. All materials and information (including draft agreements) relating to the negotiation process by which potential government witnesses sought or obtained any benefit, including, but not limited to, immunity or leniency.

32. All materials and information relating to proffers by potential government witnesses or their counsel seeking or receiving any benefit, including, but not limited to, immunity or leniency.

33. All materials and information relating to information sought by the government from potential government witnesses or their counsel.

34. All materials and information relating to inconsistencies in statements or proffers given by any potential government witness or their counsel.

35. All materials and information reflecting bias or prejudice against Messrs. Peraire-Bueno by any potential government witness.

36. All materials and information that would tend to impeach the credibility of any potential government witness.

37. All materials and information bearing adversely on the character or reputation for truthfulness of any potential government witness.

38. Each specific instance of conduct from which it could be inferred that any potential government witness is untruthful, including without limitation a written description of any conduct that may be admissible under Fed. R. Evid. 608(b).

39. All materials and information relating to the addiction to or use of alcoholic or narcotic substances by any potential government witness.

40. All materials and information concerning any mental or physical impairment of any potential government witness that may cast doubt on the ability of that witness to testify accurately and truthfully.

41. FBI or other personnel files for each potential government witness.

42. All materials and information relating to any conscious effort by a government agent not to take notes during witness interviews, or any direction

WILLIAMS & CONNOLLY LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 10

> given or request made to a government agent not to take notes. *See Rodriguez*, 496 F.3d at 225 n.3.
>
> 43. All materials and information relating to any civil, administrative, disciplinary, or professional licensing matter brought or threatened against any potential government witness.
>
> 44. All materials and information relating to any government witness's refusal to cooperate with any request by the government, including, but not limited to, any request for a polygraph examination.
>
> 45. All materials and information relating to any polygraph examination administered to any potential government witness.
>
> 46. Any other materials and information relating to any allegation in the indictment.
>
> 47. Any other materials and information relating to any specific individual or entity referred to in the indictment.
>
> 48. Any other materials and information relating to the investigation of any alleged co-conspirator or in the conspiracy alleged in the indictment.
>
> 49. All materials and information relating to Messrs. Peraire-Bueno or the conduct alleged in the indictment obtained from any person who was interviewed or consulted during the course of the grand jury investigation.
>
> 50. All materials and information that tend to cast doubt on the admissibility of evidence the government anticipates using in its case-in-chief, including without limitation evidence which might be subject to a motion to suppress or exclude.

q.   **Technical Issues with First Production.**  We have identified a handful of technical issues in the production made by the government on June 7, 2024.  We request that the government provide accessible versions of these documents at its earliest convenience.

> 1. The folder titled USAO_00010729.zip is password protected.  We can see the names of the three files in the folder but we cannot access those files.
>
> 2. Certain bates numbers/ranges are missing.  Please confirm whether the government intentionally withheld these documents and if it did not, please produce them at your earliest convenience.

WILLIAMS & CONNOLLY LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 11

| Source | Bates |
|---|---|
| Google LLC PRRT Return (24 MAG 1388) | USAO_00000541 |
| Choice Financial Group | USAO_00007631- USAO_00007632 |
| Choice Financial Group | USAO_00007636- USAO_00007641 |
| Choice Financial Group | USAO_00007658- USAO_00007662 |
| Choice Financial Group | USAO_00007715 |
| Choice Financial Group | USAO_00007717- USAO_00007721 |
| Choice Financial Group | USAO_00007739- USAO_00007740 |
| Choice Financial Group | USAO_00007763- USAO_00007764 |
| Choice Financial Group | USAO_00007778- USAO_00007779 |
| Choice Financial Group | USAO_00007787- USAO_00007798 |
| Choice Financial Group | USAO_00007820- USAO_00007829 |
| Choice Financial Group | USAO_00007838- USAO_00007841 |
| Choice Financial Group | USAO_00007864- USAO_00007865 |
| Choice Financial Group | USAO_00007882- USAO_00007891 |
| Choice Financial Group | USAO_00007895 |
| Choice Financial Group | USAO_00007897- USAO_00007901 |
| [redacted] | USAO_00014425- USAO_00014427 |
| Body Worn Camera Footage and Draft Transcripts | USAO_00015357 - USAO_00015416 |
| Anton Peraire-Bueno Passport (CBP Database) | USAO_00015417 |

\* \* \*

To the extent the government objects to the production of any of the above items, or refuses to produce currently-existing materials at this time, please let us know your availability to discuss these requests. Additionally, please let us know your availability for a further conferral regarding the timing of the government's disclosures for the purpose of considering an appropriate potential schedule.

WILLIAMS & CONNOLLY LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
July 16, 2024
Page 12

                              Sincerely,

                              Katie Trefz

cc:   Daniel Marx, Esq.
       William Fick, Esq.