# EXHIBIT 2

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 26, 2024

<u>VIA E-MAIL</u>

Danielle Kudla, Esq.
Rushmi Bhaskaran, Esq.
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

Re:   *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Counsel:

I write on behalf of both defendants to follow up on certain requests made pursuant to *Brady*, *Giglio*, and their progeny, as well as Federal Rule of Criminal Procedure 16.

First, we reiterate our requests for material and information tending to show that the alleged victims were engaged in sandwich transactions and/or that sandwich transactions are a form of market manipulation or otherwise harmful trading behavior.  *See* July 16, 2024 Ltr. from K. Trefz to D. Kudla at 7 (items 11, 12, 13, 17, 18).  At our Friday, September 20, 2024 meeting, the government indicated that, prior to the Indictment, it had already considered that the alleged victims were engaged in sandwich attacks, that sandwich attacks are distinct from arbitrage trading, and that sandwich attacks are widely considered to be market manipulation.  To be clear, material and information on these topics is exculpatory.  Additionally, please note that the defendants also view as exculpatory any statements or efforts by the alleged victims to deny they were engaged in sandwich transactions, to couch their behavior as akin to regular arbitrage trading, or to argue that their behavior was not market manipulation.

The government's August 13, 2024 Disclosure Letter did not contain any information responsive to these points.  Please confirm that the government's search for *Brady* material included a search for all information responsive to these points, or confirm that the government will promptly perform a search for such material.  If the government disagrees that any of the above-noted material must be disclosed pursuant to *Brady*, please provide notice of that disagreement and an explanation of the basis for it.

WILLIAMS & CONNOLLY LLP
Danielle Kudla, Esq. and Rushmi Bhaskaran, Esq.
September 26, 2024
Page 2

      Second, we reiterate our request that the government provide the identities of the two alleged victims other than ▮▮▮▮▮▮▮▮▮▮, or confirm that their identities are presently unknown. We requested this information in our July 16 letter and again at our September 20 meeting, but the government has not responded to the request. If the government does not know the identities of the other two alleged victims, we request that the government disclose the steps it has taken to try to learn their identities, and any refusals by the alleged victims to provide that information, including the reasoning for it. Information tending to show that participants in the relevant trading environments value and protect their anonymity is exculpatory. In addition, such information bears on the credibility of the unidentified victims and any statements that these individuals or entities may have made about their own trading or the subsequent investigation. If the government refuses to provide this information, please provide notice of that refusal and an explanation of the basis for it.

      Third, please search for and produce any materials and information discoverable pursuant to Rule 16 or *Brady* provided by Mike Ferrara of Hecker Fink and/or the "programmer" he represents in connection with this case, *see* https://www.heckerfink.com/our-talent/mike-ferrara (last visited Sept. 26, 2024), or confirm that the government has searched for such materials but found none in its possession, custody, or control.

      Fourth, pursuant to Rule 16, *Brady*, *Giglio*, and their progeny, and 18 U.S.C. § 3500, we request the government produce drafts of the search warrant affidavits and all communications between the affiant, IRS-CI Special Agent Marco Dias, and the alleged victims or their representatives about the search warrant affidavits. To the extent that any alleged victim provided input into, or feedback on, the search warrant affidavit, we request disclosure of that information and material, including the identification of the participants in any discussion.

      We would appreciate a response to this letter by October 11 so that we can determine what, if any, further steps to take at this point.

Sincerely,

Katie Trefz

cc:    Daniel Marx, Esq.
        William Fick, Esq.