# EXHIBIT 4



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 11, 2024

**BY EMAIL**

William Fick
Daniel Marx
Fick & Marx LLP
*Counsel for Anton Peraire-Bueno*

Katherine Trefz
Daniel Shanahan
Williams & Connolly LLP
*Counsel for James Peraire-Bueno*

   Re: *United States v. Anton Peraire-Bueno and James Peraire-Bueno,*
      24 Cr. 293 (JGLC)

Dear Counsel:

  We write in response to Katherine Trefz's letter dated September 26, 2024 on behalf of defendants James Peraire-Bueno and Anton Peraire-Bueno, which requests additional Government disclosures pursuant to *Brady v. United* States and its progeny, *Giglio v. United States* and its progeny, and Federal Rule of Criminal Procedure Rule 16 (the "September 26 Brady Letter"). The September 26 Brady Letter outlines four requests, which are addressed below.

  *First,* the September 16 Brady Letter asserts that material reflecting that "alleged victims were engaged in sandwich attacks, that sandwich attacks are distinct from arbitrage trading, and that sandwich attacks are widely considered to be market manipulation" are exculpatory. September 26 Brady Letter, at 1. The Letter also asserts that the defendants view as exculpatory "any statements or efforts by the allege victims to deny they were engaged in sandwich transactions, to couch their behavior as akin to regular arbitrage trading, or to argue that their behavior was on market manipulation." *Id.* The Government disagrees that information related to these topics is exculpatory. Even assuming *arguendo* that the victims in this case engaged in market manipulation prior to the Exploit, that is irrelevant to the allegations that the defendants committed fraud when they proposed trades in the mempool—for which they had no intention of executing—for the sole purpose of luring the victim traders to trade (*see* Indictment, ¶¶ 24, 26), and exploited a vulnerability in the Relay (*see id.* ¶ 26) in order to fraudulently obtain $25 million worth of the victims' cryptocurrency. *See*, *e.g.*, *See United States v. Connolly*, 16 Cr. 370 (CM), 2019 WL 2125044, at *13 (S.D.N.Y. May 2, 2019) ("'[E]verybody is doing it' is not a defense to the crime of wire fraud or conspiracy to commit wire fraud; just as 'everybody speeds' is not a defense if your car happens to get picked up on the radar."); *United States v. Korogodsky*, 4 F. Supp. 2d 262, 265 (S.D.N.Y. 1998) ("It is no defense that the victims of the fraud may have been

engaged in some misconduct."); *see also United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (holding that "only [defendant's] actions and state of mind were material to her guilt. . .the fact that others may have been the beneficiaries of improper conduct does nothing to excuse [defendant]."). In any event, information regarding the victims' trading is publicly available on chain (as noted by counsel on September 20, 2024), and the defendants will receive any information within the Government's custody or control regarding these topics when the Government discloses its Section 3500 and *Giglio* material on September 16, 2025.

*Second*, the Government is under no obligation to provide the identities of any of the victims in this case, or to confirm whether those identities are known to the Government. *See United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990) ("Fed. R. Crim. P. 16 does not require the Government to furnish the names and addresses of its witnesses in general."). Likewise, the Government has no obligation to "disclose the steps it has taken to try to learn the [ ] identities" of victims other than ███████████, or to disclose "any refusal by the alleged victims to provide that information, including the reasoning for it." September 26 Brady Letter, at 2; *see United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) (holding that "the government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and that the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."). Furthermore, any information tending to show that the victims "value and protect their anonymity" is not exculpatory, because a victim's decision to remain anonymous has no bearing on the defendants' state of mind when they concealed their identities, as alleged in the Indictment. In any event, any information related to the victims in this case in the Government's possession or control will be provided in connection with the Government's disclosure of its witnesses on August 8, 2025 and its Section 3500 material on September 16, 2025.

*Third*, as to your request for "any materials and information discoverable pursuant to Rule 16 or *Brady* provided by Mike Ferrara of Hecker Fink and/or the 'programmer' he represents in connection with this case[,]" we reiterate that the Government has produced and will continue to produce any information in its custody or control that is within the scope of Rule 16 or *Brady*.

*Fourth*, executed search warrant affidavits have been produced to the defendants. Drafts of those affidavits do not fall within the scope of Rule 16 discovery. At most, such drafts could constitute materials the Government would produce pursuant to Section 3500 and which, to the

extent appropriate, will be produced per the Court's deadline for 3500 material. Moreover, as is customary, no witness was asked to review or comment on any search warrant affidavit.

        Very truly yours,

        DAMIAN WILLIAMS
        United States Attorney

by:   /s/
        Danielle Kudla / Rushmi Bhaskaran
        Assistant United States Attorneys
        (212) 637-2304 / 2439