# EXHIBIT 5



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 11, 2024

**BY EMAIL**

William Fick
Daniel Marx
Fick & Marx LLP
*Counsel for Anton Peraire-Bueno*

Katherine Trefz
Daniel Shanahan
Williams & Connolly LLP
*Counsel for James Peraire-Bueno*

   **Re:**  ***United States v. Anton Peraire-Bueno and James Peraire-Bueno,***
       **24 Cr. 293 (JGLC)**

Dear Counsel:

  We write in response to Katherine Trefz's letter dated September 26, 2024 on behalf of defendants James Peraire-Bueno and Anton Peraire-Bueno, which requests certain Bills of Particulars (the "September 26 Bill of Particulars Letter").

  With respect to your request to disclose the identities of the Victim Traders beyond ▮▮▮▮▮▮▮▮▮▮▮▮ the Government notes that the Victim Traders' on-chain identities are publicly available and known to the defendants, and that the Government is under no obligation to provide any further identifying information at this time. *See United States v. Fea*, No. 10 Cr. 708, 2011 WL 2119708, at *2 (S.D.N.Y. May 24, 2011) (noting that defendant's request for bill of particulars identifying victims was meritless where government had produced "extensive discovery from which the defendants can adequately prepare their defense); *United States v. Rittweger*, 259 F. Supp. 2d 275, 292 (S.D.N.Y. 2003) (denying request for bill of particulars where defendants had received other discovery that they could use to determine the identities of the alleged victims).

  With respect to a bill of particulars as to "[e]ach statement or representation alleged to be false or misleading, to whom the government contends it was made, and a description as to how it is allegedly false or misleading" (September 26 Bill of Particulars Letter, at 1), the defendants are not entitled to this level of detail about the Government's proof.  *See United States v. Martinez*, No. 22 Cr. 251 (LJL), 2023 WL 2403134, at *2 (S.D.N.Y. Mar. 8, 2023) ("It may be easier for the defense to prepare for trial if the Government were to reveal its theory of prosecution and the evidentiary detail that it will offer in support of that theory.  But that is not the function of a bill of particulars."); *United States v. Akhavan*, No. 20. Cr. 188 (JSR), 2020 WL 2555333, at *2 (S.D.N.Y.

May 20, 2020) (denying bill of particulars for "specific misepresentations made" and concluding that "[t]hese requests are simply an attempt to pin the Government to particular evidentiary details"). This is particularly true here, where the Indictment and the discovery provide a detailed overview of the offenses.

With respect to a bill of particulars as to the factual basis for venue in the Southern District of New York, the Government notes, as one non-exhaustive example, that Anton Peraire-Bueno was in Manhattan at the time that certain transactions related to the Exploit took place. In this regard, we direct your attention to the subpoena returns from Coinbase and the historical GPS returns for Anton Peraire-Bueno.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: \_\_\_/s/_____
Danielle Kudla / Rushmi Bhaskaran
Assistant United States Attorneys
(212) 637-2304 / 2439