IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>ANTON PERAIRE-BUENO, and JAMES PERAIRE-BUENO,<br><br>      Defendants. | Case No.:  1:24-cr-00293-JGLC |

**DEFENDANTS' REPLY IN SUPPORT OF**
**JOINT MOTION TO COMPEL PRODUCTION OF *BRADY* MATERIAL**

In light of the representations made in the Opposition (ECF 61), the Court should reaffirm the government's ongoing obligations to produce the material requested.  *See* ECF 6 (*Brady* order regarding James Peraire-Bueno); ECF 38 (*Brady* order regarding Anton Peraire-Bueno). Defendants James and Anton Peraire-Bueno do not seek an order requiring the government to affirmatively seek evidence not in its possession.

The Opposition states that the government has already disclosed all the information in its possession responsive to the categories sought by this Motion.  The government had not previously indicated as much.  Indeed, it had previously refused to confirm that it had searched the materials in its possession for documents or information related to those topics.  If the government has searched for and produced all *Brady* material, the Peraire-Buenos agree that there is nothing further to be disclosed at this time so long as the government complies with its ongoing obligations.  The Peraire-Buenos are not asking the government to produce materials beyond what is presently in its possession and do not attempt to impose on the government any additional obligation to affirmatively gather more evidence on these topics.

1

Even though the government says it has provided all material responsive to these requests through its document productions and *Brady* disclosures, the government spends several pages arguing that it has no obligation to produce such material under *Brady* or this Court's Orders because the material is not exculpatory. Those arguments lack merit.

1. **Material Related to Sandwich Attackers and Their Market Manipulation**

With respect to the first two categories of requests—that material tending to show that the alleged victims were engaged in "sandwich attacks" and that sandwich attacks are a form of market manipulation—the government misses the point. The Indictment makes specific allegations about the nature and character of the trading practices of the alleged victim traders—including that their trading practices were "typical arbitrage"—and of the expectations of the different participants in the trading environment, including the alleged victim traders' purported expectations that they were entitled to a particular trading order. *E.g.*, Indict. ¶ 13. These allegations portray the alleged victims as typical users participating in a market with trusted intermediaries. The government doubles down on this view elsewhere in the Opposition when it discusses the Peraire-Buenos' motions to dismiss. *See* Opp'n 6-7, 29 (describing the relay as acting as an "escrow" that held the alleged victim's "private trading information"). Indeed, the government's theory as to why the Peraire-Buenos allegedly committed fraud relies on its related allegations about users' expectations about the trading environment—as it must, because the Indictment neither alleges that government regulations or guidance define what conduct is permitted on the Ethereum Network nor alleges any direct relationship between the Peraire-Buenos and the alleged victims in this case.

The Peraire-Buenos explained in their Motion (ECF 51) how the evidence they request regarding sandwich attacks undermines the allegations related to the trading environment and the

2

defendants' intent, and is therefore favorable to them. *See* Mot. 10-12. As the Peraire-Buenos anticipated, *see* Mot. 12-13, the government ignores this explanation and tries to recast the Peraire-Buenos' argument as claiming that the alleged fraud was justified *because* the alleged victims were engaged in potentially criminal behavior. While the government's choice to vindicate sandwich attackers through this first-of-its-kind criminal prosecution raises serious constitutional concerns, *see* Mot. to Dismiss the Indict. for Failure to Provide Fair Notice (ECF 49), the Peraire-Buenos do not argue that fraud is excused if the victim is a criminal. Rather, as the Motion explains, the Indictment makes allegations about the trading environment, the alleged victims, and their intent in proposing certain trades, and this requested evidence directly contradicts those allegations, which are core to the Indictment's novel theory of fraud.

