IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> ANTON PERAIRE-BUENO, and JAMES PERAIRE-BUENO, <br><br> Defendants. | Case No.:  1:24-cr-00293-JGLC |

**DEFENDANTS' REPLY IN SUPPORT OF**
**JOINT MOTION FOR A BILL OF PARTICULARS**

The Court should grant the Motion for a Bill of Particulars (ECF 55) and require the government to identify the alleged victims to the extent it is able.  In particular: (1) for the single alleged victim known to the government, the government should be required to identify the alleged victim by name or title; (2) if the government in the future learns identifying information for the other two alleged victims, it should be required to provide that information; and (3) for all three of the alleged victims, the government should be required to clarify whether it alleges that "MEV Bots," companies, or human beings were defrauded from the alleged "Exploit."  This information is well within the appropriate purpose and scope of a Bill of Particulars, which is to "enable[] a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007).  The government's objections to providing a Bill are meritless, and fail to fully meet the Peraire-Buenos' arguments.

First, the fact that the government does not know two of the three alleged victims it seeks to vindicate is troubling, but should not preclude a Bill of Particulars.  That fact is consistent with

1

the discovery produced, which indicates that the alleged victims operated through pseudonyms and refused to identify themselves when they demanded payment and made unspecified threats. *See* Trefz Decl., Ex. 6, ECF 56-6. But it was not clear based on the government's disclosures whether it had learned through means not yet subject to disclosure the identity of the other two victims, and the government had previously declined to confirm the answer to that question. As with their Motion to Compel Production of *Brady* Material, the Peraire-Buenos do not seek an order requiring the government to provide information it does not currently have, but the Court should require the government to identify what or who it contends were the victims of the alleged fraud with as much specificity as possible. The government certainly knows whether it contends that the alleged victims were computer programs (the MEV Bots themselves) or instead the human beings or companies who deployed the MEV Bots. There is no good reason why the government should not be required to provide this clarity, and ample reasons why a Bill is necessary.

Second, the government does not dispute that the Indictment is unclear as to the nature of the alleged victims. The government repeatedly notes the purported detail of the Indictment and the volume of the discovery provided to date. Neither point answers the question the Peraire-Buenos seek to have answered by the Bill of Particulars: who or what does the government claim has been defrauded? This is a simple question about which the Indictment is unclear—even self-contradictory—and which is not answered by either the current disclosures or a future witness list or exhibit list. Despite its protests regarding a Bill, the government does not actually argue otherwise.

Third, as discussed in the Motion, the nature of the alleged victims is relevant to the Peraire-Buenos' ability to develop factual and legal arguments. For example, issues relevant to whether an alleged victim was deceived, whether an alleged victim was the owner of particular property at

2

a particular point, or whether a statement allegedly received by an alleged victim could be material or could satisfy the causation requirement, could take on different factual and legal shape and consequence depending on whether the government's theory of criminal liability is that the alleged victims were computer programs, human beings, or companies. The Peraire-Buenos need not map out for the government all of the ways in which their potential defenses may be impacted by the Bill of Particulars in order for a Bill to issue.

Fourth, *United States v. Kelly*, 2020 WL 473613 (E.D.N.Y. Jan. 29, 2020), on which the government relies, supports the issuance of a Bill of Particulars here, where the government has identified no risks or dangers associated with the issuance of a Bill. *Kelly* was a racketeering case in which the defendant sought the names of two of six alleged victims, who were "Jane Does"; he had already been apprised of the other four. *Id.* at *1 & n.1. The court noted that "[w]hen a defendant seeks the identities of victims, cooperators or government witnesses, a court may deny disclosure if the government sets forth specific reasons why such a request should be denied." *Id.* at *1 (internal quotation marks omitted). The court explained that such denials are not uncommon in racketeering cases, "especially when the government demonstrates a risk to witness safety, the potential for witness intimidation or subornation of perjury." *Id*. In *Kelly*, the defendant had "not explain[ed] how learning the victims' names would alert him about the specific offense with which he [was] charged and prevent surprise." *Id.* at *2 (internal quotation marks omitted). Instead, he had sought to interview witnesses and "search for records." *Id*. Meanwhile, the government had identified "detailed and substantive reasons to deny the defendant's motion, including his history of obstruction, intimidation and witness tampering, his attempts to continue these efforts while incarcerated, and the nature and scope of the charged crimes." *Id.* (internal citations omitted) None of those risks that "routinely" apply in racketeering cases apply here, and the Peraire-Buenos

