LAW OFFICES
WILLIAMS & CONNOLLY LLP®

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 5, 2025

Via ECF

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Notice of Supplemental Authority

Dear Judge Clarke:

      Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter to advise the Court of a recent decision by the Second Circuit in *United States v. Kelly*, --- F.4th ---, 2025 WL 466673 (2d Cir. Feb. 12, 2025), that bears on the Peraire-Buenos' pending Joint Motions to Dismiss, ECF 49.  A copy of the decision is attached.

      In *Kelly*, the defendant argued that a California statute—California Health and Safety Code § 120290, violations of which formed the unlawful conduct underlying federal racketeering and Mann Act charges—was unconstitutionally vague. *Kelly*, 2025 WL 466673, at *1, *7, *16-19.  The Second Circuit held that the void-for-vagueness argument was untimely under Federal Rule of Criminal Procedure 12(c)(3) and otherwise "forfeited" because the defendant did not raise it in a motion to dismiss "before trial."  *Id.* at *19 ("Because Kelly did not argue, much less demonstrate, good cause for failing to raise a pretrial challenge to his indictment, his [vagueness] argument, in addition to being untimely, was forfeited.").  In contrast, the court assessed the merits of the defendant's vagueness challenge to a New York statute that he had preserved by raising in a pre-trial motion to dismiss.  *See id.* at *17-18; *see also* U.S. Br., *United States v. Kelly*, No. 22-1481, ECF 128 at 77-78 (2d Cir. July 19, 2023) (noting that the defendant had challenged the New York statute on vagueness grounds in a pre-trial motion to dismiss and challenged both the New York and California statutes on that basis in his post-trial motion for judgment of acquittal).

      *Kelly* demonstrates that the government's argument in opposition to the Motion to Dismiss for Failure to Provide Fair Notice that the Peraire-Buenos' as-applied vagueness challenge to 18 U.S.C. § 1343 "is not properly brought at the motion to dismiss stage," ECF 61 at 38, is incorrect.  As *Kelly* shows, vagueness challenges are not only permissible before trial, they are

WILLIAMS & CONNOLLY LLP

March 5, 2025
Page 2

among the arguments that must be raised in a pre-trial motion where, as here, the grounds for the motion are apparent from the indictment's allegations.  *See Kelly*, 2025 WL 466673, at *18-19. This holding in *Kelly* refutes the categorical rule the government urges, and is consistent with the many examples of district courts deciding as-applied vagueness challenges at the indictment stage, and prior Second Circuit decisions reviewing such dismissals, cited in the Peraire-Buenos' reply. *See* ECF 63 at 5-6 & n.3.

              Respectfully submitted,

              */s/ Katherine Trefz*

              Katherine Trefz