

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 12, 2025

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      The Government respectfully writes in response to the defendants' letter citing *United States v. Kelly*, 128 F.4th 387 (2d Cir. 2025) as purported supplemental authority for defendants' pending motion to dismiss the Indictment. (*See* Dkt. 67 (the "Supplemental Letter")). As explained below, *Kelly* does not support the "extraordinary remedy" of a pre-trial dismissal of a validly returned Indictment in this case based on defendants' as-applied challenge to the wire fraud statute. *Kelly* simply reaffirms the uncontroversial proposition that constitutional vagueness challenges must be raised in a pretrial Rule 12(b)(3) motion to preserve *de novo* review on appeal and, if anything, supports the Government's position that an as-applied challenge to contested facts are properly resolved *after* the facts are established at trial.

      As relevant background, the defendants' motion to dismiss briefing argued that the wire fraud statute is unconstitutionally vague as applied to the defendants' conduct, based on the defendants' factual disagreements with the Indictment's allegations. (*See, e.g.*, Dkt. 49, at 11-19, Dkt. 63, at 3-7). In the Supplemental Letter, the defendants contend that the Second Circuit's decision in *Kelly* shows that "vagueness challenges are not only permissible before trial, they are among the arguments that must be raised in a pre-trial motion." (Supplemental Letter, at 1-2). But it does not follow from this modest proposition illustrated by *Kelly*—*i.e.*, that defendants may assert vagueness challenges in a Rule 12(b)(3) motion, and by extension, that district courts may decide those motions—that a district court may, before trial, engage in the kind of antecedent factfinding needed to determine whether a criminal statute applies to a set of disputed facts.

      In *Kelly*, the defendant challenged on appeal the constitutionality of a New York statute and a California statute that served as predicates for his federal RICO and Mann Act convictions following a jury trial. *Kelly*, 128 F.4th at 417. The Second Circuit reviewed the merits of the defendant's as-applied challenge to the New York statute, which the defendant had preserved by raising it in a pre-trial motion to dismiss. *Id.* at 417-19; *see United States v. Kelly*, 609 F. Supp. 3d 85, 138 (E.D.N.Y. 2022). As relevant here, the Second Circuit explicitly based its rejection of the defendant's constitutional challenge to the New York statute on what "the evidence at trial

established." *Kelly*, 128 F.4th at 419. However, because the defendant failed to raise his vagueness challenge to the California statute within the timeframe set by Federal Rule of Criminal Procedure 12(b)(3)(B), the Second Circuit deemed that challenge forfeited and declined to reach the merits. *Id.* at 420 (noting that Rule 12(b)(3)(B) provides that a defect in the indictment "must be praised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."). Therefore, *Kelly* simply illustrates the straightforward, well-established standards that (i) a properly preserved constitutional challenge is reviewed *de novo* on appeal; and (ii) a constitutional challenge that could have been but was not raised before the district court is reviewed only for plain error on appeal. *See id.* at 418. And as to a preserved as-applied constitutional challenge, the lesson to be drawn from *Kelly*'s discussion of the New York statute in that case—consistent with Supreme Court precedent—is that "as applied" vagueness challenges, such as the defendants' claim here, are assessed "in light of the facts of the case at hand." *Maynard v. Cartwright,* 486 U.S. 356, 361 (1988).

At bottom, the facts of this case have not yet been established, and *Kelly* does not stand for the proposition that a district court may usurp the jury's fact-finding role in evaluating an as-applied constitutional challenge raised in a pre-trial motion.[1]

> Respectfully submitted,
>
> MATTHEW PODOLSKY
> Acting United States Attorney
>
> by: /s/
> Danielle Kudla / Rushmi Bhaskaran / Jerry Fang
> Assistant United States Attorneys
> (212) 637-2304 / 2439 / 2584

cc: Defense Counsel (by ECF)

---

[1] Indeed, even in resolving a pre-trial motion to dismiss an indictment, a court must "accept[] as true all of the allegations of the indictment and disregard[] contrary assertions of fact by the defendants." *United States v. Benjamin*, 95 F.4th 60, 66 (2d Cir. 2024) (cleaned up). Moreover, a defendant's pre-trial vagueness challenge based on "fair notice" (as here) "must be met with some measure of skepticism" where the statute (as here) contains a scienter requirement. *United States v. Roberts*, 363 F.3d 118, 122-24 (2d Cir. 2004); *see Vill. of Hoffman Estates v. Flipsidei*, 455 U.S. 489, 499 (1982) ("A scienter requirement in a criminal statute may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed.").