LAW OFFICES
WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 27, 2025

VIA ECF

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

> Re: *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) — Letter Motion for Leave to Redact Memorandum of Law, and to File Exhibits Under Seal

Dear Judge Clarke:

We represent the Defendants in this matter, Anton Peraire-Bueno and James Peraire-Bueno. Pursuant to your Honor's Individual Rules in Criminal Cases 8(d) and 8(e), we respectfully request leave to file Defendants' Memorandum of Law in Support of their Motion for Issuance of a Pretrial Return Subpoena Pursuant to Federal Rule of Criminal Procedure 17 with redactions. In addition, Defendants respectfully request leave to file Exhibits 1-4 under seal. As explained in further detail below, the Protective Order (ECF 25) entered by the Court requires that Defendants redact certain information in these documents, and file these exhibits under seal.

In accordance with Rule 8(d)(iii), Defendants have filed a redacted version of the relevant memorandum of law on the public docket. Defendants have also provided to chambers via email a clean copy of the memorandum, as well as a copy that highlights the material that Defendants redacted. And, in accordance with Rule 8(e)(i), Defendants have filed single-page placeholders marked "Filed Under Seal" in place of the four exhibits that they seek leave to file under seal. Defendants have also provided chambers via email with copies of these exhibits.

## I.     Relevant Background

On May 24, 2024, this Court entered an agreed Protective Order, which set forth rules and procedures for the use of four categories of protected information: Disclosure Material, Sealed Material, Attorney's Possession Only Material, and Attorney's Eyes Only Material. Sealed Material "contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective

WILLIAMS & CONNOLLY LLP
The Honorable Jessica G. L. Clarke
March 27, 2025
Page 2

considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity." Doc. 25 at 2.

When the government designates certain documents or material as Sealed Material and they are "pertinent to any motion before the Court," those documents "should initially be filed under seal, absent consent of the Government or Order of the Court." *Id.* at 3. Exhibits 1-4 in support of Defendants' motion, which are cited and discussed in the redacted portions of the relevant memorandum of law, are or contain documents that the government has designated as Sealed Material when they were initially produced.

## II.     Legal Standard

A three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "[A] judicial document is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The memorandum of law and exhibits are relevant and useful to the Court's determination of Defendants' Motion for Issuance of a Pretrial Return Subpoena Pursuant to Federal Rule of Criminal Procedure 17.

As such, the Court must then "determine the weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* "If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure." *Id.*

## III.    Argument

Because the government has designated large portions of Exhibit 1 and the entirety of Exhibits 2, 3, and 4 as Sealed Material and those exhibits are cited and discussed in the memorandum of law, and because the identity of one of the alleged victims is derived from Sealed Material, the Protective Order requires Defendants to seek leave to file the relevant memorandum of law with redactions and for leave to file the exhibits under seal. In so doing, Defendants do not concede that the government properly designated these exhibits or other material identifying one of the alleged victims as Sealed Material and reserve the right to challenge that designation in the future. Likewise, Defendants take no position as to whether the factors that counsel against disclosure of these documents and information outweigh the presumption of public access.

## IV.    Conclusion

Defendants respectfully request that the Court permit them to file a redacted version of their Memorandum of Law in Support of their Motion for Issuance of a Pretrial Return Subpoena Pursuant to Federal Rule of Criminal Procedure 17. In addition, Defendants respectfully request

WILLIAMS & CONNOLLY LLP

The Honorable Jessica G. L. Clarke
March 27, 2025
Page 3

that the Court permit them to file Exhibits 1-4 and an unredacted version of the above-referenced memorandum of law under seal.

By: */s/ Katherine Trefz*

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice* pending)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant
James Peraire-Bueno*


By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant
Anton Peraire-Bueno*