UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO,<br><br>                              Defendants. | 24-CR-293 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

The Government accuses Defendants Anton Peraire-Bueno and James Peraire-Bueno of stealing over $25 million of cryptocurrency on the Ethereum Network by, among other things, exploiting a vulnerability on that network.[1] Defendants have been charged with conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, and conspiracy to receive stolen property, as a result of this alleged scheme.

Now pending before the Court are five motions: (1) a motion to dismiss the Indictment; (2) a motion to suppress, or alternatively, for a *Franks* hearing; (3) a motion to produce *Brady* material; (4) a motion for a bill of particulars; and (5) a motion to serve a Rule 17(c) pretrial subpoena. The Court heard oral argument with respect to these motions on April 7, 2025. The Court also set a supplemental briefing schedule with respect to Defendants' motion to dismiss because the Government filed a Superseding Indictment.

For the reasons stated below, the Court grants Defendants' unopposed Rule 17(c) motion, motion for a *Franks* hearing, and their request for a bill of particulars with respect to Victim-Traders 2 and 3. The Court denies as moot Defendants' motion for production of *Brady* material.

---

[1] The Court does not set forth the facts as alleged in the Indictment or Superseding Indictment and instead assumes the parties' familiarity with this case.

As discussed on April 7th, the Court will consider Defendants' motion to dismiss after receiving additional briefing from the parties.[2]

## I. Defendants' Unopposed Motion to Serve a Rule 17(c) Pretrial Return Subpoena Is Granted

On March 27, 2025, Defendants moved the Court to authorize the issuance of a Rule 17(c) pretrial subpoena with a return date of July 1, 2025. ECF Nos. 73; 74 at 1. The Government has not opposed that motion and stated at oral argument that it takes no position on Defendants' request. As such, the Court grants Defendants' motion.

## II. The Court Grants Defendants' Request for a *Franks* Hearing

Defendants move to suppress all evidence obtained through search warrants of Google accounts allegedly associated with Defendants. ECF No. 52. Those search warrants were obtained based on sworn affidavits from a Special Agent of the Internal Revenue Service-Criminal Investigation. Defendants contend that the Special Agent included six deliberately or recklessly false statements in his search warrant affidavits that were material to the probable cause determination. In particular, the affidavits state that: (1) Defendants baited their alleged victims by proposing transactions they had no intention of executing, (2) Defendants targeted obscure cryptocurrency tokens, (3) the alleged victims were traders who specialized in cryptocurrency arbitrage, (4) Defendants altered transactions, (5) Defendants tampered with the blockchain, and (6) the affidavits included a manipulated diagram depicting the MEV Boost application on the Ethereum Network and omitting critical information.

"To be entitled to a *Franks* hearing, a defendant must make a 'substantial preliminary showing' of (1) falsity, 'that a false statement ... was included by the affiant in the warrant

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

affidavit,' (2) knowledge, that the affiant made the allegedly false statement 'knowingly and intentionally, or with reckless disregard for the truth,' and (3) materiality, that 'the allegedly false statement is necessary to the finding of probable cause.'" *United States v. Sandalo*, 70 F.4th 77, 85 (2d Cir. 2023) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–156 (1978)). "To determine whether misstatements are material, a court must set aside the falsehoods in the application and determine whether the untainted portions of the application suffice to support a probable cause or necessity finding." *United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013). "[W]here a defendant makes a preliminary showing that the government's affidavit misstated or omitted material information, *Franks* instructs a district court to hold a hearing to determine whether the alleged misstatements or omissions in the warrant or wiretap application were made intentionally or with reckless disregard for the truth and, if so, whether any such misstatements or omissions were material." *Id.*

The Court agrees that Defendants have made the requisite preliminary showing. Many of the statements that Defendants contend are false appear to be directly in conflict with publicly-available information and information cited in the affidavits themself. *See, e.g.*, ECF No. 53 at 4, 12. This conflict suggests that the Special Agent could have made these statements with at least a reckless disregard for the truth. Although the Court declines to conclude now whether there was still probable cause to issue the warrants if the offending statements were removed, there is at least some showing of materiality here.[3] In particular, the Court finds notable that the affidavits

---

[3] Defendants concede that even without these statements, the search warrant affidavits still allege that Defendants "switched the order of the potential transactions" on the network. ECF No. 53 at 17. There is at least some question as to whether this statement, along with others that are not challenged, would be sufficient to support probable cause. However, the Government has not addressed this argument in its brief or at oral argument, and it has not addressed more broadly what would remain in the affidavits if the statements at issue were removed. The Court,

are inconsistent in several respects with what Defendants were ultimately charged with doing. The search warrant affidavits describe Defendants as hackers, who tampered with the Ethereum Network blockchain to steal $25 million from unwitting victims. *See* ECF No. 56-9 ¶¶ 12, 17–19. By contrast, Defendants were charged with baiting Victim Traders, who themselves were engaged in what is arguably a form of market manipulation, into selling certain lucrative cryptocurrency. ECF No. 70 ¶ 24. Defendants allegedly "exploited a vulnerability" in the system that allowed them to add transactions to a blockchain that the Victim Traders were not on notice of. *Id.* ¶ 26. The nature of these charges is markedly different from the Special Agent's description in the search warrant. Because Defendants have made a substantial preliminary showing that the Special Agent made materially false statements in, at least, reckless disregard for the truth, a *Franks* hearing is appropriate.

