

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

www.pryorcashman.com

**Jeffrey Alberts**
Partner

Direct Tel: 212-326-0800
Main Fax: 212-326-0806
jalberts@pryorcashman.com

**VIA ECF**                                                                                                                   May 12, 2025

The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States of America v. Peraire-Bueno, No. 24-cr-00293*

Dear Judge Clarke,

      I represent the nonparty entity ("Nonparty-1") on whom the Court authorized Defendants to serve a pretrial subpoena pursuant to Fed. R. Crim. P. 17(c), with a return date of July 1, 2025 ("Subpoena"). (*See* ECF No. 82 at 2.) On May 6, 2025, Nonparty-1 served its responses and objections to the Subpoena and expressed its willingness to meet-and-confer, and that meet-and-confer with Defendants' counsel was held on May 9, 2025. Nonparty-1 writes to notify the Court that the parties were unable to resolve their disputes at that meet-and-confer, and Nonparty-1 intends to move to quash the Subpoena, and, by this letter, respectfully moves the Court for the following relief relating to that forthcoming motion.

      *First*, that Nonparty-1 be permitted to appear in this action and be identified on the docket as Nonparty-1. As Defendants stated in their memorandum of law seeking issuance of the Subpoena (ECF No. 74 ("Memorandum")) and letter seeking leave to file the Memorandum with, among other things, Nonparty-1's identity redacted (ECF No. 75), Disclosure Material designated as Sealed Material under the Protective Order is the basis for Defendants' knowledge of the identity of Nonparty-1 and the facts set forth as the basis for Defendants' motion for issuance of the Subpoena. As this Court has recognized by entering the protective order in this action (ECF No. 25) ("Protective Order"), Sealed Material "contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity." (Protective Order ¶ 2.) Nonparty-1 respectfully submits that permitting it to appear in this action and be identified on the docket as "Nonparty-1" is necessary to effectuate the confidentiality interests identified in the Protective Order, which greatly outweigh any interest in full public disclosure of its identity.

9636704 v3
35507.00001

The Honorable Jessica G. L. Clarke
May 12, 2025
Page 2

*Second*, in light of these same confidentiality interests, that all parties be ordered to refer to Nonparty-1 as "Nonparty-1" in all filings relating to Nonparty-1's forthcoming motion to quash ("Motion to Quash Filings"), and that the parties be ordered to redact and file under seal in Motion to Quash Filings any references to or discussions of Disclosure Material or Sealed Material (as defined in the Protective Order) or other content that could reveal the identity of Nonparty-1, and be permitted to do without the need to seek further approval from the Court. With respect to this and the above request, counsel for the Defendants have informed us that, for the limited purpose of Nonparty-1's forthcoming motion to quash, Defendants do not oppose the use of "Nonparty 1" to refer to Nonparty-1, but take no position on the propriety of Nonparty-1's identity remaining sealed and reserve their rights to oppose continued sealing of the identity of Nonparty-1 in further proceedings in this case.

*Third*, that the parties be permitted, and Defendants be ordered, to provide Nonparty-1 with an unredacted copy of the Memorandum and its exhibits. Because Defendants' arguments in the Memorandum for why the Subpoena satisfied the requirements of Rule 17(c) are redacted, Nonparty-1 cannot meaningfully respond to those arguments in its forthcoming motion to quash without reviewing the redacted text. Nonparty-1 agrees to comply with the restrictions applicable to Disclosure Material and Sealed Material set forth in the Protective Order with respect to the unredacted copy of the Memorandum and its exhibits. Counsel for the Defendants have informed us that they have no objection to this request.

*Fourth*, that Nonparty-1 be permitted to file its motion to quash within one week of receiving the unredacted Memorandum. Nonparty-1 and Defendants jointly propose that Defendants may file their opposition within two weeks after the filing of Nonparty-1's motion to quash, and that Nonparty-1 may file its reply, if any, within one week of the filing of Defendants' opposition.

The government has informed us that it takes no position on the relief requested in this letter.

Nonparty-1 appreciates the Court's attention to this matter.

Sincerely,

/s/ *Jeffrey Alberts*
Jeffrey Alberts

*Counsel for Nonparty-1*

cc:   Counsel of record (via ECF)

9636704 v3
35507.00001