# Exhibit A

# (Filed with Redactions)

| | |
|---|---|
| **From:** | Fang, Jerry (USANYS) |
| **To:** | William Fick; Daniel Marx; Trefz, Katherine; Looby, Patrick; Jonathan Bach |
| **Cc:** | Kudla, Danielle (USANYS); Bhaskaran, Rushmi (USANYS) |
| **Subject:** | US v. Peraire-Bueno, S1 24 Cr. 293 (JGLC) - Government Expert Disclosure |
| **Date:** | Friday, June 27, 2025 10:38:32 PM |
| **Attachments:** | 2025.6.27 Gov"t Expert Disclosure Cover Letter.pdf |

Counsel –

Please see the attached correspondence regarding the Government's expert disclosure. Attachments 1-3 and Exhibits A-C to Attachment 1 have been uploaded to USAfx. Let us know if you are having trouble accessing.

Thanks,

**Jerry J. Fang**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
212-637-2584 (office)
646-823-3688 (mobile)
Jerry.Fang@usdoj.gov



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 27, 2025

**BY EMAIL**

William Fick, Esq.
Daniel Marx, Esq.
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110

Katherine Trefz, Esq.
Daniel Shanahan, Esq.
Patrick Looby, Esq.
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024

Jonathan Bach, Esq.
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Floor
New York, NY 10036

Re:   *United States v. Peraire-Bueno*, S1 24 Cr. 293 (JGLC)
      **Rule 16(a)(1)(G) Disclosure of Experts**
      **Disclosure Material Pursuant to Protective Order**

Dear Counsel:

Based on your request, this letter provides disclosure pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure of certain expert testimony that the Government intends to offer during its case-in-chief at trial under Rules 702, 703, and/or 705 of the Federal Rules of Evidence, as well as the anticipated testimony of additional witnesses. In light of your request for the attached expert witness disclosure, the Government hereby requests reciprocal expert disclosure pursuant to Rule 16(b)(1)(C) in accordance with the expert disclosure deadlines set by the Court on September 25, 2024. (*See* Dkt. 46).

   A. **Expert Notice**

   The Government intends to offer at trial testimony from Chris Hoffmeister, who is a cryptocurrency and financial crimes specialist at TRM Labs, Inc., regarding cryptocurrency tracing analyses performed in connection with this case. A disclosure containing notice of Mr. Hoffmeister's analysis, opinions, and bases and reasons for his opinions regarding his cryptocurrency tracing analysis is attached hereto pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure as Attachment 1 (the "Hoffmeister Notice"). Mr. Hoffmeister's curriculum vitae, which lists his qualifications, is attached as Exhibit A to the Hoffmeister Notice. Exhibits B and C (provided via USAfx) contain the materials upon which Mr. Hoffmeister relied upon to perform the analysis described in the Hoffmeister Notice. Mr. Hoffmeister has not

previously testified as an expert at trial or in a deposition. The Government anticipates that Mr. Hoffmeister will illustrate his testimony with demonstrative slides and summary charts. The Government expects to provide an initial draft of those slides to you prior to the filing of motions *in limine*.

**B. Non-Expert Testimony**

   1. <u>Forensic Extractions</u>

Absent a stipulation, the Government intends to call Michael Monahan and Sergey Bobarykin from the forensic extraction team for the Internal Revenue Service – Criminal Investigations unit to testify regarding how electronically stored information ("ESI") was extracted from electronic devices belonging to defendants Anton Peraire-Bueno and James Peraire-Bueno, in connection with the investigation of this matter. The reports of the forensic extractions performed by Computer Investigative Specialist Monahan and Special Agent and Computer Investigative Specialist Bobarykin were previously produced to defendant Anton Peraire-Bueno at ANTON_00000001 to ANTON_00000007, and any other forensic extractions of additional devices generated in the future will be promptly produced. The Government expects that Computer Investigative Specialist Monahan and Computer Investigative Specialist Bobarykin will authenticate the forensic extractions as true and correct copies of material found in and extracted from those devices.

Although under applicable case law, testimony regarding the extraction of data from electronic devices does not constitute expert testimony under Federal Rules of Evidence 702, 703, or 705, we are nonetheless providing this notice out of an abundance of caution. *See United States v. Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (summary order) (finding no error in allowing lay, non-expert testimony relating to extraction of data from electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States v. Chavez-Lopez*, 767 F. App'x 431, 434 (4th Cir. 2019) (testimony regarding Cellebrite extraction "about copying data from one drive to another, which is the product of reasoning processes familiar to the average person in everyday life" properly admitted as lay opinion testimony (internal quotation marks omitted)); *United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read."). Therefore, out of an abundance of caution, the curriculum vitae for Computer Investigative Specialist Monahan and Computer Investigative Specialist Bobarykin are attached hereto as Attachments 2 and 3. Neither Computer Investigative Specialist Monahan and Computer Investigative Specialist Bobarykin have authored any publications in the past 10 years, and neither has testified at trial or by deposition within the past four years.

2. <u>Anticipated Testimony by Certain Percipient Witnesses</u>

As you are aware, the Government intends to offer percipient testimony from ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]  Each of these witnesses will describe the April 2, 2023 exploit (the "Exploit") as outlined in the Indictment, including relevant events before and after the Exploit.  In order to explain those events, the testimony of these witnesses will necessarily require reference to and explanation of facts, based on their personal knowledge, experience, and perception as Ethereum Consensus participants and MEV-Boost software users—and in the case of ▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—including the following:  (1) the Ethereum Consensus network, including the once used proof-of-work (PoW) consensus protocol and later used proof-of-stake (PoS) consensus protocol; (2) MEV-Boost software, including the roles of MEV-Boost participants such as searchers, block builders, relays, and validators, and proposer-builder separation (PBS) protocols as of April 2023; (3) trading activity using MEV-Boost as of April 2023; and (4) commonly used cryptocurrency terms which they may reference in their testimony, including, among others, decentralized exchanges, blockchains, blocks, block structure, the mempool, smart contracts, liquidity pools, automated market makers, and MEV.  *See* Fed. R. Evid. 602.  The Government will identify the remainder of its anticipated witness list consistent with any schedule agreed upon by the parties or otherwise ordered by the Court.

C. **Reciprocal Requests**

The Government reiterates its prior requests for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure, including that the defendant:

- Allow inspection and copying of:  (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

- Disclose prior statements of witnesses the defendant will call to testify at trial.  *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

- Pursuant to Rule 16(b)(1)(C), provide notice regarding any expert witness that the defendant intends to rely upon, including a written summary of any testimony that the defendant intends to elicit under Rules 702, 703, or 705 of the Federal Rules of

---

[1] The Government designates the names of these witnesses as Sealed Material pursuant to the protective order in this case.

Evidence.  Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Please notify us as to your position with respect to each of these matters.

\* \* \*

The Government reserves the right to supplement this notice with additional information concerning each of the witnesses disclosed herein, and to seek leave to notice additional expert witnesses if necessary, including but not limited to, any statement of opinions it will elicit during its rebuttal to counter any evidence presented by the defense, particularly any expert testimony noticed by the defense pursuant to Rule 16(b)(1)(C).

Very truly yours,

JAY CLAYTON
United States Attorney

by: ___/s/_____
Rushmi Bhaskaran / Jerry Fang / Danielle Kudla
Assistant United States Attorneys
(212) 637-2439 / 2584 / 2304

Attachments:

Disclosure as to Expert Witness Chris Hoffmeister
Curriculum Vitae of Computer Investigative Specialist Monahan
Curriculum Vitae of Computer Investigative Specialist Bobarykin