Exhibit B

(Filed with Redactions)

| | |
|---|---|
| **From:** | Trefz, Katherine |
| **To:** | "Kudla, Danielle (USANYS)"; Bhaskaran, Rushmi (USANYS); Fang, Jerry (USANYS) |
| **Cc:** | Daniel Marx; William Fick; Looby, Patrick; "Jonathan Bach" |
| **Subject:** | US v Peraire-Bueno / Expert Disclosure |
| **Date:** | Monday, June 30, 2025 10:59:55 AM |
| **Attachments:** | 2025.06.30. Letter re Government Expert Disclosure.pdf |

All,

Please see the attached re: the government's disclosures.

Katie

**Katie Trefz**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
 (P) 202-434-5038 | (C) 949-285-0410
ktrefz@wc.com | www.wc.com/ktrefz

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 30, 2025

<u>VIA E-MAIL</u>

Danielle Kudla, Esq.
Rushmi Bhaskaran, Esq.
Jerry Fang, Esq.
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, NY 10278

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC);
            CONTAINS REFERENCES TO SEALED MATERIAL

Dear Counsel:

      We write regarding the government's expert disclosures served Friday night, June 27, 2025. As noted below, we request the government respond tomorrow, July 1, as to whether it will supplement its disclosures, so that the Peraire-Buenos can promptly move for relief if not.

      The government's disclosures with respect to the potential testimony of percipient witnesses as to scientific, technical, and specialized matters is inadequate. The topics identified as potential topics of testimony by ███████████████████████████████[1] including the roles of various participants in the Ethereum Network, the MEV-Boost software, "trading activity using MEV-Boost as of April 2023," and commonly used cryptocurrency terms, *see* Gov't 6/27 Ltr. at 3 (section (B)(2)), all qualify as potential expert testimony pursuant to Federal Rules of Evidence 701-702. Additionally, to the extent that any of █████████████████████████ ███████████ (or any other witness) will be asked to testify regarding how the alleged Exploit worked as a technical matter, how the alleged Victim Traders' requested trades were designed to work as a technical matter, or how the Ethereum and MEV-Boost protocols function generally, that testimony would also qualify as expert testimony subject to the requirements of Federal Rules of Evidence 702, 703, and 705. *See United States v. Cabrera*, 13 F.4th 140, 149-50 (2d Cir. 2021);

---

[1] The government's failure to identify additional witnesses who may testify to these matters based on scientific, technical, and specialized knowledge is an additional violation of the Court's scheduling order. The Peraire-Buenos reserve the right to challenge untimely designations of additional expert testifiers.

WILLIAMS & CONNOLLY LLP®
Danielle Kudla, Esq., Rushmi Bhaskaran, Esq., and Jerry Fang, Esq.
June 30, 2025
Page 2

*United States v. Garcia*, 413 F.3d 201, 217 (2d Cir. 2005). The government cannot evade Rule 702—or Rule 16's disclosure requirements—by labeling testimony "percipient."[2]

The government has not made disclosures with respect to ▮▮▮▮ ▮▮▮▮ that would satisfy Federal Rule of Criminal Procedure 16(a)(1)(G)(iii), in violation of the Court's scheduling order.

Please confirm by end of day tomorrow, July 1, whether or not the government will by July 7 provide a supplemental disclosure regarding the testimony of any witness who will testify regarding (a) the categories identified as potential areas of testimony by ▮▮▮▮ ▮▮▮▮ in section (B)(2) of the government's disclosure letter, (b) how the alleged Exploit worked as a technical matter, (c) how the alleged Victim Traders' requested trades were designed to function as a technical matter, and/or (d) how the Ethereum and MEV-Boost protocols function generally. If the government refuses to provide supplemental disclosures, the Peraire-Buenos intend to move for relief immediately given the case schedule. Until the government provides adequate disclosures as to these topics, the Peraire-Buenos have no obligation to provide disclosures on these topics, and they reserve their right not to do so.

We are available to confer tomorrow, July 1, or Wednesday, July 2, with respect to this topic.

Sincerely,

*[signature]*

Katie Trefz

cc:   Daniel Marx, Esq.
      William Fick, Esq.

---

[2] This paragraph is not meant to lay out the full scope of potential testimony subject to Rule 702 in this case. For example, we note that large portions of AUSA Kudla's presentation to the Court at the June 17 hearing—including claims that a cryptographic signature on a blockheader conveys a promise to publish a block that includes a sandwich bundle in a particular order, or that MEV-Boost protocol functions like the "rules of the road" on the Ethereum Network—could only be admitted at trial under Rule 702. The Peraire-Buenos note that none of the topics disclosed in the government's June 27 letter appears to cover those topics.