LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 2, 2025

VIA ECF

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

> Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) — Letter Motion
> for Leave to Redact Defendants' Memorandum of Law in Support of Joint Motion
> to Compel Expert Disclosures and Related Exhibits

Dear Judge Clarke:

We represent the Defendants in this matter, James and Anton Peraire-Bueno. Pursuant to your Honor's Individual Rules in Criminal Cases 8(d), we respectfully request leave to file Defendants' Memorandum of Law in Support of their Joint Motion to Compel Expert Disclosures and certain Exhibits thereto with redactions. As explained in further detail below, the Protective Order (ECF 25) entered by the Court require that Defendants redact certain information in the Memorandum and Exhibits.

In accordance with Rule 8(d)(iii), Defendants have filed redacted versions of the relevant Memorandum and Exhibits on the public docket. Defendants have also provided to chambers via email clean copies of the Memorandum and Exhibits, as well as copies that highlight the material that Defendants redacted.

## I.    Relevant Background

On May 24, 2024, this Court entered an agreed Protective Order, which set forth rules and procedures for the use of four categories of protected information: Disclosure Material, Sealed Material, Attorney's Possession Only Material, and Attorney's Eyes Only Material. Sealed Material "contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity." ECF 25 at 2.

WILLIAMS & CONNOLLY LLP®
The Honorable Jessica G. L. Clarke
July 2, 2025
Page 2

When the government designates certain documents or material as Sealed Material and they are "pertinent to any motion before the Court," those documents "should initially be filed under seal, absent consent of the Government or Order of the Court." *Id.* at 3. The redacted portions of the Memorandum and Exhibits contain information that the government has designated as Sealed Material when it was initially disclosed.

## II.    Legal Standard

A three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "[A] judicial document is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The Memorandum and Exhibits are relevant and useful to the Court's determination of Defendant's Joint Motion to Compel Expert Disclosures.

As such, the Court must then "determine the weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* "If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure." *Id.*

## III.    Argument

Because (i) the government has designated certain information in Exhibit A as Sealed Material, (ii) Exhibit B references that same information, and (iii) those Exhibits are cited and discussed in the Memorandum, the Protective Order requires Defendants to seek leave to file the Memorandum and those Exhibits with redactions. In so doing, Defendants do not concede that the government properly designated the information in these Exhibits as containing Sealed Material and reserve the right to challenge that designation in the future. Likewise, Defendants take no position as to whether the factors that counsel against disclosure of these documents and information outweigh the presumption of public access.

## IV.    Conclusion

Defendants respectfully request that the Court permit them to file redacted versions of their Memorandum of Law in Support of their Joint Motion to Compel Expert Disclosures and Exhibits A & B thereto.

By: */s/ Katherine Trefz*
Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice*)

WILLIAMS & CONNOLLY LLP*
The Honorable Jessica G. L. Clarke
July 2, 2025
Page 3

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant*
*James Peraire-Bueno*

By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*