Part of the government's argument seems to be that *Brady* does not require all material to be disclosed simply because it is consistent with a defense theory. Presumably, the government is contesting the materiality of the requested *Brady* material—not the fact that evidence "favorable to the accused" is exculpatory.[1] A prosecutor who relies on a pretrial assessment of materiality to resist disclosure plays a dangerous game. Courts have long cautioned prosecutors to take a broad view of potentially exculpatory information when making such judgments prior to trial, particularly where (as here) the defendants furnish specific rather than general *Brady* requests. *See Kyles v. Whitley*, 514 U.S. 419, 439 (1995) ("[A] prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence."); *United States v. Agurs*, 427 U.S. 97, 108 (1976)

---

[1] *See* Opp'n 66 & n.1. The best reading of *United States v. Bonaventre*, 2013 WL 2303726, at *8 (S.D.N.Y May 28, 2013), on which the government relies, is that its denial of the *Brady* motion at issue relied on the materiality prong. The court did not explain why it viewed the requested evidence as "not supported by *Brady* and its progeny," but the discussion included the requested timing of the disclosures and the fact that the requested evidence was a step removed from other evidence the government had agreed to produce under its *Brady* obligations. *See id.*

("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure."); *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005) ("Most prosecutors are neither neutral (nor should they be) nor prescient, and any such judgment necessarily is speculative on so many matters that simply are unknown and unknowable before trial begins[.]"); *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1198-99 (C.D. Cal. 1999) ("[I]n the pretrial context it would be inappropriate to suppress evidence because it seems insufficient to alter a jury's verdict."). Evidence, or material that could lead to evidence, regarding these sandwiching topics plainly is subject to pre-trial disclosure under *Brady*.

### 2. Anonymity of the Alleged Victims

The government's arguments with respect to anonymity are also flawed. The Peraire-Buenos explained in their Motion how this material would be exculpatory. Mot. 13-14. The Indictment alleges that the Peraire-Buenos took steps to hide their identities and alleges that these steps are indicative of an intent to defraud. *E.g.*, Indict. ¶ 2. The government doubles down on these dubious theories in its Opposition to the Peraire-Buenos' motions to dismiss and motion to suppress. *See, e.g.*, Opp'n 12 ("the defendants took steps to conceal their deception"). But evidence that many participants in decentralized cryptocurrency exchanges—including the participants in the alleged transactions at issue on the Ethereum Network—regularly make efforts to maintain their anonymity for entirely innocent reasons undermines the inculpatory inference alleged in the Indictment. *See* Mot. 13-14.

The government's response amounts to an argument that the actions of others on the Ethereum Network are not probative of the Peraire-Buenos' state of mind because the government believes the defendants were acting with nefarious intent (and claims it has other evidence too). But that misses the point: the government will need to prove its allegations, and evidence that

shows the Peraire-Buenos' actions were normal and typical, not nefarious as the Indictment alleges, goes to whether the government's allegations are true.[2]

\*           \*           \*

Given the representations made by the government in its Opposition, the Court should affirm the government's ongoing obligation to disclose the following in its possession:

(1) Material tending to show that the alleged Victim Traders were engaged in trading strategies known as "sandwich attacks" on the Ethereum Network;

(2) Material tending to show that sandwich attacks are a form of market manipulation; and

(3) Information regarding the anonymity of the alleged Victim Traders, including refusals to identify themselves, known steps they have taken to hide their identities, and requests for anonymity and the reasons for seeking anonymity.

---

[2] It is not clear what the government means when it suggests that evidence is only relevant if it would "tend to prove or negate the defendants' *participation* in the charged offenses." Opp'n 67 (emphasis added). The government must prove facts well beyond the Peraire-Buenos' "participation" in the alleged transactions, including that they made a material misrepresentation within the meaning of the wire fraud statute with intent to defraud their alleged victims. *See* Mot. to Dismiss the Indict. for Failure to Allege Essential Elements (ECF 49) at 20-29.

Date: January 31, 2025                     Respectfully submitted,


                                                  By: */s/ Katherine Trefz*

                                                  Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice* pending)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant*
*James Peraire-Bueno*


By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

*/s/ Katherine Trefz*
Katherine Trefz