3

have explained how understanding who or what the alleged victims are will allow them to understand and meet the charges and prepare for trial.

Finally, it is unclear what point the government seeks to make regarding potential trial subpoenas that may be issued by the Peraire-Buenos. The Sixth Amendment guarantees their right "to have compulsory process for obtaining witnesses in [their] favor," U.S. Const. amend. VI, and Federal Rule of Criminal Procedure 17(c) provides the mechanism for a defendant to secure documents for evidence at trial, including through pretrial return. It should not be surprising that there may be evidence the Peraire-Buenos seek to compel from alleged victims through this process or that it would be more efficient in this highly technical case for that evidence to be obtained early enough to be considered by experts in time for their disclosures. The Peraire-Buenos' point was that identifying the alleged victims will enable them to determine whether there are hurdles they will need to overcome in issuing (or, in the case of pretrial returns, seeking issuance of) Rule 17 subpoenas. This is not a theoretical issue; the only victim the government has in fact identified is associated with (or is?) a foreign entity.[1] Nevertheless, it appears that the government does not know who the other two victims are at this time.

For all of these reasons, the Court should order the government to provide particulars as to the identity of the alleged victims, to the extent it is able. In particular: (1) for the single alleged victim known to the government, the government should be required to identify the alleged victim

---

[1] The government expresses concern that the Peraire-Buenos' as-yet-unissued Rule 17 subpoenas will inappropriately seek discovery. This objection is an unwarranted and premature concern (and one the government likely would not have standing to make). But by way of example, the documents voluntarily produced by the only identified victim-related entity do not appear to have included the computer code associated with the relevant MEV Bot that directed the sandwich attacks whose instructions (and "coded conditions") are alleged in the Indictment. *See* Indict. ¶ 24. The government may choose not to seek that highly relevant evidence, but the Peraire-Buenos are entitled to subpoena documents for their own potential use at trial.

by name or title; (2) if the government in the future learns identifying information for the other two victims, it should be required to provide that information; and (3) for all three of the alleged victims, the government should be required to clarify whether it alleges a "MEV Bots," human beings, or companies were defrauded.

Date: January 31, 2025                                   Respectfully submitted,

                                                         By: */s/ Katherine Trefz*

                                                         Katherine Trefz (*pro hac vice*)
                                                         Daniel Shanahan (*pro hac vice*)
                                                         Patrick J. Looby (*pro hac vice* pending)
                                                         Williams & Connolly LLP
                                                         680 Maine Avenue SW
                                                         Washington, DC 20024
                                                         Tel: (202) 434-5000
                                                         ktrefz@wc.com
                                                         dshanahan@wc.com
                                                         plooby@wc.com

                                                         Jonathan P. Bach
                                                         Shapiro Arato Bach
                                                         1140 Avenue of the Americas
                                                         17th Floor
                                                         New York, NY 10036
                                                         Tel: 212-257-4897
                                                         jbach@shapiroarato.com

                                                         *Counsel for Defendant*
                                                         *James Peraire-Bueno*


                                                         By: */s/ Daniel N. Marx*

                                                         Daniel N. Marx
                                                         William W. Fick (*pro hac vice*)
                                                         Fick & Marx LLP
                                                         24 Federal Street, 4th Floor
                                                         Boston, MA 02110
                                                         Tel: 857-321-8360

        dmarx@fickmarx.com
        wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

        */s/ Katherine Trefz*
        Katherine Trefz