### III. Defendants' Motion for a Bill of Particulars Identifying the Alleged Victim Traders Is Granted in Part

Defendants moved for a bill of particulars identifying Victim-Trader 1, Victim-Trader 2, and Victim-Trader 3. ECF No. 54. The Government opposed the motion, arguing that this request is "an impermissible attempt to compel the Government to disclose in advance of trial the potential witnesses the Government may call at trial." ECF No. 61 at 69. The Government, however, made clear at oral argument that they do not know the identities of Victim-Trader 2 and Victim-Trader 3. The identity of Victim-Trader 1 has been provided, and as such, the motion is denied as moot with respect to this entity.

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending

---

therefore, will ultimately determine materiality after the hearing and after allowing the parties to argue this issue further.

against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Dames*, 380 F. Supp. 2d 270, 273–74 (S.D.N.Y. 2005) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.1987)). "A bill of particulars is not appropriate where it would merely disclose the government's trial strategy, as that would do little more than unduly restrict the government's proof at trial." *Id.* "Nor is the proper scope and function of a bill of particulars to obtain disclosure of evidence or witnesses to be offered by the government at trial." *Id.* Nonetheless, "[t]he decision of whether to grant a bill of particulars rests within the sound discretion of the Court." *Id.*

The Court agrees that if the Government learns of the identities of the remaining Victim Traders, the Government must produce this information to Defendants. Having this information ensures that there is no unfair surprise at trial and allows Defendants to prepare their defense, assuming the Government learns of their identities. *See United States v. Johnson*, 21 F. Supp. 2d 329, 340 (S.D.N.Y. 1998). This action centers on on how these Victim Traders were defrauded, through alleged baiting, false statements, and tampering on the blockchain, and how the Victim Traders typically operated on the Ethereum Network. Knowing their identities, particularly if this information is known to the Government, will certainly help Defendants prepare for trial and help answer some of these questions. The Government has also presented no risks or dangers to the Victim Traders associated with providing this information. *Cf. United States v. Kelly*, No. 19-CR-286 (AMD), 2020 WL 473613, at *2 (E.D.N.Y. Jan. 29, 2020) ("Courts routinely deny requests for victims' identities in racketeering cases, especially when the government demonstrates a risk to witness safety, the potential for witness intimidation or subornation of perjury."). Also, as the Government acknowledges, these motions have been granted in cases

5

like this where the victim identities are unknown, there is no risk in the identification, and the information is not otherwise contained in the Government's production of discovery. *See* ECF No. 61 at 74–75. As such, the Court grants Defendants' motion in part, and the Government is ordered to provide a bill of particulars identifying Victim-Traders 2 and 3 if and when that information becomes available.

### IV.     Defendants' Motion to Produce *Brady* Materials Is Denied as Moot

Defendants moved to compel the production of *Brady* material with respect to three specific categories of documents. ECF No. 50. Specifically, Defendants sought (1) material tending to show that the alleged Victim Traders were engaged in trading strategies known as "sandwich attacks" on the Ethereum network; (2) material tending to show that sandwich attacks are a form of market manipulation; and (3) information regarding the anonymity of the alleged Victim Traders, including refusals to identify themselves, known steps they have taken to hide their identities, and requests for anonymity and the reasons for seeking anonymity. ECF No. 51 at 1. The Government, however, has made clear that they do not have in their possession documents in these three categories, other than what has been produced in this action. As such, Defendants' motion is denied as moot.

The Court does, however, encourage counsel to confer regarding Requests 1 and 2 in advance of trial. It appears that some of these requests could be addressed through a stipulation. The parties shall submit any such stipulations as part of their pretrial disclosures as required by ECF No. 46.

## CONCLUSION

For the reason stated herein, the parties shall appear for a *Franks* hearing on June 17, 2025 at 10:00 a.m. in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse,

500 Pearl Street, New York, New York. Additionally, Defendants may serve a Rule 17(c) pre-trial subpoena with a July 1, 2025 return date, and the Government is ordered to provide a bill of particulars identifying the alleged victim traders if and when that information becomes available. The Court denies as moot Defendants' *Brady* motion.

Regarding the pending motion to dismiss, as set forth at the conference on April 7, 2025, the Court will consider the briefing at ECF Nos. 49, 61, and 63 with respect to the Superseding Indictment at ECF No. 69. Defendants supplemented their brief by April 14, 2025 and the Government shall submit its opposition by May 12, 2025. Defendants' reply is due by May 19, 2025.

The Clerk of Court is respectfully directed to terminate ECF Nos. 50, 52, 54, and 73.

Dated: April 17, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge