UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                        :

UNITED STATES OF AMERICA       :

                                   :

       -v.-                 :               S1 24 Cr. 293 (JGLC)

                                   :

ANTON PERAIRE-BUENO, and    :
JAMES PERAIRE-BUENO,        :

                                   :

                     Defendants.   :

                                   :
------------------------------------------------------x

## **JOINT PROPOSED REQUESTS TO CHARGE**

i

# TABLE OF CONTENTS

**REQUEST NO. 1 (GOVERNMENT) General Requests** .......................................................... 3

**REQUEST NO. 2 Summary of the Indictment** ..................................................................... 5

**REQUEST NO. 3 (DEFENSE) Protocols and Exploit** ......................................................... 7

**REQUEST NO. 4 (DEFENSE) Crimes Defined by Statute Only** ....................................... 9

REQUEST NO. 5 Multiple Counts – Multiple Defendants ..................................................... 10

**REQUEST NO. 6 Time Period** ............................................................................................. 11

**REQUEST NO. 7 Conspiracy and Substantive Offenses** ................................................... 12

**REQUEST NO. 8 Count Two: Wire Fraud Elements** ......................................................... 15

**REQUEST NO. 9 (GOVERNMENT) Count Two: Wire Fraud – Scheme to Defraud** ........ 17

**REQUEST NO. 9 (DEFENSE) Count Two: Wire Fraud – Scheme to Defraud** ................. 23

REQUEST NO. 10 Count Two: Wire Fraud – Enforceable Property Right ............................... 32

**REQUEST NO. 11 Count Two: Wire Fraud – Participation in the Scheme With Intent** ... 34

**REQUEST NO. 12 (GOVERNMENT)  Count Two: Wire Fraud – Rules and Protocols** ... 39

**REQUEST NO. 13 Count Two: Wire Fraud – Use of the Wires** ........................................... 40

**REQUEST NO. 14 (GOVERNMENT) Count Two: Wire Fraud – Willful Causation** ........ 42

**REQUEST NO. 15 (GOVERNMENT) Count Two: Wire Fraud – Aiding and Abetting** ... 44

**REQUEST NO. 16 Count One: Conspiracy to Commit Wire Fraud – Elements** ............... 48

**REQUEST NO. 17 Count One: Conspiracy to Commit Wire Fraud – Existence of Agreement** ...................................................................................................................................... 51

**REQUEST NO. 18 Count One: Conspiracy to Commit Wire Fraud – Membership in the Conspiracy** ............................................................................................................................ 56

**REQUEST NO. 19 Count Three: Conspiracy to Commit Money Laundering** .................... 63

**REQUEST NO. 20 Count Three: First Element - Existence of the Conspiracy** ................. 65

**REQUEST NO. 21** ................................................................................................................ 67

**Object of Conspiracy Charged in Count Three: Money Laundering – Elements** ............... 67

**REQUEST NO. 22** ................................................................................................................ 69

**Object of Conspiracy Charged in Count Three: Money Laundering – Financial Transaction** ...................................................................................................................................... 69

**REQUEST NO. 23** ................................................................................................................ 71

**Object of Conspiracy Charged in Count Three: Money Laundering – Proceeds of Specified Unlawful Activity** ................................................................................................................. 71

**REQUEST NO. 24** ................................................................................................................ 74

i

**Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge that Transaction Involved Proceeds of Unlawful Activity** ............................................................... 74

**REQUEST NO. 25** ............................................................................................................... 77

**Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge that Transaction Was Meant to Conceal** ................................................................................. 77

**REQUEST NO. 26 Count Three: Second Element – Membership in the Conspiracy** ......... 82

**REQUEST NO. 27 (GOVERNMENT) Conscious Avoidance** ............................................... 83

**REQUEST NO. 28 Venue** ..................................................................................................... 86

**REQUEST NO. 29 (GOVERNMENT) Co-Conspirator Statements** ..................................... 89

*[If Applicable]* ...................................................................................................................... 89

**REQUEST NO. 30 (GOVERNMENT) False Exculpatory Statements** ................................. 91

*[If Applicable]* ...................................................................................................................... 91

**REQUEST NO. 31 Presence of Counsel Not a Defense** ....................................................... 92

**REQUEST NO. 32 Limited Evidence** .................................................................................. 94

**REQUEST NO. 33 Stipulations** ........................................................................................... 95

REQUEST NO. 34 Charts and Summaries ............................................................................. 96

REQUEST NO. 35 Expert Witnesses ..................................................................................... 97

**REQUEST NO. 36 Law Enforcement Witnesses** ................................................................. 99

*[If Applicable]* ...................................................................................................................... 99

**REQUEST NO. 37 Preparation of Witnesses** ...................................................................... 100

**REQUEST NO. 38 Persons Not on Trial** ............................................................................. 101

**REQUEST NO. 39 (GOVERNMENT) Uncalled Witnesses — Equally Available** ............. 102

**REQUEST NO. 40 Testimony of Cooperating Witnesses** .................................................... 103

**REQUEST NO. 41 Defendant's Testimony** ......................................................................... 107

REQUEST NO. 42 Defendant's Right Not to Testify ............................................................ 108

**REQUEST NO. 43 (GOVERNMENT) Use of Evidence Obtained in Searches** ................. 109

*[If Applicable]* ...................................................................................................................... 109

**REQUEST NO. 44 Particular Investigative Techniques Not Required** .............................. 111

**REQUEST NO. 45 (GOVERNMENT) All Available Evidence Need Not Be Introduced** . 113

**REQUEST NO. 46 Redactions** ............................................................................................. 114

**REQUEST NO. 47 Improper Considerations** ....................................................................... 115

**REQUEST NO. 48 (GOVERNMENT) Conclusion** .............................................................. 116

**REQUEST NO. 48 (DEFENSE) Conclusion** ....................................................................... 118

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :
            -v.-                                  :
                                                  :          S1 24 Cr. 293 (JGLC)
ANTON PERAIRE-BUENO, and                          :
JAMES PERAIRE-BUENO,                              :
                                                  :
                        Defendants.               :
                                                  :
------------------------------------------------------x

## <u>INTRODUCTION</u>

The parties respectfully submit these joint requests to charge, pursuant to Rule 30 of the Federal Rules of Criminal Procedure. Where the parties disagree about specific language within an instruction, the Government's proposed language is indicated above-the-line in **bold and blue text**, and the defendants' proposed language is indicated above-the-line in **bold and red text**. Regular text within these instructions reflects language proposed jointly by the parties. The parties' respective positions with respect to any proposals with objections, along with legal support for those positions, are discussed in footnotes.

For two instructions—*i.e.*, the scheme to defraud element for the Count Two (Instruction No. 9), and the concluding instruction (Instruction No. 48)—the parties have proposed alternative instructions, with headers marked (Defense) or (Government) in yellow highlighting and the text of the proposed instruction in blue text (Government) and red text (defense).

For several other instructions where the defense position is that the instruction is unnecessary—*i.e.*, instructions on rules and protocols (Instruction No. 12), willful causation (Instruction No. 14), aiding and abetting (Instruction No. 15), conscious avoidance (Instruction

1

No. 27), co-conspirator statements (Instruction No. 29), false exculpatory statements (Instruction No. 30), uncalled witnesses (Instruction No. 39), use of evidence obtained in searches (Instruction No. 43), and that all available evidence need not be introduced (Instruction No. 45)—the header of the instruction is marked (Government) in yellow highlighting, with the text of the instruction in **blue and bold text**, and the defense position in a footnote.

Likewise, for several other instructions where the Government position is that the instruction is unnecessary—*i.e.*, instructions on protocols and exploits (Instruction No. 3), and crimes defined by statute only (Instruction No. 4)—the header of the instruction is marked (Defense) in yellow highlighting, with the text of the instruction in **red and bold text**, and the Government position in a footnote.

The parties respectfully reserve the right to make supplemental requests to charge based on the evidence and arguments offered at trial.

## REQUEST NO. 1 (<mark>GOVERNMENT</mark>)

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters[1]:

    a.  Function of Court and Jury.

    b.  Indictment Not Evidence.

    c.  Statements of Court and Counsel Not Evidence.

    d.  Rulings on Evidence and Objections.

    e.  Burden of Proof and Presumption of Innocence.

    f.  Reasonable Doubt.

    g.  Inferences.

    h.  Government Treated Like Any Other Party.

    i.  Definitions, Explanations and Example of Direct and Circumstantial Evidence.

    j.  Credibility of Witnesses.

    k.  Jury's Recollection Controls.

---

[1] <u>Government</u>:  The Government can furnish proposed language for these instructions at the Court's request.

<u>Defense Reply</u>:  Defendants requested that the parties jointly propose general instructions in this submission in light of the fact that the Court's Individual Trial Rules and Procedures provide that it will instruct on certain of these topics before opening statements.  The government declined Defendants' request and refused to include them as defense-proposed instructions in this submission.  Accordingly, to the extent the Court finds them useful, Defendants are separately filing with the Court their proposed general instructions that they had proposed to be included in this submission.

3

l.   Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.   Punishment Is Not To Be Considered by the Jury.

o.   Verdict Must Be Unanimous.

## REQUEST NO. 2

### Summary of the Indictment

The defendants, ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO, are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  I will not read the entire Indictment to you.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment in this case contains three counts.[2, 3]  I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One of the Indictment charges that ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO, the defendants, conspired with others—that is, agreed with others—to commit wire fraud, from at least in or about December 2022 to at least in or about May 2024.

Count Two of the Indictment charges that ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO committed the substantive crime of wire fraud, from at least in or about December 2022 to at least in or about May 2024.

Count Three of the Indictment charges that PERAIRE-BUENO and JAMES PERAIRE-BUENO, agreed with others to commit money laundering, from at least in or about April 2023 to at least in or about May 2024.

---

[2] Government: Closer to trial, and after conferring with the defense, the Government intends to submit to the Court a Trial Indictment limited to the charges relevant to the trial, in light of the Government's determination not to procced on Count Four.  These requests to charge therefore omit reference to Count Four.

[3] Defense: The Peraire-Buenos reserve the right to oppose the government's revised Indictment.

**[The defendants have not been charged with hacking into any computer system, theft, or any other crime aside from the three I just mentioned.  Your duty is to assess whether the government has proven each and every element of these three counts beyond a reasonable doubt.][4]**

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-1 and 3-2.

---

[4] Defense: Because the government has characterized the offense conduct as an "exploit" of a security "vulnerability" within the MEV-Boost system and described the Peraire-Buenos' receipt of cryptocurrency as "stealing," there is a substantial risk that the jury may conflate the offense conduct with hacking or theft.  Defendants propose clarifying that they have not been charged with either crime.

Government's Response: The Government objects to the inclusion of such language as unnecessary.  The Government does not expect that its witnesses will describe the fraud scheme as a "hack," and it is otherwise proper for the Government to elicit testimony that certain witnesses understood the defendants' conduct to constitute, in lay terms, an exploit of a vulnerability that allowed the defendants to steal the victims' cryptocurrency.  The Government is amenable to discussing a proposed limiting instruction, if any, with the defense should the evidence adduced at trial result in a significant risk that the jury will believe that the defendants are on trial for hacking or theft offenses.  Finally, the proposition that the defendants are not on trial for any crime other than those with which they were charged is already accounted for in Request No. 4 (Multiple Counts – Multiple Defendants).

## REQUEST NO. 3 (DEFENSE)

### Protocols and Exploit

You have heard evidence concerning the MEV-Boost protocol and the Ethereum protocol. A "protocol" in this context is simply a set of computer programming rules that govern how data is shared between computers. It is not a contract or a code of law. In considering whether a defendant's conduct was fraudulent, in violation of the criminal laws at issue in this case, if you find that the defendant you are considering violated a protocol, that does not by itself mean that the defendant has committed a crime. Similarly, let me caution you that a defendant's compliance with a protocol cannot render any fraudulent conduct legal or immaterial as a matter of law. In determining whether the defendant has committed any of the charged offenses, you are to apply the instructions I give you today.[5]

---

[5] Defense: This instruction is adapted from Judge Subramanian's similar instruction concerning the relevance of terms of service on the various trading platforms used by the defendant in *Eisenberg*.

Government Response: The Government objects to this instruction in its entirety. To start, certain parts of the defendants' proposed instruction improperly invade the province of the jury. What a "protocol" means "in this context," and whether it constitutes a "contract" or "code of law" are factual issues, and it is plainly improper for the defendants to put forth unsworn testimony before the jury regarding their definition of a protocol and the legal effect thereof using the imprimatur of the Court. *See United States v. Gaines*, 295 F.3d 293, 301-02 (2d Cir. 2002) (finding "it would have been improper for the district court to usurp the function of the jury by instructing them to resolve [an issue of fact] in favor of defendant").

The defendants' request for instructions regarding the labeling of their conduct as an "exploit" is also unwarranted and should be rejected. Defendants concede by omission that such language appears nowhere in *Eisenberg*, and they offer no other support for such an unbalanced instruction in any other case. Indeed, if the Court were inclined to issue the instruction that the defendants request, a balanced instruction would require the Court to also instruct the jury that the fact that

Relatedly, you have heard evidence that defendants' conduct was labeled by some third parties as an "exploit."  That conduct was labeled an "exploit" does not necessarily mean that a crime was committed.  Again, in determining whether the defendant has committed any of the charged offenses, you are to apply the instructions I give you today.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1492.

---

the defendants' conduct was labeled as permissible or desirable, or that other third parties may have supported the defendants' conduct, does not necessarily negate the defendants' guilt.

Finally, the Government believes that this instruction is unnecessary in light of the Government's proposed language regarding rules and protocols, *see* Instruction No. 12.

## REQUEST NO. 4 (DEFENSE)

## Crimes Defined by Statute Only

In our system, we only have crimes that are defined by statute. The fact that something may seem morally wrong to you may not be considered by you in deciding whether any crime has been committed. Statutes define our crimes, and from time to time, I will talk to you about the individual statutes and how they break down into elements so you can consider the elements the government must prove. Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. You must break it down to the elements and see if there is proof beyond a reasonable doubt as to each one of those elements. Only then, with that determination made, can you render a verdict.[6]

Source(s): *United States v. Scherer*, No. 92-cr-698-KTD (S.D.N.Y.), at Tr. at 196.

---

[6] Defense: This Instruction is adapted from Judge Duffy's charge in *United States v. Scherer*, No. 92-cr-698-KTD (S.D.N.Y.), at Tr. 196. *Accord United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 490 (2001) ("[U]nder our constitutional system . . . federal crimes are defined by statute[.]") (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812)); *United States v. Arias*, 409 F. Supp. 2d 281, 291 (S.D.N.Y. 2005) (Lynch, J.) ("In the federal jurisdiction, all crimes are defined by statute." (citing *Hudson*, 7 Cranch 32)); *cf. United States v. Connolly*, 24 F.4th 821, 834 (2d Cir. 2022) ("[F]ederal fraud statutes are not catch-all laws designed to punish all acts of wrongdoing or dishonorable practices.").

Government Response: The Government objects to this instruction as unnecessary and confusing, given the other instructions in the proposed jury charge, such as Request No. 4 (Multiple Counts – Multiple Defendants), that the jury may only render a verdict based on whether the evidence establishes each element of each offense beyond a reasonable doubt.

9

## REQUEST NO. 5

### Multiple Counts – Multiple Defendants

As I just indicated, the Indictment contains a total of three counts. Each count charges both defendants before you with a separate offense or crime. You must consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

## REQUEST NO. 6

## Time Period

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved in a transaction. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different. [The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence, or the amounts alleged in the Indictment and the amounts established by the evidence.] [It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the timeframe alleged, and in an amount reasonably approximating the one alleged.][7]

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12 and 3-13, and from the jury charges of the Honorable Valerie E. Caproni in *United States v. Alisigwe*, 22 Cr. 425 (VEC) (Dec. 11, 2023), and the Honorable Paul A. Engelmayer in *United States v. Gray*, 21 Cr. 713 (PAE) (May 20, 2024).

---

[7] Defense: *See United States v. Karony*, No. 1:23-cr-00433 (E.D.N.Y.), ECF 199-2 at 10.

Government Response: The Government's proposed instruction includes the standard "substantial similarity" formulation that is routinely given in this District. *See, e.g.*, the jury instructions of the Honorable Valerie E. Caproni in *United States v. Alisigwe*, 22 Cr. 425 (VEC) (Dec. 11, 2023), Tr. at 593 ("The law requires only a substantial similarity between the dates and months alleged in the indictment and the dates and months established by the evidence."), and the Honorable Paul A. Engelmayer in *United States v. Gray*, 21 Cr. 713 (PAE) (May 20, 2024), Tr. at 1716 ("The law requires only a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the evidence.").

## REQUEST NO. 7

### Conspiracy and Substantive Offenses

As I have told you, Counts One and Three charge both defendants with the crime of conspiracy, and Count Two charges the defendants with what we call a substantive crime. I will instruct you as to each of those counts separately in just a moment.

The crime of conspiracy is different from a substantive crime. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with the actual commission [or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission,][8] of an offense. A substantive offense therefore can be committed by a single person. It need not involve an agreement with anyone else.

---

[8] Defense: Defendants object to the addition of this language. This language is inapplicable to this case. The government charges that the alleged Exploit was a completed fraud. There is no plausible scenario in which the government fails to prove the Exploit was a completed fraud yet succeeds in proving it was an attempted fraud or a fraud by someone other than the Peraire-Buenos.

Government Response: The Government's proposed instruction accurately instructs the jury on alternative theories (*e.g.*, an aiding-and-abetting theory) and lesser-included theories (*e.g.*, attempts) of substantive liability. *See, e.g.*, *United States v. Dhinsa*, 243 F.3d 635, 675 (2d Cir. 2001) (recognizing attempt as a lesser included offense of the substantive crime), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). The indictment in this case charges aiding and abetting, by inclusion of 18 U.S.C. § 2. Depending on how the evidence comes in at trial, it is permissible for the jury to convict on an aiding-and-abetting or attempt theory. The Government is entitled to such instructions, particularly where the indictment in this case charges an alternative aiding-and-abetting theory and an attempt is a lesser-included offense. *See also Dhinsa*, 243 F.3d at 674 (explaining that indictment need not charge the defendant with attempt to charge the jury on attempt).

12

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy.  And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime that is the object of the conspiracy was ever actually committed.  In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not accomplished.  Consequently, a conspiracy charge does not require proof that the crime that was the object of the conspiracy actually was committed.  By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

**[With respect to the substantive count, you should be aware also that there are three alternative theories on the basis on which you may find a defendant guilty.  While I am going to explain these three theories in more detail, I want to take a brief moment to outline them.  The first theory is that the defendants committed a substantive crime charged in the Indictment.  The second theory is that the defendants, with criminal intent, willfully caused someone else to engage in certain actions that resulted in the commission of a substantive crime charged in the Indictment.  I am going to refer to both of those two theories that I just outlined for you as involving a claim that a defendant is guilty of a crime as a principal.  The third theory is that someone committed the crime charged in the Indictment and that the**

**defendants aided and abetted the commission of that crime. I will refer to that theory as a claim that the defendants are guilty of a crime as an aider and abettor.]**[9]

For the sake of convenience, in organizing my instructions to you, I'm going to instruct you first with respect to Count Two, which charges the defendants with committing substantive crime of wire fraud. I will then instruct you on Count One, which charges the defendants with conspiring to commit wire fraud, and then Count Three, which charges the defendants with conspiring to commit money laundering.

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF), the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK) (October 1, 2018), the Hon. Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (S.D.N.Y. Nov. 2, 2022), and the Honorable Jennifer L. Rochon in *United States v. Williams*, 22 Cr. 684 (JLR) (February 14, 2024).

---

[9] <u>Defense:</u> Defendants object to the addition of this paragraph. There is no plausible scenario in which the government will seek to prove that either of the Peraire-Buenos committed wire fraud on an aiding and abetting theory, or that they caused the commission of wire fraud by someone else. Moreover, the paragraph is inadequate because it fails to instruct the jury on the elements of aiding and abetting. *See, e.g.*, *United States v. Bankman-Fried*, No. 22-cr-00673 (S.D.N.Y.), Tr. 3165. In a criminal trial that already promises to be factually complex, this paragraph needlessly introduces additional layers of legal complexity.

<u>Government Response:</u> The language to which the defendants object is routinely provided as part of the instruction on substantive offenses given in this District. The elements of aiding and abetting are set forth in Instruction No. 15, below; this is intended solely to provide an overview. Finally, whether the evidence will show that the defendants acted as principals or aiders-and-abettors is an issue that can only be resolved after the evidence comes in at trial.

**REQUEST NO. 8**

**Count Two: Wire Fraud Elements**

Let us turn now to Count Two, wire fraud.

To sustain its burden of proof with respect to the offense of wire fraud, the Government must prove each of the following three elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a scheme or artifice to defraud to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly **[and willfully]**[10] participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

---

[10] <u>Defense:</u> The element of willfulness is a standard component of wire fraud jury instructions. *See, e.g.*, *Sand* Instruction 44-3; *United States v. Goldstein*, No. 1:21-cr-00550 (DC) (E.D.N.Y. June 27, 2023), ECF 157 at 56; *United States v. Wade*, No. 1:21-cr-00472 (KPF) (S.D.N.Y.), ECF 292, Tr. 1109; *United States v. Bankman-Fried*, No. 22-cr-00673 (LAK) (S.D.N.Y.), Tr. 3149; *United States v. Chastain*, No. 22-cr-305 (JMF) (S.D.N.Y.), Tr. 916; *see also United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019) (upholding jury instruction on honest-services wire fraud that required evidence that "defendant participated in the scheme knowingly, *willfully*, and with specific intent to defraud" (emphasis added)); *United States v. Calderon*, 944 F.3d 72, 91-92 (2d Cir. 2019) (approving of similar instruction in a bank fraud case).

<u>Government Response:</u> The Government's proposed instruction on the wire fraud intent element does not include the word "willfully," which "has no textual basis in the wire fraud statute." *United States v. Bynum*, No. 21 Cr. 603 (VEC), Dkt. 1149 at 1-2 (Nov. 10, 2023). The applicable *mens rea* for wire fraud is specific intent to defraud. *United States v. Rybicki*, 354 F.3d 124, 150 (2d Cir. 2003); *see also United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (the "specific intent required under the mail fraud statute is the intent to defraud . . . and not the intent to violate a statute.").

In other words, there is no requirement that the court instruct the jury that the defendant's participation in the scheme to defraud must be willful, which is not tethered to the language of the wire fraud statute or required under Circuit law. *See, e.g.*, *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019) (recounting the "dearth of authority supporting the correctness of [a willfulness] instruction in the wire fraud context, particularly in

15

*Third*, that in execution of that scheme, the defendant used or caused the use of interstate wires.

I will now separately instruct you on each of these elements.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3, the jury charges of the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, No. 24 Cr. 402 (Mar. 19, 2025), the jury charge of the Honorable Jennifer L. Rochon in *United States v. Brend*, No. 22 Cr. 551 (Mar. 4, 2024), the jury charge of the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23 Cr. 168 (July 9, 2024), and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016), and *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004).

---

light of the fact that 'willfulness' is not included in the wire fraud statute itself," and explaining that a requirement that "a defendant must *know the law and intend to violate it*" to be guilty of wire fraud "is an incorrect statement of the law, according to the vast weight of authority" (emphasis in original)); *United States v. Novis*, No. 20-CR-335 (JMA), 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) (collecting cases and noting that "willfulness instruction given at trial" was "erroneous" because "willfulness is not an element of mail or wire fraud").

The lack of any willfulness requirement for wire fraud is in line with other federal courts of appeals. *See United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017) (holding that district court's "instruction that [the defendant] did not need to know his actions were illegal was not erroneous" because the "mail and wire fraud statutes do not require proof of willfulness"); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015) (noting that wire fraud statute "requires a specific intent to defraud but not wilfulness or any other proxy for knowledge of the law"); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997) (rejecting "willfully" language in mail fraud instruction), *aff'd*, 158 F.3d 166 (2d Cir. 1998). *Tanner* and *Calderon* are not to the contrary. In *Tanner*, the relevant issue was whether the district court properly instructed the jury that it needed to find *both* defendants' corrupt intent for purposes of an honest services wire fraud count, and not whether the general wire fraud statute requires the Government to prove that a defendant acted willfully. Similarly, in *Calderon*, the Second Circuit upheld—on plain error review—jury instructions that the defendant argued should have included language regarding contemplated harm, without any discussion as to whether the wire fraud statute requires a willful state of mind.

### REQUEST NO. 9 (GOVERNMENT)[11]

### Count Two: Wire Fraud – Scheme to Defraud

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A statement, representation, claim, or document is "false" if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A pretense, representation, or statement is "fraudulent" if it was falsely made or done with the intention to deceive. A statement may also be false or fraudulent if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive.[12] The Government need not show that the defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made.

---

[11] Government Response: The Government respectfully requests that the Court issue its proposed instructions on a scheme to defraud, which is drawn from statements of law as well as other jury instructions that have been given in this District. For ease of review, the Government will include its responses to the defendants' proposed language in the footnotes to the defendants' proposed instructions.

[12] Government: *See Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 258 (2024) ("Half-truths . . . are representations that state the truth only so far as it goes, while omitting critical qualifying information."), *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak 'half truths' or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.").

Even where statements allegedly made in furtherance of a scheme to defraud are literally true, the first element of wire fraud has been satisfied where the statements and/or conduct of a defendant were deceptive.[13]

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation. If there is deception, the manner in which it is accomplished does not matter.[14]  In addition, it is not required that the scheme to defraud involve deception of the same person or entity whose money or property is obtained.  The deception may target one person or entity in order to obtain the money or property of another.[15]

---

[13] Government:  *See, e.g.*, the jury charges of the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (ER) (June 14, 2021), and the Honorable Paul G. Gardephe in *United States v. Amanat*, No. 15 Cr. 536 (PGG) (Oct. 22, 2018).

[14] Government: *See United States v. Trapilo,* 130 F.3d 547, 550 n.3 (2d Cir. 1997) (smuggling scheme that involved no false statements constituted wire fraud); *United States v. Hild*, No. 23-6136, 2025 WL 2153125, at *5 (2d Cir. July 30, 2025) (citing *Trapilo* for the proposition that a "scheme exists although no misrepresentation of fact is made"); *United States v. Chanu*, 40 F.4th 528, 541 (7th Cir. 2022) (manual spoofing conduct constituted a scheme to defraud because a trading order "signals a trader's intent to buy or sell" and therefore is a "quintessential 'half-truth' or implied misrepresentation"); *United States v. Rafsky*, 803 F.2d 105, 108-09 (3d Cir. 1986) (check kiting was scheme to defraud because it tricks a bank into believing the fraudster has a higher balance).

[15] Government: *See United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) ("wire fraud does not require convergence between the parties intended to be deceived and those whose property is sought in a fraudulent scheme").

The false or fraudulent pretense, statement, representation, claim, promise, document, or conduct must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.[16]  It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.[17]

In addition to proving that a statement or conduct was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated obtaining a victim's money or property. "Money or property" includes cryptocurrencies.  Obtaining money or property means gaining or attaining possession or use of it, whether permanently or temporarily.  Money or property may be obtained even when something else is simultaneously given in return.  In other words, it is sufficient to establish a scheme to

---

[16] Government: *See Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed."); *United States v. Denkberg*, 139 F.4th 147, 159 (2d Cir. 2025) (same); *United States v. Frenkel*, 682 F. App'x 20, 23 (2d Cir. 2017) (instruction "using *Neder*'s formulation of materiality" is proper).

[17] Government: *See United States v. Amrep Corp.*, 560 F.2d 539, 546 (2d Cir. 1977) (rejecting the argument that "every misrepresentation charged in the indictment must be proved" since "[a] scheme to defraud may consist of numerous elements, no particular one of which need be proved if there is sufficient overall proof that the scheme exists").

defraud if a defendant uses falsehoods to induce a victim to enter into a transaction in order to obtain the victim's money or property, even if the victim receives something in return.[18]

To "obtain" money or property, it is not necessary for the government to prove that a false or fraudulent statement or conduct was made prior to the victim's decision to part with money or property. Rather, if after having obtained money or property, the defendant devised or participated in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent misrepresentation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.[19]

It is not necessary for the government to prove that the scheme to defraud actually succeeded, that any particular person actually relied on a statement or representation, that a victim was actually defrauded, or that any victim suffered a financial loss, damages, injury, or was economically worse off. The Government need not prove that a victim actually was deprived of money or property, only that the defendant contemplated that a victim would be deprived of money

---

[18] <u>Government</u>: *See Kousisis v. United States*, 145 S. Ct. 1382, 605 U.S. --- (2025) (defining "obtain" as "to gain or attain possession" and explaining that "money or property is no less 'obtained' simply because something else is given in return"), *United States v. Gatto*, 986 F.3d 104, 113 (2d Cir. 2021) ("a defendant need not literally obtain money or property – in the sense of putting money in his own pocket"), and *United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) (the requirement that the defendant devise a scheme to obtain money or property is "satisfied where a defendant fraudulently obtains the use of another person's money or property for a period of time," whether "temporarily … or permanently").

[19] <u>Government</u>: *See Porcelli v. United States*, 404 F.3d 157, 162-63 (2d Cir. 2005) (sufficient to convict defendant of wire fraud where the tax scheme involved him *keeping* money he already had by virtue of his not paying taxes), and *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) (scheme to defraud where the defendant "intentionally misrepresented his income in order to retain pension overpayments").

or property as a result of the scheme. Although it is not necessary that the scheme actually succeeded, you may consider whether it succeeded in determining whether the scheme existed.[20]

In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if the victim had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to fraud.[21]

A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025); from the jury charges by the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), the Honorable Alison J. Nathan in *United States v. Lebedev*, No. 15 Cr. 769 (Mar. 10, 2017), the Honorable Richard J. Sullivan in *United States v. Pan*, No. 12 Cr. 153 (May 1, 2013), the Honorable Paul A.

---

[20] <u>Government:</u> *See Kousisis v. United States*, 145 S. Ct. 1382, 605 U.S. --- (2025) (wire fraud does not require "a showing of ultimate financial loss" or that the victim was "economically worse off"); *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common -law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes"); *United States v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997) ("the government is not required to show that the intended victim was actually defrauded"); *United States v. Trapilo,* 130 F.3d 547, 552 (2d Cir. 1997) (calling the success of scheme "irrelevant" to wire fraud offense).

[21] <u>Government:</u> *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common-law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes); *United States v. Isola*, 548 F. App'x 723, 724-25 (2d Cir. 2013) ("any evidence that [victims] … were unreasonable … is not relevant to how a reasonable [victim] would have viewed defendant's misrepresentations"); *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("a victim's lack of sophistication" or "the 'reasonable victim' defense does not apply to allegations of mail fraud").

Engelmayer in *United States v. Gray*, No. 21 Cr. 713 (May 29, 2024), the Honorable Edgardo Ramos in *United States v. Blakstad*, No. 19 Cr. 486 (June 14, 2021), the Honorable Paul G. Gardephe in *United States v. Amanat*, No. 15 Cr. 536 (Oct. 22, 2018), the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Jan. 24, 2022), the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (June 23, 2025), and the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (Oct. 3, 2024).

## REQUEST NO. 9 (DEFENSE)

### Count Two: Wire Fraud – Scheme to Defraud[22]

---

[22] Government Response: The Government objects to the defense's formulation in its entirety. Their arguments are belied by the cited cases provided by the Government in support of its requested instruction. To the extent further argument is needed, the Government respectfully requests an opportunity to be heard or brief any issues for the Court.

Defense: The government's version of Request No. 18 appears to have been crafted by mixing and matching language from 10 district court instructions and an array of appellate cases, most of which do not even concern instructions. As a result, the government's version does not reflect how courts typically instruct on wire fraud and in particular the scheme to defraud element. Notably, it does not specify what kinds of false statements form the basis for the fraudulent scheme charged in this case—information necessary for the jury to understand the charges, and something courts in this circuit typically include in their wire fraud instructions (even in the instructions the government purports to rely on). *See, e.g. United States v. Bankman-Fried*, No. 22-cr-00673 (S.D.N.Y.), ECF Tr. 3151 ("Now, as is pertinent here with respect to the alleged wire fraud on customers of FTX, a scheme to defraud existed if …"); *see also United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 57-58 (instructing on the alleged bribes in an honest-services fraud case).

Defendants propose a simpler approach. The Court should rely principally on Judge Rakoff's concise statement of the scheme to defraud element in *United States v. Newkirk*, No. 1:14-cr-00534-JSR (S.D.N.Y. Dec. 11, 2015), ECF 77, as a baseline model. Where the proposed instruction substantively departs from Judge Rakoff's language, a footnote explains the reason for the departure.

Government Response: The Government's instruction is firmly rooted in the cited prior charges, which substantially overlap with each other, and applicable case law. There is nothing improper about this Court using a proposed instruction that draws on multiple sources. Indeed, a trial court "enjoys broad discretion in crafting its instructions, which is only circumscribed by the requirement that the charge be fair to both sides." *United States v. Fazio*, 770 F.3d 160, 166 (2d Cir. 2014) (cleaned up). The Government's proposed instruction on a scheme to defraud "inform[s] the jury of the correct legal standard and on the applicable rules of law." *See United States v. Mundy*, 539 F.3d 154, 157 (2d Cir. 2008).

Likewise, there is no requirement that this Court particularize the false statements and/or misrepresentations at issue in this case. Moreover, neither Judge Kaplan in *Bankman-Fried* nor Judge Chin in *Goldstein* particularized the respective false statements/misrepresentations or bribes. The level of detail outlined in the jury instructions in both cases is consistent with that set forth in the Government's proposed instructions.

23

As to the first element, a "scheme to defraud" is a plan or design to obtain money or property by means of "false or fraudulent pretenses, representations, or promises." Fraudulent pretenses, representations or promises can take the form of outright lies, but they can also consist of misleading statements.[23] The lies or misrepresentations must be material—that is, they must

---

[23] <u>Defense</u>: Here, Judge Rakoff's instructions state that fraudulent representations can also take the form of misleading "half-truths." But the half-truth theory is not available here because the government has not alleged any statements that were true but misleading because they were incomplete. The Indictment charges false statements, and the government has never argued a half-truth theory.

<u>Government Response</u>: As noted above, the Government objects to the entirety of the defendants' proposed wire fraud instruction, and requests that this Court provide the Government's proposed instructions, which are consistent with substantive wire fraud instructions routinely given in this District.

However, the Government also responds more specifically to the defendants' assertions that "a half-truth theory is not available here" because the Government only charged false statements as opposed to half-truths, and that the Government has "never argued a half-truth theory." The defendants are incorrect. As an initial matter, at the June 17, 2025 oral argument, the Government explained, by analogy to the Seventh Circuit's "spoofing" cases, that the defendants were charged with a unified scheme to defraud, which included "quintessential half truth[s]." (Dkt. 100, at 91-92). Indeed, the Indictment's statutory allegations—which track the broad language of the wire fraud statute—charge the defendants with engaging in a scheme to defraud and to obtain money and property through false and fraudulent pretenses, representations, and promises. (Dkt. 70, ¶¶ 34, 36). As explained in the Government's opposition to the defendants' motions *in limine*, the Government's trial proof is not confined to or bound by—as defendants suggest—the allegations in the Indictment's to-wit clause or even its speaking allegations. *See United States v. Simpson*, 227 F. App'x 41, 43-44 (2d Cir. 2007); *United States v. Dupre*, 462 F.3d 131, 140-41 (2d Cir. 2006); *United States v. Agrawal*, 726 F.3d 235, 260-61 (2d Cir. 2013). Because it flows from this precept that the jury could find the defendants guilty of wire fraud based on half-truths, there is simply no basis to constrain the jury instructions in the way the defendants suggest.

24

naturally tend to lead or be capable of leading a reasonable person to change his conduct.[24]  It does not matter whether any individual or entity in fact relied upon the lies or misrepresentations.

Additionally, the government must prove that the lies or misrepresentations were the mechanism naturally inducing the alleged victim (or the custodian of the victim's property) to part with money or property in its control.  In other words, there must be a close causal connection between the misrepresentation and the loss of property.  A misrepresentation that has only a remote

---

[24] <u>Defense:</u> Defendants have modified Judge Rakoff's instruction on materiality to more closely conform to the specific language the Second Circuit has used to describe this requirement in fraud cases.  *See, e.g.*, *United States v. Runner*, 143 F.4th 146, 156 n.8 (2d Cir. 2025); *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017); *United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003) (en banc).

connection to the property loss or that is made after the loss of property has already occurred would

not satisfy this requirement.[25, 26]

---

[25] Defense: This paragraph is based on the Supreme Court's holding in *Loughrin v. United States*, 573 U.S. 351 (2014), that the term "by means of" in the bank fraud statute introduces an implicit, separate element of causation connecting the false statement to the loss of property. *Id.* at 364. The mail and wire fraud statutes, which contain the same "by means of" language, have been held to have the same "naturally inducing" causation requirement. *See United States v. Berroa*, 856 F.3d 141, 149-54 (1st Cir. 2017) (applying *Loughrin* to mail fraud statute); *United States v. Martinez*, 2023 WL 2118081, at *3 (S.D.N.Y. Feb. 17, 2023) (applying *Loughrin* to wire fraud statute).

Government Response: As noted above, the Government objects to the entirety of the defendants' proposed wire fraud instruction, and requests that this Court provide the Government's proposed instructions, which are consistent with substantive wire fraud instructions routinely given in this District.

However, the Government also responds specifically to note that there is no basis to include the defendants' proposed language, which appears to be drawn entirely from the defendants' interpretation of *Loughrin*—of note, the concepts of a "close causal connection" and derivations therefrom (*e.g.*, defendants' interpretation of what would not constitute a "close causal connection" do not appear anywhere in *Loughrin*). The Government is unaware of any case in which the trial court so instructed the jury, and the defendants point to none. Even in *Martinez*, cited by the defendants, Judge Liman explained that "[t]he Second Circuit has not addressed how close the relationship between the statement and the receipt of property must be to satisfy *Loughrin*." *United States v. Martinez*, 2023 WL 2118081, at *3 (S.D.N.Y. Feb. 17, 2023). Ultimately, it is the jury's role to apply the law to the facts, and the Government's proposed instructions adequately explain the law of wire fraud.

[26] Defense: The government cites *Porcelli v. United States*, 404 F.3d 157, 162-63 (2d Cir. 2005), and *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998), to suggest that the jury may convict based on a misrepresentation that occurred after the properly loss was accomplished. Not so. *Porcelli* and *Gole* were cases where a defendant was able to retain property through a misrepresentation. *Porcelli* involved a gas station operator who lied on his tax returns to avoid paying state sales taxes on gasoline, and *Gole* involved a recipient of disability benefits who underreported his other income to avoid refunding the government overpayments he was not entitled to receive. In both cases, the lie preceded the loss of (*i.e.,* failure of the government to attempt to recover) the property. These cases therefore do not stand for the proposition that a scheme to defraud may rely only on a misrepresentation made after the alleged property loss. But

In this case, the government alleges that the Peraire-Buenos participated in a scheme to defraud by making material misrepresentations.[27]  The government alleges that there were two

even if they did, the government has not charged that type of scheme here, and instructions that attempt to introduce that concept would only sow confusion.

[27] Defense: The government's proposed instruction wrongly states that it is not required to prove that the defendants made a misrepresentation.  It is beyond serious dispute that the wire fraud statute requires proof of a material misrepresentation or omission (coupled with a duty to disclose).  *See Neder v. United States*, 527 U.S. 1, 22 (1999) ("[T]he well-settled meaning of 'fraud' required a misrepresentation or concealment of material fact."); *United States v. Runner*, 143 F.4th 146, 154 (2d Cir. 2025) ("To prove a scheme to defraud, the government must prove that the defendant made misrepresentations that were 'material[.]'"); *United States v. Denkberg*, 139 F.4th 147, 155 (2d Cir. 2025) (scheme to defraud element "requires proof both that the defendant[s] acted with fraudulent intent and that any misrepresentations were material." (citation omitted)); *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019) (wire fraud requires proof "that the defendant in question engaged in a deceptive course of conduct by making material misrepresentations" (emphasis omitted)); *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (to allege a scheme to defraud under the wire fraud statute, "a plaintiff must provide proof of a material misrepresentation"); *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) ("In order to prove the existence of a scheme to defraud, the government must also prove that the misrepresentations were material[.]" (citation omitted)); *United States v. Frenkel*, 682 F. App'x 20, 22 (2d Cir. 2017) ("In proving the first element of wire fraud (a scheme to defraud), the government must prove that the misrepresentations at issue were material." (citation omitted)); *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 662 (2d Cir. 2016) ("Thus, what matters in federal fraud cases is not reliance or injury but the scheme designed *to induce* reliance on a known misrepresentation."); *United States v. Handakas*, 286 F.3d 92, 100 (2d Cir. 2002) ("The [scheme to defraud] element requires: [i] the existence of a scheme to defraud, [ii] specific intent to defraud on the part of the defendant, and [iii] material misrepresentations."), *overruled on other grounds by United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) (en banc); *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("The fraud statutes are violated by affirmative misrepresentations or by omissions of material information that the defendant has a duty to disclose."); *accord, e.g.*, *United States v. Eisenberg*, --- F.Supp.3d ----, 2025 WL 1489248, at *22 (S.D.N.Y. May 23, 2025); *United States v. Rare Breed Triggers, LLC*, 690 F. Supp. 3d 51, 101 (E.D.N.Y. 2023).

Of course, material misrepresentations can take the form of affirmative false statements or misleading "half-truths" (or "implied misrepresentations").  *See United States v. Connolly*, 24 F.4th 821, 834 (2d Cir. 2022) (assessing whether LIBOR submissions "constituted statements that

were false, half-truths, or fraudulent omissions"); *Eisenberg*, 2025 WL 1489248, at *22. But the government may not secure a conviction without proof of *some material misrepresentation.* The government has foregone a pure omission theory, which requires a duty to disclose that arises only when "one party has information that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *United States v. Szur*, 289 F.3d 200, 211 (2d Cir. 2002). And it has not indicated that it will seek to prove a half-truth because it has alleged only misrepresentations it claims were false, not true statements that were misleading. *See, e.g.*, ECF 61 at 15 (Lure Transactions and False Signature were "materially false representations"); ECF 97 at 2 (defendants used "deceitful trades" and "false statement"); ECF 146 at 10 (defendants "misrepresented [their] intent to remove the transactions from the block" and "falsely populated certain blockheader fields"). As a result, the material misrepresentation element in this case is simple—the government must prove the falsity and materiality of the two misrepresentations it alleges in the Indictment.

The cases the government cites do not support a different conclusion. *United States v. Trapilo*, 130 F.3d 547 (2d Cir. 1997), involved a smuggling scheme to evade taxes, and stated (in dicta) that wire fraud does not require a "misrepresentation *of fact.*" *Id.* at 550 n.3 (emphasis added). *Trapilo* was a misrepresentation case involving concealment and omissions. *See Empire Merchants, LLC v. Reliable Churchill LLP*, 2017 WL 5559030, at *11 (E.D.N.Y. Mar. 16, 2017) ("*Trapilo* specifically involved smuggling for the purpose of evading liquor excise taxes, a type of concealment consistently recognized as a deceptive act as it implicitly misrepresents that there is no tax to be paid."). As noted, a misrepresentation need not be a false statement of fact; it can also be established through misleading half-truths or omissions (with a duty to disclose)—neither of which forms of misrepresentation are alleged here. But, in every case, a misrepresentation is still required. *See Williams*, 889 F.3d at 125-26. In *Williams*, the court rejected the same "no misrepresentation" argument the government advances here: "A plaintiff . . . needs to allege a material misrepresentation as part of the defendants' scheme to fraud to state a violation of section 1341 or 1343." *Id.*

*Trapilo* also precedes the Supreme Court's 1999 decision in *Neder* clarifying that the wire fraud statute incorporates the common law requirement of a material misrepresentation. 527 U.S. at 23-25 ("[W]e hold that materiality of falsehood is an element of the federal … wire fraud" (emphasis added)). Since *Neder*, the Second Circuit has consistently recognized that a material misrepresentation is an element. *See Autuori*, 212 F.3d at 118; *accord, e.g.*, *United States v. Radley*, 632 F.3d 177, 185 (5th Cir. 2011) ("Although the language of § 1343 does not require a material misrepresentation, the Supreme Court [in *Neder*] has interpreted the statute to call for one."); *United States v. Chastain*, 145 F.4th 282, 290 (2d Cir. 2025) (ruling that the departure from "traditional notions of fundamental honesty and fair play," a common formulation of a scheme to defraud pre-*Neder*, is insufficient to prove wire fraud). *United States v. Hild*, 147 F.4th 103 (2d

28

such material misrepresentations.  First, that the Peraire-Buenos made a material misrepresentation when they proposed eight cryptocurrency transactions that the government alleges the Peraire-Buenos knew would cause certain MEV Bots to propose bundles of transactions that included the eight cryptocurrency transactions.  Second, that the Peraire-Buenos sent the relay an invalid blockheader containing a valid public key signature while also setting the "parent root" and "state root" fields to a series of zeros.[28]  It is the government's burden to prove beyond a reasonable

---

Cir. 2025), cited by the government, involved a scheme to defraud lenders by affirmatively misrepresenting that a third party's artificially inflated valuation of collateral reflected its market value.  *See id.* at 110.  In fact, the court acknowledged that a misrepresentation is a required element of wire fraud.  *See id.* ("[T]o sustain a conviction under [the wire and bank fraud statutes], the Government must prove that the defendant in question engaged in a deceptive course of conduct by making material misrepresentations." (citation omitted)).  In the discussion that the government cites, the court noted alternatively that the misrepresentation could have been implied through a series of misleading statements and omissions rather than explicitly stated.  *See id.* at 111 ("[E]ven if … Hild never falsely stated that IDC prices were market prices, there was sufficient evidence for the jury to conclude that, *based on Hild's omissions and misstatements*, lenders reasonably expected that IDC's rates were tied to the market." (emphasis added)). The court did not dispense with the misrepresentation requirement, as the government seeks to do.

In any event, the Indictment here charges misrepresentations.  The government has averred in pleadings that the Indictment charges a scheme to defraud based *only* on material misrepresentations.  *E.g.*, ECF 61 at 17 n.6 (Indictment alleges "material misrepresentations" and not omissions); ECF 97 at 2 (defendants "exploited a coding vulnerability by using a false statement"); ECF 125 at 26 (MEV-Boost user guides probative of "materiality of the defendants' misrepresentations"); ECF 146 at 9-10 ("materiality of the defendants' misrepresentation" is an essential element of wire fraud); *id.* at 11 (fraud theory is not "based on the defendants "upsetting … expectations" but on "'bait' transactions" and "False Signature").  Yet now the government erroneously seeks to instruct the jury that it can secure a conviction without proving a misrepresentation of any kind.

[28] <u>Defense:</u> *See* ECF 125 at 5 (describing what Indictment meant by conclusory allegation of "False Signature").  The Peraire-Buenos note that the government's explanation of what it means by "False Signature" has shifted over time.  These instructions feature the most recent formulation.

doubt that at least one of these acts (1) was a representation; in other words, that it was performed with the intention of communicating some message; (2) that the intended message was false; (3) that it was the kind of false statement that naturally would lead or is capable of leading a reasonable person to change his or her conduct; and (4) that the false statement was a mechanism capable of causing the alleged victim to part with money or property.[29]

In order to establish a scheme or artifice to defraud, the government is not required to prove that all of the alleged misrepresentations were made. It is sufficient if even one false statement was made if the statement was material.  However, you must unanimously agree on which alleged statement was false.[30]

The Government is not required to prove that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant knowingly, willfully,[31] and intentionally participated in that scheme. Similarly, while the government must prove that the scheme was intended to deprive one or more

---

The Peraire-Buenos respectfully request the opportunity to revise this language in response to further elaboration by the government or its witnesses.

[29] Defense: This portion of the instruction has been modified to replace facts specific to *Newkirk* with the allegations raised in the Indictment in this case.  *See* Indict., ECF 70 ¶¶ 34, 36.  The Indictment alleges that the Peraire-Buenos made misrepresentations that were false.  The government has not articulated how they were half-truths, and it has foregone a pure omission theory.

[30] Defense: *See United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 51-52.

[31] Defense: The *Newkirk* instruction is modified here to specify that the defendant's participation must be willful.  *See Sand* Instruction 44-4.

victims of money or property, the government is not required to prove that the scheme to defraud actually succeeded, that the defendant you are considering personally benefitted from the scheme to defraud, or that any victim actually suffered any loss from the scheme to defraud.

Source(s):  *United States v. Newkirk*, No. 1:14-cr-00534-JSR (S.D.N.Y. Dec. 11, 2015), ECF 77 at 12-13; *accord Sand* Instruction 44-4.

## REQUEST NO. 10
## Count Two: Wire Fraud – Enforceable Property Right

To prove the existence of a "scheme to defraud" under the first element of wire fraud, the government must also prove beyond a reasonable doubt that the alleged victim possessed an enforceable property right in the money or property that was the object of the scheme.  I instruct you as a matter of law that a victim may possess an enforceable property right in cryptocurrency he holds but does not possess an enforceable property right in future profits he hopes to earn through trades using that cryptocurrency.[32]

---

[32] Defense: Defendants propose instructing the jury that it must find that the scheme was intended to deprive the victim traders of an enforceable property right.  This Court ruled at the motion to dismiss stage that the Indictment sufficiently alleged that the victims were deprived of an enforceable property interest (*i.e.*, the cryptocurrency tokens).  ECF 112 at 21-23.  However, it did not reject the well-established principle that the loss of expected future profits cannot support a wire fraud conviction.  At trial, the government will argue that the property loss in this case was cryptocurrency.  The defense will argue, and the facts will show, that the cryptocurrency was voluntarily traded away and the only loss attributable to the alleged scheme is the loss of the trading profit the alleged victims *hoped* to secure through the order of future transactions in their proposed bundle—something to which they had no claim of right.

Government Response:  The Government objects to the inclusion of this language as unnecessary and confusing, and unsupported by the existing case law.  The defense cites no case in which such an instruction was given to a jury regarding the scope of "enforceable property rights" – a civil law concept – and the cases cited by the defense do not use this phrase.  The cases cited by the defense are also factually inapposite.  The Government's proposed Instruction No. 9 already defines for the jury that "money or property" includes cryptocurrency.  There is no allegation that the money and property sought to be obtained, and actually obtained, through the defendants' fraud scheme (including through the Lure Transactions) was anything other than cryptocurrency or fiat currency.  In other words, this is not a case in which the defendants are alleged to have defrauded the victims solely of their right to control their assets (as in *Ciminelli*), their right to be paid money (as in *Pierce*), or their market share (as in *$52,037.96 Seized*).  In their attempts to recast the Victim Traders' loss as one of future profits, the defendants conflate the issues of a victim's loss and a defendant's gain, rendering a standalone instruction on "enforceable property rights" unnecessary,

Source(s): *Ciminelli v. United States*, 598 U.S. 306, 316 (2023) ("[T]he wire fraud statute reaches only traditional property interests."); *United States v. Pierce*, 224 F.3d 158, 165-66 (2d Cir. 2000) ("A scheme to deceive, however dishonest the methods employed, is not a scheme to defraud in the absence of a property right for the scheme to interfere with."); *United States v. $52,037.96 seized*, 2015 WL 5601848, at *7-8 (D. Conn. Sept. 23, 2015) ("future market share is not a property right protected by the wire fraud statute"); *Pharmacare v. Caremark*, 965 F. Supp. 1411, 1417-19 (D. Haw. 1996) (same); *cf. Shaw v. Rolex Watch U.S.A., Inc.*, 726 F. Supp. 969, 974 (S.D.N.Y. 1989) ("[T]here is no property interest tantamount to ownership in speculative lost profits as separate from the goods themselves[.]").

---

imbalanced, and likely to confuse the jury by introducing an extraneous topic (*i.e.*, the defendants' characterization of the victims' loss, which the Government disputes) instead of focusing on the money or property that the defendants sought to gain.

**REQUEST NO. 11**

**Count Two: Wire Fraud – Participation in the Scheme With Intent**

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering devised or participated in the scheme to defraud knowingly, **[willfully,]**[33] and with specific intent to defraud.

To "devise" a scheme to defraud means to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with an intent to help it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I have previously noted, the defendant must have acted knowingly, **[willfully,]**[34] and with an intent to defraud. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. **["Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to**

---

[33] <u>Defense:</u> *See United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 58; *Sand* Instruction 44-5; *see also United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019); *United States v. Calderon*, 944 F.3d 72, 91-92 (2d Cir. 2019).

<u>Government Response</u>: For the reasons set forth by the Government in n.10, *supra*, there is no basis to instruct the jury regarding a "willfully" *mens rea* requirement for wire fraud.

[34] <u>Defense:</u> *See supra* n.33.

<u>Government Response</u>: For the reasons set forth by the Government in n.10, *supra*, there is no basis to instruct the jury regarding a "willfully" *mens rea* requirement for wire fraud.

34

**disregard the law.]**[35] "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of obtaining money or property.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense. Even false representations or statements, **[or omissions of material facts,]**[36] do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a

---

[35] Defense: *See Sand* Instruction 44-5; *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 19; *Bryan v. United States*, 524 U.S. 184, 191 (1998) (noting that, "when used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must provide that the defendant acted with knowledge that his conduct was unlawful" (cleaned up)); *see also, e.g.*, *Vestal v. Dep't of Treasury*, 1 F.4th 1049, 1056 (Fed. Cir. 2021) ("It would be one thing if 'willful' and 'intentional' were generally synonymous in the law. They are not.").

Government Response: For the reasons set forth by the Government in n.10, *supra*, there is no basis to instruct the jury regarding a "willfully" *mens rea* requirement for wire fraud.

[36] Defense: Defendants object to the addition of this language. Only misrepresentations are at issue in this case. The government is not pursuing an omission theory, and the evidence at trial will not permit one.

Government Response: The Government's fraud theory is not premised on the defendants' omissions in the absence of any false statements or misrepresentations—that is, a theory that the defendants failed to disclose information when they were under a legal, professional, or contractual duty to make such a disclosure (*e.g.*, a failure to disclose when otherwise required by a fiduciary or similar relationship). Regardless, the inclusion of language referencing omissions of material facts is warranted because the jury may convict if it finds that the defendants perpetrated "a scheme to engage in some form of deception, such as a half-truth, *i.e.*, a 'representation stating the truth as far as it goes' but is nonetheless misleading *because of the 'failure to state additional or qualifying matter.'*" *United States v. Connolly*, 24 F.4th 821, 833-34 (2d Cir. 2022) (emphasis added).

[good defense] [complete defense to wire fraud],[37] however inaccurate the statements may turn

out to be. A defendant, however, has no burden to establish a defense of good faith. The burden is

on the government to prove fraudulent intent and the consequent lack of good faith beyond a

reasonable doubt.[38]  In addition, the Government need not prove that a criminal intent was the only

intent of the defendant.  A defendant may have the requisite intent to defraud even if the defendant

was also motivated by some other lawful, proper, or neutral purposes or reasons for his actions.[39]

---

[37] Government Response:   The Government's proposed language is consistent with jury charges given in this District.  *See, e.g.*, the jury charges of the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (JGK) (June 23, 2025), and the Honorable Sonia Sotomayor in *United States v. Laljie*, 97 Cr. 160 (SS) (October 10, 1997).

Defense Reply: Good faith is correctly described earlier in this paragraph (and in the two model charges the government cites) as a complete defense.  Defendants propose using the phrase "complete defense" again for the sake of clarity and consistency.

[38] Government:  *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) (approving of the language of this instruction); *United States v. Khafizov*, 604 F. App'x 88, 90 (2d Cir. 2015) (same).

[39] Government:  *See United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose."); *United States v. Gatto*, 986 F.3d 104, 129 n.12 (2d Cir. 2021) (affirming instruction that the Government "need not prove that the intent to defraud was the only intent of the defendant" and that "[a] defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well").

[Finally, a victim's conduct is irrelevant to the question of whether a defendant acted with the intent to defraud.][40,41]

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that

---

[40] Government: *See United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (rejecting argument that victim's belief regarding fraudulent scheme "somehow vitiates [defendant's] fraudulent intent and reiterating that "the victim's '*gullibility* or his own criminal background is not relevant to the inquiry as to whether the defendants were properly convicted . . . '"); *United States v. Benson*, 548 F.2d 42, 44 (2d Cir. 1977) (explaining, in § 2314 prosecution, that "[i]t would hardly comport with this congressional concern were we now to exculpate confidence men who prey upon citizens (or even aliens) whose character is suspect").

[41] Defense: Defendants object to this sentence for the reasons set forth in their opposition to the government's related motion *in limine*. *See* ECF 145 at 33-37. Namely, it misstates the law and sweeps too broadly. The Peraire-Buenos will not argue that their conduct was lawful because the victims were too careless and gullible. However, it is not accurate that a victim's "background" or "conduct" are irrelevant. It is unclear what the government even means by these broad assertions. For the reasons explained in the Peraire-Buenos' opposition to the government's motions *in limine*, several facts about the victim's conduct are relevant to multiple elements. *See* ECF 145 at 35-37.

Government Response: The Government's proposed language is an accurate statement of law, and is warranted based on the likelihood that the defendants will seek to offer evidence or argument regarding Victim-1's sandwich trading and various topics relating to the desirability, acceptability, and legality (among other topics) of sandwich trading.

may be drawn from them.[42] Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5, the jury charges by the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Sept. 12, 2022), the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, No. 24 Cr. 402 (Mar. 19, 2025), the Honorable Jennifer L. Rochon in *United States v. Brend*, No. 22 Cr. 551 (Mar. 4, 2024), the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23 Cr. 168 (July 9, 2024); and the Honorable Paul A. Engelmayer in *United States v. Gray*, No. 21 Cr. 713 (May 20, 2024).

---

[42] <u>Government:</u> *See United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false."); *United States v. Saint Clair*, No. 22-2100, 2024 WL 413422, at *4 (2d Cir. Feb. 5, 2024) (same); *United States v. Hild*, No. 23-6136, 2025 WL 2153125, at *6 (2d Cir. July 30, 2025) ("fraudulent intent may be proven by showing that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false").

## REQUEST NO. 12 (GOVERNMENT)[43]

### Count Two: Wire Fraud – Rules and Protocols

You have heard evidence regarding certain rules and protocols for a particular software system called MEV-Boost. An individual's violation of rules and protocols does not by itself mean that the individual participated in a scheme to defraud, or acted with knowledge and intent to defraud. Proof that an individual violated a rule or protocol does not, without more, mean that he committed wire fraud. Nevertheless, such proof of a violation—such as a validator slashing penalty—may be considered by you, if you find such a violation has occurred, in determining whether each defendant engaged in a scheme to defraud and whether he did so with knowledge and an intent to defraud.[44]

> Adapted from the jury charges of the Honorable Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (S.D.N.Y. Dec. 15, 2022), Tr. at 2597-98; and the Honorable Nicholas G. Garaufis in *United States v. Kurland*, 20 Cr. 306 (NGG) (E.D.N.Y. July 13, 2022), at Tr. 1817.).

---

[43] <u>Defense:</u> Defendants object to this instruction in its entirety and maintain that Request No. 17 titled "Protocols and Exploit" is a more complete appropriate instruction on this evidence. At a minimum, Defendants object to the inclusion of "rules" within this instruction. The government has not alleged or disclosed evidence of "rules" of the kind referenced in the cases it cites. Protocols are computer programming rules—not rules of conduct. Defendants further object to the use of validator slashing penalties as an example of a rule violation relevant to the defendants' intent to defraud. That characterization is argumentative, and rests on erroneous assumptions about the function of slashing, generally, and the reason why defendants' validator was slashed. Moreover, and at a minimum, the instruction should clarify that the jury is not *required* to take protocol violations into account, as was done in *Kurland*, which the government cites.

[44] <u>Government:</u> *See United States v. Constantine*, No. 23-6550(L), 2025 WL 601201, at *2 (2d Cir. Feb. 25, 2025) (affirming (i) the admission of evidence concerning professional rules prohibiting doctors and lawyers for paying for referrals and (ii) a jury instruction that a violation of such rules could be considered when evaluating a defendant's criminal intent); *see, e.g.*, the jury charges of the Honorable Sidney H. Stein in *United States v. Constantine*, 21 Cr. 530 (S.D.N.Y. Dec. 15, 2022), Tr. at 2597-98; and the Honorable Nicholas G. Garaufis in *United States v. Kurland*, 20 Cr. 306 (NGG) (E.D.N.Y. July 13, 2022), at Tr. 1817.

## REQUEST NO. 13

## Count Two: Wire Fraud – Use of the Wires

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. An interstate wire means a wire that passes between two or more states. A foreign wire means a wire that travels between the United States and another country. Examples of wires include telephone calls, text messages, communications over the Internet, commercials on television, and financial wires between bank accounts, among other things.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud.[45]

[A wire communication can also include a communication made after an alleged victim's funds were obtained if the communication was designed to lull the victim into a false sense of security,  to postpone the victim from complaining to the authorities, or to keep money obtained in the scheme.][46]

---

[45] Government: *See also Schmuck v. United States*, 489 U.S. 705, 710 (1989) (explaining that "'innocent' mailings—ones that contain no false information—may supply the mailing element"); *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013) (instruction that "the mailed letter need not itself be fraudulent; for example, the mailed matter need not contain any fraudulent representations, and indeed may be completely innocent" was "correct as to the law").

[46] Government: *See United States v. Jergensen*, 797 F. App'x 4, 6 (2d Cir. 2019) (affirming the district court's lulling instruction).

Defense: Defendants object to the addition of this sentence. This sentence is superfluous, as the preceding instruction already states that the wire itself need not be fraudulent.  Moreover, it would confuse the jury by suggesting that a conviction may rest on a misrepresentation that occurs after the alleged property loss, which is incorrect for the reasons previously explained.  *See supra* nn.25, 26.

It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, if the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others. This does not mean that that defendant must specifically have authorized others to make the call, send an email or text message, or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Only the wire communication must be reasonably foreseeable, not its interstate component. Thus, if the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element would be satisfied, even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge by the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23 Cr. 168 (July 9, 2024), the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (Oct. 3, 2024), and the Honorable Sidney H. Stein in *United States v. Constantinescu*, No. 19 Cr. 651 (June 27, 2022).

## REQUEST NO. 14 (GOVERNMENT)[47]

### Count Two: Wire Fraud – Willful Causation

Now, as I instructed you earlier, the second theory of liability on the substantive wire fraud count, Count Two, is that the defendant you are considering is guilty as a principal because he possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes. So I am now going to take a minute to discuss what it means for a defendant to be guilty as a principal through willful causation in the context of this case.

It is the law of the United States "that whoever willfully causes an act to be done which, if directly performed by that person, would be an offense against the United States, is punishable as a principal." So what does the term "willfully caused" mean? It does not mean that the defendant must physically have committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal. Accordingly, one who intentionally causes someone else to make false or fraudulent statements or representations, is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation, acted knowingly, intentionally, and with the specific intent to defraud and satisfies the other elements of wire fraud that I have

---

[47] <u>Defense:</u> Defendants object to this instruction in its entirety. The concept of willful causation is not relevant to this case, as explained in footnotes 8 & 9 *supra*, because the government has never alleged, and the evidence will not show, that the Peraire-Buenos caused someone else to make false statements.

<u>Government Response:</u> The Government's proposed instruction accurately instructs the jury on an alternative theory of substantive liability. Depending on how the evidence comes in at trial, it is permissible for the jury to convict on a willful causation theory, particularly because the charged scheme to defraud involved multiple participants.

described to you. This is so even if the individual that was caused to make the false statement had

no criminal intent.

> Adapted from the jury charge by the Honorable Lewis A. Kaplan in
> *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

### REQUEST NO. 15 (GOVERNMENT)[48]

### Count Two: Wire Fraud – Aiding and Abetting

I will now explain the third theory of liability on Count Two, the aiding and abetting theory, in greater detail. It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. A person who does that is just as guilty of the offense as someone who actually commits it. Accordingly, for Count Two, the substantive wire fraud count, you may find the defendant you are considering guilty on that count if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime and that the defendant aided, abetted, counseled, commanded, induced, or procured the commission of that crime.

In order to convict the defendant you are considering as an aider and abettor, the Government must prove beyond a reasonable doubt two elements. First, it must prove that a person other than the defendant, and other than a person the defendant willfully caused to take actions necessary for the commission of the crime, as I have described that concept to you previously, committed the crime charged. Obviously, no one can be convicted of aiding or abetting the

---

[48] <u>Defense:</u> Defendants object to this instruction in its entirety. This lengthy instruction brings unmerited attention to a theory that will not be relevant to the jury's deliberations, as explained in footnote 9. Further, if the court declines to provide a willful causation instruction but elects to provide an aiding and abetting instruction, defendants respectfully request that the final paragraph of this proposed instruction elaborating on the difference between these concepts be omitted. *See, e.g. Sand* Instruction 11-2; *United States v. Raji*, 19 Cr. 870 (JMF) (S.D.N.Y.), ECF 121, Tr. 753-55; *United States v. Adelekan*, 19 Cr. 291 (LAP) (S.D.N.Y.), ECF 397, Tr. 892-94.

<u>Government Response:</u> The Government's proposed instruction accurately instructs the jury on an alternative theory of substantive liability. As noted above, the indictment in this case charges aiding and abetting, by inclusion of 18 U.S.C. § 2. Depending on how the evidence comes in at trial, it is permissible for the jury to convict on an aiding-and-abetting theory, particularly because the charged scheme to defraud involved multiple participants.

criminal acts of someone else if no crime was committed by the other person in the first place. Accordingly, if the Government has not proved beyond a reasonable doubt that a person other than the defendant committed the substantive crime charged in the Indictment, then you need not consider the second element under this theory of aiding and abetting. But if you do find that a crime was committed by someone other than the defendant, or someone he willfully caused to take actions necessary for the commission of the crime, then you must consider whether the defendant aided or abetted the commission of that crime.

Second, in order to convict on an aiding and abetting theory, the Government must prove that the defendant you are considering willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly engaged in some affirmative conduct or some overt act for the specific purpose of bringing about that crime. Participation in a crime is willful if done voluntarily and with a wrongful purpose. The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make the defendant an aider and abettor. Similarly, a defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture. To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did the defendant participate in the crime charged as something that the defendant wished to bring about?

Did he knowingly associate himself with the criminal venture?

45

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor. If, on the other hand, your answer to any of these questions is no, then the defendant is not an aider and abettor.

There is a subtle difference between a defendant willfully causing someone else to take actions necessary for the commission of a crime as opposed to aiding and abetting someone else to commit a crime. If this question comes up in your deliberations, you should think of it in terms of the difference between causing someone to do something versus facilitating or helping someone to do it. If you are persuaded beyond a reasonable doubt that the defendant willfully caused someone else to take actions necessary for the commission of either of the substantive wire frauds charged in the Indictment, you should convict him as a principal on that count. If, on the other hand, you are persuaded beyond a reasonable doubt that the defendant, with the knowledge and intent that I described, sought by his actions to facilitate or assist that other person in committing the crime, then he is guilty as an aider and abettor. One important difference between willfully causing and aiding and abetting another person to commit a crime, as I instructed you earlier, is that with respect to willful causation, the Government need not prove that the defendant acted through a guilty person. With respect to aiding and abetting, however, the Government must prove beyond a reasonable doubt that someone else committed the crime charged with the requisite intent. If you find beyond a reasonable doubt that the Government has proved that another person actually committed one or more of the substantive crimes charged in Counts One and Three and that the defendant aided or abetted that person in the commission of that offense, you should find that defendant guilty of that substantive crime on an aiding and abetting theory. If, however, you

46

do not so find, you may not convict the defendant of that crime on the basis of an aiding and abetting theory.

> Adapted from the jury charge by the Honorable Lewis A. Kaplan in
> *United States v. Gatto*, No. 17 Cr. 686 (Oct. 1, 2018).

**REQUEST NO. 16**

**Count One: Conspiracy to Commit Wire Fraud – Elements**

To sustain its burden of proof with respect to the offense of conspiracy to commit wire fraud, the Government must prove each of the following two elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a conspiracy, the goal of which was to commit wire fraud; that is, an agreement or understanding between two or more people existed to commit wire fraud.

*Second*, that the defendant knowingly and **[intentionally]** **[willfully]**[49] became a member of the conspiracy with the intent to commit wire fraud.

---

[49] Defense: Courts in the Second Circuit instructing in section 1349 cases based on a wire fraud theory require the government to prove a willful agreement to engage in fraud. *See United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) ("In describing what the government needed to prove to show that the defendants joined the conspiracy, the district court charged that it had to prove a defendant 'knowingly and willfully was or became a member of the conspiracy,' and that he became a member 'with knowledge of its criminal goal, willfully and intending by his actions to help it succeed.'"); *see also United States v. Maddiwar*, 809 F. App'x 49, 50 (2d Cir. 2020) (affirming convictions for section 1349 conspiracy to commit wire fraud and bank fraud because "the evidence at trial of [the defendant's] knowing and willful participation in the conspiracy was sufficient." (emphasis added)). This requirement is compelled by the rule that a conspiracy to commit an offense requires at least the same degree of intent as the underlying offense. *See, e.g., United States v. Feola*, 420 U.S. 671, 686 (1975).

Other circuits agree. *See United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) ("Conspiracy to commit wire fraud under 18 U.S.C. § 1349 requires a jury to find that (1) two or more persons agreed to commit wire fraud and (2) the defendant *willfully* joined the conspiracy with the intent to further its unlawful purpose." (emphasis added)); *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) ("To prove conspiracy to commit wire fraud, the government must prove that: (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement *willfully*, i.e., with specific intent." (emphasis added)); *United States v. Cunningham*, 679 F.3d 355, 373 (6th Cir. 2012) ("To secure a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that the defendant knowingly and *willfully* joined in an agreement with at least one other person to commit an act of wire fraud and that there was at least one overt act in

48

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3, the jury charges of the Honorable Jesse M. Furman in *United States v. Raji*, No. 19 Cr. 870 (Sept. 13, 2022), and the Honorable Valerie E. Caproni in *United States v. Washington*, No. 21 Cr. 603 (June 28, 2024), and the Second Circuit's statement of law in *United States v. DiMassa*, 117 F.4th 477, 487 (2d Cir. 2024) ("Proof of … a conspiracy requires a showing that the defendant agreed with another to commit wire fraud and knowingly engaged in the conspiracy with the intent to commit that offense."), and *United States v. Zemlyansky*, 908 F.3d 1, 10 (2d Cir. 2018) (conspiracy to commit wire fraud requires proof of "(1) an agreement between at least two people to commit an unlawful act, and (2) the defendant's

---

furtherance of the agreement." (emphasis added) (cleaned up)); *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) ("To sustain the related conspiracy convictions the Government was required to prove that Maxwell knew of and ***willfully*** joined in the unlawful scheme to defraud; circumstantial evidence can supply proof of knowledge of the scheme." (emphasis added)).

Government Response: For the reasons stated by the Government in n.10, *supra*, willfulness is not an element of substantive wire fraud, and including it in the conspiracy instruction will likely confuse the jury. *See United States v. Novis*, 20 Cr. 335 (JMA), 2023 WL 4746541, at *23 (E.D.N.Y. July 24, 2023) (holding that "the Government was also not required to prove that Defendants acted 'willfully'" for conspiracy to commit mail fraud); *United States v. Napout*, 15 Cr. 252, 2017 WL 6375729, at *10 (E.D.N.Y. Dec. 12, 2017) (rejecting defense contention that "the government must prove that [the defendant] entered into a conspiracy knowing that the objectives of the conspiracy were 'illegal'" as "simply incorrect"). Indeed, as the Second Circuit recently recognized, conspiracy to commit wire fraud requires that the Government "prove that [the defendant] acted with specific intent to obtain money or property by means of a fraudulent scheme." *United States v. Landesman*, 17 F.4th 298, 321 (2d Cir. 2021) (quoting *United States v. Carlo*, 507 F.3d 799, 801 (2d Cir. 2007)).

Under these principles, conspiracy to commit wire fraud simply requires the defendants to knowingly and intentionally participate in the conspiracy, with the specific intent to obtain money or property through false or fraudulent pretenses—that is, at least the same degree of intent as the underlying offense. *See, e.g.*, *United States v. Feola*, 420 U.S. 671, 686 (1975). In any event, "intentionally" imposes the same burden on the Government without creating a similar risk of confusion. Indeed, the Government's proposed instruction—which requires the Government to show both that the defendant "intentionally" joined the conspiracy with the "intent to commit wire fraud" sufficiently instructs the jury that the defendant must have the "specific intent that the underlying crime be committed." *Ocasio v. United States*, 578 U.S. 282, 288 (2016).

49

knowing engagement in the conspiracy with the specific intent that the object of the conspiracy be committed").

"[P]roof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349." *United States v. Roy*, 783 F.3d 418, 421 (2d Cir. 2015).

## REQUEST NO. 17

### Count One: Conspiracy to Commit Wire Fraud – Existence of Agreement

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose.[50] **[The gist or essence of a conspiracy is the unlawful agreement to violate the law.][51]**

To satisfy its burden of proof, the Government is not required to show that the agreement was explicit, express, or formal, or that two or more persons sat around a table and entered into a solemn pact to form a conspiracy **[to violate the law.]** **[You need not find that the alleged conspirators stated, in words or writing, what the scheme was, the roles that everyone would play, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished.][52]** There need not be any written statement or even a speaking of words that

---

[50] Government: *See United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997) ("In order to prove a conspiracy, the government *must show* that two or more persons agreed to participate in a joint venture intended to commit an unlawful act.").

[51] Defense: *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 34.

Government Response: The Government objects to the inclusion of this sentence as unnecessary and duplicative of the prior sentence, confusingly phrased (an "unlawful agreement to violate the law"), and to improperly suggest that the co-conspirators needed to be aware of some particular law they sought to violate. Such a heightened standard is not required for the charges here.

[52] Defense: Defendants object to this sentence, and several other repetitive sentences throughout the conspiracy instructions. The government's proposed instruction, which purports to incorporate language from an array of appellate decisions that were not about instructions, is longer, more complicated, and more repetitive than the instructions typically given in this circuit. Defendants thus have proposed areas where the instructions could be simplified to aid juror understanding. Defendants point the Court to *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June

51

expressly communicates agreement. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to violate the law and accomplish an unlawful plan.[53] **[It is not necessary that the**

---

27, 2023), ECF 157 at 34-36, 63, and *United States v. Newkirk*, No. 1:14-cr-00534-JSR (S.D.N.Y. Dec. 11, 2015), ECF 77 at 16-18, as more concisely stating the elements of conspiracy.

Government Response:  For the reasons stated by the Government in n.22, *supra*, there is nothing improper about the use of multiple sources and statements of law to instruct the jury.  The Government believes that the inclusion of this language is proper, consistent with conspiracy jury instructions routinely given in this District, and reflects an accurate statement of the law.  *See, e.g.*, the jury charges of the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (JGK) (June 23, 2025), Tr. at 1787 ("Similarly, you need not find that the alleged co-conspirators stated in words or writing what the scheme was, its object or purpose or every precise detail of the scheme or the means by which its object or purpose was to be accomplished."), and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), Tr. at 3170 (including "roles that everyone is going to play" language).

[53] Government: *See United States v. Amiel*, 95 F.3d 135, 144 (2d Cir. 1996) ("The agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case. A tacit understanding will suffice to show agreement for purposes of a conspiracy conviction. There need not be any written statement or even a speaking of words which expressly communicates agreement."); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("the coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes"); *United States v. Rubin*, 844 F.2d 979, 984 (2d Cir. 1988) ("The government's proof of an agreement does not require evidence of a formal or express agreement; it is enough that the parties have a tacit understanding to carry out the prohibited conduct."); *United States v. Cassino*, 467 F.2d 610, 618 (2d Cir. 1972) (approving of instructions that "the government is not required to show that two or more persons sat around a table and then entered into a solemn pact orally or in writing stating that they have formed a conspiracy" and "[y]our common sense will tell you that when men in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding.").

**agreement or understanding existed from the inception of the scheme. If there is such an agreement or understanding at any time, it is sufficient.]**[54]

You may, of course, find that the existence of a conspiracy has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. You may also consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. **[In the context of conspiracy cases, actions often speak louder than words. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts, but when taken together and considered as a whole, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.]**[55]

---

[54] Government: *Cf. Pereira v. United States*, 347 U.S. 1, 12 (1954) ("It is not necessary that an agreement to use the mails or transport stolen property exist from the inception of the scheme to defraud.").

Defense: This language is confusing and superfluous because members of the alleged scheme to defraud are the same people as the alleged co-conspirators. *Sand* Instruction 19-4 does not include this language, and neither does Judge Furman's instruction in *Raji*, which the government cites.

Government Response: The proposed language is an accurate statement of the law, as explained by the Supreme Court in *Pereira*. Moreover, the Government's proposed language does not concern the membership of the conspiracy, but rather the conspiracy's formation.

[55] Government: *See United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982) (conspiracy may be "established . . . through circumstantial evidence"); *United States v. Hild*, No. 23-6136, 2025 WL 2153125, at *4 (2d Cir. July 30, 2025) ("because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel"); *United States v. Rutigliano*, 790 F.3d 389, 402 (2d Cir. 2015) (affirming the use of the instruction that "sometimes, the only evidence that is available with

53

The object—or objective—of a conspiracy is the unlawful purpose the co-conspirators agree or hope to achieve. The object of the conspiracy alleged in Count One is wire fraud, on which I instructed you for Count Two. **[If you find that the conduct alleged in Count Two does not satisfy the elements of wire fraud, then the illegal purpose element of Count One is not satisfied.]**[56]

---

respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual conspirators"); *United States v. Cassino*, 467 F.2d 610, 619 (2d Cir. 1972) (district court's charge that "actions often speak louder than words" was appropriate in explaining the concept of conspiracy).

Defense: Defendants object to the addition of this language as superfluous and confusing.

Government Response:   This proposed language is consistent with essential and important language used in other fraud cases.   *See, e.g.*, the jury charges of the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (VSB) (Oct. 3, 2024), at Tr. 1267 ("The saying 'actions speak louder than words' may be applicable here.   Usually, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.   When taken together and considered as a whole however, such acts may show a conspiracy or agreement as conclusively as would direct proof."); and the jury charges of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (May 18, 2021), at Tr. 1309 ("Sometimes the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual coconspirators.   When taken all together and considered as a whole, however, you may conclude, or may not, as your good judgment dictates, that the conduct warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.").

[56] Defense: Defendants propose clarifying that the jury must acquit on Count One if it does not find that what the government alleges the Peraire-Buenos agreed to do (i.e., the conduct alleged in Count Two) would not meet each of the elements of wire fraud.  *See United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996) (noting that a conspiracy conviction requires proof that "the intended future conduct [the conspirators] agreed upon includes all the elements of the substantive crime" (cleaned up)); *United States v. Connolly*, 24 F.4th 821,  843 (2d Cir. 2022) (reversing convictions for conspiracy to commit wire fraud because government failed to prove the element of falsity in the underlying wire fraud); *United States v. Novod*, 927 F.2d 726, 727-28 (2d Cir. 1991) (reversing conspiracy conviction because mail and wire fraud convictions had previously been reversed).

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4, the jury charges of the Honorable Jesse M. Furman in *United States v. Raji*, No. 19 Cr. 870 (Sept. 13, 2022), the Honorable Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (VSB) (Oct. 3, 2024), the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (May 18, 2021), the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (JGK) (June 23, 2025), and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023).

---

<u>Government Response</u>:  The Government objects to the proposed language as unnecessary and confusing.  The better course is to instruct on each count, consistent with the jointly proposed instructions to the jury that the case against each defendant  stands or falls upon the proof or lack of proof against that defendant alone on each count, and that the jury's verdict as to any defendant on any count should not control the jury's decision as to any other defendant or any other count.  Moreover, the proposed language is misleading in several respects.  Among other things, it appears to conflate legal sufficiency (*i.e.*, whether the conduct, as alleged, constitutes wire fraud) with evidentiary sufficiency (*i.e.*, whether the evidence adduced at trial establishes the elements of the offense beyond a reasonable doubt).  But this Court has already held that the conduct as alleged— separate from the question of *factual* sufficiency—satisfies the elements of wire fraud.  *See United States v. Peraire-Bueno*, 24 Cr. 293 (JGLC), 2025 WL 2062021, at *7-12 (S.D.N.Y. July 23, 2025).  Thus, *Pinckney* and *Connolly* are distinguishable because those cases focused on the factual sufficiency of conspiracy and related substantive counts, *see, e.g.*, *United States v. Connolly*, 24 F.4th 821, 843 (2d Cir. 2022); *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996), while *Novod* is distinguishable because the defendants' conduct, as alleged, did not fall within the ambit of the mail and wire fraud statutes, *see United States v. Novod*, 927 F.2d 726, 728 (2d Cir. 1991).  Moreover, the defendants' proposed language is inconsistent with what the Second Circuit has long recognized—that a jury's decision to acquit on a substantive count does not necessitate the conclusion that the defendant "did not conspire" to commit the substantive offense "because the elements of the two crimes are different."  *United States v. Mulder*, 273 F.3d 91, 114 (2d Cir. 2001); *accord United States v. Fiorella*, 468 F.2d 688, 689-90 (2d Cir. 1972).  The proposed language may lead the jury to think that if they do not convict on Count Two, they must acquit on Count One, which is not the case.

**REQUEST NO. 18**

**Count One: Conspiracy to Commit Wire Fraud – Membership in the Conspiracy**

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and [intentionally] [willfully][57] became a member of the conspiracy with the intent to commit wire fraud.  In other words, the government must prove that the defendant knew of the [conspiracy] [conspiracy's unlawful purpose][58] and that, with such knowledge, he voluntarily [and willfully][59] participated in it.

[Now obviously science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. To make that determination, you may look to the evidence of certain acts that are alleged to have taken place by or with the defendant or in his presence. You may consider circumstantial evidence based on the defendant's outward

---

[57] Defense: *Sand* Instruction 19-6.

Government Response: For the reasons stated by the Government in nn.10 & 49, *supra*, the Government's proposed instruction, requiring that the defendant act intentionally and with intent to commit wire fraud, accurately states the law. *See also United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir. 2002) ("To establish membership in a conspiracy, the government must prove that the defendant knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of conspiracy." (cleaned up)).

[58] Defense: *Sand* Instruction 19-6.

Government Response:  The defendants' proposed language is unnecessary given the immediately preceding sentence that the jury must find that the defendants joined the conspiracy with the intent to commit wire fraud, along with the Government's proposed language that a defendant's mere presence at the scene of the alleged crime, or mere association with one or more members of the conspiracy does not, by itself, make him a member of the conspiracy.

[59] Government Response: For the reasons stated by the Government in nn.10 & 49, *supra*, the Government's proposed instruction, requiring that the defendant act intentionally and with intent to commit wire fraud, accurately states the law.  *See also United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir. 2002) ("To establish membership in a conspiracy, the government must prove that the defendant knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of conspiracy." (cleaned up)).

manifestation, his words, his conduct, his acts, and all of the surrounding circumstances of which you have heard evidence, and the rational and logical inferences that may be drawn therefrom.[60] You may also consider the acts and statements made by any member of the conspiracy, during the course of and in furtherance of the conspiracy, in determining whether the defendant knowingly and intentionally entered into the conspiracy.][61]

To become a member of the conspiracy, a defendant need not have been fully informed as to its scope and all of its details, or have known the identities and activities of each and every other participant in the conspiracy.[62] **[On the other hand, a person who has no knowledge of the conspiracy but happens to act in a way that furthers some object or purpose of the conspiracy**

---

[60] <u>Government</u>: *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007) ("Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." (collecting cases)).

[61] <u>Defense</u>: Defendants object to the addition of this paragraph as unnecessary.

<u>Government Response</u>:   The Government's proposed language correctly states the law and is necessary to adequately apprise the jury what evidence it may consider in assessing whether the Government has proven the defendants' knowing and intentional participation in the conspiracy, as other Judges have similarly instructed. *See, e.g.*, the jury charges of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (May 18, 2021), Tr. at 1311.

[62] <u>Government</u>: *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) ("The government need not show that the defendant knew all of the details of the conspiracy, so long as he knew its general nature and extent."); *United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994) ("A single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement." (citations omitted)); *United States v. Wiley*, 846 F.2d 150, 153-54 (2d Cir. 1988) ("The government does not have to prove that the accused knew every objective of the conspiracy, every detail of the scheme's operation, or the identity of every coconspirator.").

**does not thereby become a conspirator.]** [63] **[A defendant need not have joined the conspiracy at the outset. He may have joined at any time, and if he joined, he will still be held responsible for the acts done after joining.]** [64]  Once a person is found to be a member of a conspiracy, he is presumed to continue as a member of the conspiracy until the conspiracy **[is terminated]** **[has**

---

[63] <u>Defense:</u> *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 36; *see also Sand* Instruction 19-6.

<u>Government Response:</u>  The defendants' proposed language is substantively identical to the Government's proposed language below that "[t]he fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member," and is thus unnecessary.

[64] <u>Defense:</u> Defendants object to the addition of this language.  This language is unnecessary.  *See, e.g.*, *United States v. Goldstein*, No. 1:21-cr-00550-DC (E.D.N.Y. June 27, 2023), ECF 157 at 36; *Sand* Instruction 19-6.  The government does not allege a scheme existing independent of the Peraire-Buenos that they subsequently joined.  The instruction needlessly introduces new concepts likely to confuse the jury rather than assist in their deliberation. It also does not clarify what it means to be "held responsible for."

<u>Government Response:</u>  The Government's proposed instruction is consistent with charging language that is routinely used in this District for conspiracy charges.  *See, e.g.*, the jury charges of the Honorable Paul A. Engelmayer in *United States v. Gillier*, 11 Cr. 409 (PAE) (September 27, 2022), Tr. at 1257, and the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF) (December 13, 2023), Tr. at 1095.

**accomplished its purpose or is otherwise terminated],[65]** unless it is shown by some affirmative proof that the defendant withdrew and disassociated himself from the conspiracy.[66]

The extent of a defendant's participation has no bearing on the issue of defendant's guilt. Each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.[67] **[It is also not necessary that the defendant receive any monetary benefit from his participation in the conspiracy or had a financial stake in the outcome, so long as he in fact joined the conspiracy. However, if you find that the defendant**

---

[65] Defense: *United States v. Spero*, 331 F.3d 57, 60 (2d Cir. 2003) ("[W]here a conspiracy statute does not require proof of an overt act … *and where a conspiracy contemplates a continuity of purpose and a continued performance of acts*, it is presumed to exist until there has been an affirmative showing that it has been terminated, and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn." (emphasis added)).

Government Response: The Government opposes the defendants' formulation. The Government is unaware of any wire fraud charge that uses the language that the defendants propose. Indeed, the discussion from *Spero* that the defendants cite relates to the duration of a RICO conspiracy for statute of limitations purposes. The Government's proposal is routinely used in this District as an accurate statement of the law, and there is no reason to depart from this instruction.

[66] Government: *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.").

[67] Government: *United States v. Guldi*, 141 F.4th 435, 447 (2d Cir. 2025) (affirming an instruction that a "conspirator's liability is not measured by the extent or duration of his or her participation or whether he or she joined at the outset or some later time."), and *United States v. Tramunti*, 513 F.2d 1087, 1111 (2d Cir. 1975) ("We have said numerous times that a single act may be sufficient for an inference of involvement in a criminal enterprise of substantial scope at least if the act is of a nature justifying an inference of knowledge of the broader conspiracy.").

had such a financial interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy.][68]

[Keep in mind, however, that the defendant's mere presence at the scene of the alleged crime, or mere association with one or more members of the conspiracy does not, by itself, make him a member of the conspiracy. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. That said, the defendant's presence or association is a factor that you may consider among others to determine whether a defendant was a member of the conspiracy. The defendant's presence may establish his membership in a conspiracy, if all of the circumstances considered together show that his presence was meant to advance the goals of that conspiracy. He must not only have been present, he must have known about the conspiracy, he must have intended by his presence to participate in the conspiracy or to help it succeed. In other words, presence itself may demonstrate

---

[68] <u>Defense</u>: Defendants object to the addition of this language as unnecessary.

<u>Government Response</u>: The Government's proposed instruction is properly given as part of this charge. *See, e.g.*, the jury charges given by the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (JPO), Dkt. 187 at 31-32 ("Nor is it necessary that the defendants received any monetary benefit from their participation in the conspiracy, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor that you may properly consider in determining whether the defendants were a member of the conspiracy."). *See United States v. Torres*, 901 F.2d 205, 244 (2d Cir. 1990) (approving instruction that "it is not necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome as long as he in fact participated in it in the way I have just explained."); *United States v. Garcia*, 509 F. App'x 40, 42 (2d Cir. 2013) (same).

membership in a conspiracy only if that presence is a functional part of the conspiracy.[69] Moreover, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.][70]

[In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the criminal purpose of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He thereby

---

[69] Government: *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993) (concluding that the district court "quite properly instructed the jury that presence under circumstances that advance the purpose of the conspiracy would be sufficient to support a finding of guilt").

[70] Defense: Defendants object to the addition of this paragraph. These instructions are largely irrelevant to this case. The government does not allege that a conspiracy existed independent of the Peraire-Buenos that they subsequently joined.

Government Response: The instructions in this paragraph and the next paragraph are standard instructions given in this District. Whether they are relevant to this case is most appropriately addressed after the evidence at trial has been presented. In any event, however, these instructions concern the jury's assessment of the defendants' participation in the charged conspiracies—thus, the defendants' relevance concern relating to a separate conspiracy is misplaced. *See United States v. Svoboda*, 347 F.3d 471, 479 & n.8 (2d Cir. 2003) (explaining that "trial judges routinely charge" the jury with the above instruction "to ensure that jurors do not mistakenly conflate the knowledge and intent aspects of the *mens rea* necessary to prove a defendant's joinder in a conspiracy").

61

**becomes a knowing and willing participant in the unlawful agreement; that is to say, a conspirator.]**[71]

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6, the jury charge of the Honorable Valerie E. Caproni in *United States v. Washington*, No. 21 Cr. 603 (June 28, 2024), the Honorable Denise L. Cote in *United States v. Perryman*, No. 23 Cr. 117 (Feb. 20, 2024), the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017), the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023), the Honorable Alison J. Nathan in *United States v. Lebedev*, No. 15 Cr. 769 (Mar. 10, 2017), the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (May 18, 2021), the Honorable Paul A. Engelmayer in *United States v. Gillier*, 11 Cr. 409 (PAE) (September 27, 2022), the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF) (December 13, 2023), and those approved of in *United States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989) ("It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them."), and *United States v. Stephenson*, 53 F.3d 836, 847 (7th Cir. 1995) (instruction "informing the jury that it may consider, not only the statements of co-conspirators, but also their acts" as "circumstantial evidence to deduce what Defendants' actions were" was "an accurate statement of the law").

---

[71] <u>Defense</u>: Defendants object to the addition of this paragraph as unnecessary.

<u>Government Response</u>:  See response in preceding footnote.

**REQUEST NO. 19**

**Count Three: Conspiracy to Commit Money Laundering**

To sustain its burden of proof with respect to the offense of conspiracy to commit money laundering, the Government must prove each of the following two elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a conspiracy, the goal of which was to commit money laundering; that is, an agreement or understanding between two or more people existed to commit money laundering.

*Second*, that the defendant knowingly and **[intentionally] [willfully]**[72] became a member of the conspiracy with the intent to commit money laundering.

In other words, the elements of the conspiracy charged in Count Three are the same elements the Government is required to prove with respect to the conspiracy alleged in Count One—namely, the existence of an agreement to violate the law and knowing, and **[intentional]**

---

[72] Defense: The element of willfulness is included in the model the government cites. *See United States v. Adelekan*, 19 Cr. 291 (LAP) (S.D.N.Y.), Tr. 878 (The elements of money laundering conspiracy are: … Second, that the defendant you are considering knowingly and willfully entered into that agreement."); *see also Sand* Instruction 19-3.

Government Response:  As noted above by the Government in nn.52 & 64, the law does not require the Government to show that the defendants acted "willfully" for purposes of money laundering conspiracy. *United States v. Wiseberg*, 727 F. App'x 1, 5 (2d Cir. 2018) ("The two elements of a money laundering conspiracy are the existence of a conspiracy and that the defendant knowingly participated in it."); *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009) ("Conspiring to launder money requires that two or more people agree to violate the federal money laundering statute, and that the defendant 'knowingly engaged in the conspiracy with the specific intent to commit the offenses that [are] the objects of the conspiracy.'" (citation omitted)); *see also United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir. 2002) ("To establish membership in a conspiracy, the government must prove that the defendant knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy." (cleaned up)). Accordingly, the Government objects to both proposed defense changes.

63

**[willful]** entry of the considered defendant into that agreement. The difference is that the object or objective of Count One was committing wire fraud, while the object or objective here is committing money laundering.

> Adapted from the jury charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021). *See Whitfield v. United States*, 543 U.S. 209, 212 (2005) (no overt act required for 18 U.S.C. § 1956(h)).

<u>**REQUEST NO. 20**</u>

<u>**Count Three: First Element - Existence of the Conspiracy**</u>

To begin, the Government must prove beyond a reasonable doubt that there was an agreement between at least two people to accomplish the money laundering offense that is charged as the object of the Count Three conspiracy. I have already instructed you on the elements of a conspiracy charge generally, and those instructions apply to Count Three as well.

The object of the conspiracy alleged in Count Three is money laundering. As I noted earlier, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crime that was the object of the conspiracy—here, money laundering—was not actually committed. The government must prove that the conduct on which the conspirators agreed included all of the elements of the substantive crime, even if the substantive crime did not actually occur. <span style="color:red">**[However, the defendant must have at least the same degree of criminal intent as the substantive crime.]**</span>[73]

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); *see also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-

---

[73] <u>Defense</u>: *United States v. Feola*, 420 U.S. 671, 686 (1975).

<u>Government Response</u>: Although the defendants' proposed language is an accurate statement of the law regarding the *mens rea* for a conspiracy offense, including it in this section relating to the existence of the money laundering conspiracy is unnecessary and confusing.

conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.").

**REQUEST NO. 21**

**Object of Conspiracy Charged in Count Three: Money Laundering – Elements**

The object of the conspiracy charged in Count Three is money laundering. The money laundering statute makes it illegal to participate in a financial transaction that involves the proceeds of a specified unlawful activity—here, wire fraud—knowing that the transaction **[involved proceeds of some form of unlawful activity that constitutes a felony and]**[74] was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of those proceeds. This type of money laundering is known as "concealment" money laundering.

Concealment money laundering has the following elements:

*First*, the defendant conducted or attempt to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

*Second*, that the transaction involved property constituting the proceeds of a specified unlawful activity, which here was the wire fraud charged in Count Two;

*Third*, the defendant knew that the transaction involved the proceeds of some form of unlawful activity; and

---

[74] <u>Government Response</u>:   The Government objects to the defendants' proposed language as unnecessary because the jury will be instructed as to the defendants' knowledge that the proceeds derived from some form of unlawful activity, and that the specified unlawful activity must be a felony.

*Fourth*, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

> Adapted from the charges of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP), and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA).

**REQUEST NO. 22**

**Object of Conspiracy Charged in Count Three: Money Laundering – Financial Transaction**

The first element of money laundering, the object of the conspiracy charged in Count Three, that the Government must prove beyond a reasonable doubt, is that the defendant conspired to conduct or attempt to conduct a financial transaction.

The term "conduct" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution, including a bank, which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction that involves the movement of funds by wire or other means and in any way or degree affects interstate or foreign commerce.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country. In determining whether a transaction affected interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Specifically, you do not have to decide whether the effect of a transaction on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The government satisfies its burden

69

of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any

effect, whether it was harmful or not. In addition, it is not necessary for the government to show

that the defendant actually intended or anticipated an effect on interstate or foreign commerce by

his actions or that commerce was actually affected. All that is necessary is that the natural and

probable consequences of his acts would affect interstate or foreign commerce.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr.
> 50A-8 and the jury charges of the Honorable Katherine Polk
> Failla in *United States v. Wade*, 21 Cr. 472 (KPF), the Honorable
> Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF)
> (April 25, 2023), the Honorable Loretta A. Preska in *United
> States v. Adelekan*, 19 Cr. 291 (LAP), and the Honorable Lewis
> A. Kaplan in *United States v. Bankman-Fried*, 22 Cr. 673 (LAK);
> *see United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y.
> 2014) (digital currency constituted "funds" within the meaning of
> the money laundering statute); *United States v. Budovsky*, No. 13
> Cr. 368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23,
> 2015) (same).

## REQUEST NO. 23

## Object of Conspiracy Charged in Count Three: Money Laundering – Proceeds of Specified Unlawful Activity

The second element of the money laundering offense that is the object of the conspiracy charged in Count Three is that the financial transactions involved the proceeds of a specified unlawful activity. The term "proceeds" means any property derived, directly or indirectly, from some form of specified unlawful activity[—that is, any property that someone acquires or retains as profits resulting from the commission of the specified unlawful activity. Proceeds can be any kind of property, not just money. Proceeds can be in the form of funds, which, as I defined for you earlier, includes digital or cryptocurrency.][75]

The term "specified unlawful activity" means any one of a variety of offenses defined by the money laundering statute. In this case, the government has alleged that the funds in question stemmed from and were the proceeds of the wire fraud charged in Count Two. I instruct you as a matter of law that wire fraud falls within the definition of a specified unlawful activity. However,

---

[75] Defense:  Defendants object to the addition of this language. This language elaborating on the meaning of proceeds is redundant of the previous sentence.  It is also not given by courts, even in the cryptocurrency-related cases the government cites.  *See United States v. Bankman-Fried*, No. 1:22-cr-00673-LAK (S.D.N.Y.), ECF 384, Tr. 3198; *United States v. Chastain*, No. 1:22-cr-00305 (S.D.N.Y.), ECF 139, Tr. 924; *see also United States v. Karony*, No. 1:23-cr-00010-AS (E.D.N.Y.), ECF 199-2 at 61 (additional cryptocurrency-related case defining proceeds).

Government Response:  The Government's proposed language is an accurate statement of the law. *See United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (digital currency constituted "funds" within the meaning of the money laundering statute); *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same).  Moreover, jury instructions "are not improper simply because they resemble the conduct alleged to have occurred in a given case."  *United States v. Cohen*, 260 F.3d 68, 75 (2d Cir. 2001).

71

it is for you to determine whether the funds at issue here were the proceeds of wire fraud.  **[If you find that the government has failed to prove any element of wire fraud under Count Two, then this element of Count Three is not satisfied either.]**[76]

**[If the Government proves that the proceeds of specified unlawful activity were mixed or commingled in accounts with other funds that did not derive from criminal activity, and that the mixing or commingling of these funds facilitated the concealment of the criminal proceeds, then any financial transaction involving the accounts while they contained mixed or commingled criminal proceeds is a transaction involving the proceeds of a specified unlawful activity.]**[77]

---

[76] <u>Defense</u>: Defendants propose clarifying that the jury may not return a guilty verdict on this count unless it finds the elements of wire fraud, as alleged in Count Two, are satisfied.  *See* Indict. ¶ 39.

<u>Government Response</u>:  The Government objects to this language as legally inaccurate and likely to mislead the jury.  Under established Second Circuit law, "an individual need not have been *convicted* of the underlying criminal offense in order to be convicted of laundering the proceeds thereof."  *United States v. Silver*, 948 F.3d 538, 576 (2d Cir. 2020) (emphasis in original).  The Government "need only prove, beyond a reasonable doubt, that *an individual* committed all elements of the underlying offense and that the defendant knew that the proceeds were derived from such unlawful activity."  *Id.* (emphasis added).  Here, even if the jury were not to find that one or both defendants committed wire fraud (but that it was committed by a co-conspirator), it is nevertheless permissible for the jury to find that one or both defendants laundered the proceeds of the Exploit.

[77] <u>Defense</u>:  Defendants object to the addition of this paragraph. This paragraph of the government's proposed instruction is unusual and unnecessary.  No such instruction was given in any of the model instructions it cites.  Moreover, Defendants have never contended that the commingling of funds defeats Count Three, and the issue is not likely to arise at trial.

<u>Government Response</u>:  The Government's proposed language is an accurate statement of law.  *See United States v. Weisberg*, 2011 WL 4345100, at *2 (E.D.N.Y. Sept. 15, 2011); *see also United States v. Prevezon Holdings Ltd.*, 251 F. Supp. 3d 684, 698 (S.D.N.Y. 2017).  The Government

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-9 and the jury charges of the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF), the Honorable Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF) (April 25, 2023), the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP), and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, 22 Cr. 673 (LAK).

*See also United States v. Hassan*, 578 F.3d 108, 127-28 (2d Cir. 2008) (money laundering conspiracy can be proven by evidence that the defendant "believed that the funds related to" a specified unlawful activity); *United States v. Prevezon Holdings Ltd.*, 251 F.Supp.3d 684, 698 (S.D.N.Y. 2017) ("Therefore, where the Government can demonstrate that a culpable account in the money laundering chain was commingled with tainted and clean money, it need not trace the funds used in the transaction to the charged unlawful conduct."); *United States v. Weisberg*, 2011 WL 4345100, at *2 (E.D.N.Y. Sept. 15, 2011) ("whether or not the money used in the particular charged transaction itself is considered clean or dirty, where there is a commingled account, and where the clean money facilitates the existence or concealment of the dirty money, the charged transaction can be said to have involved dirty money").

---

anticipates there will be an evidentiary basis at trial for this proposed instruction, and submits that the defendants' objection is more appropriately addressed after the evidence has come in at trial.

<u>**REQUEST NO. 24**</u>

<u>**Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge that**
**Transaction Involved Proceeds of Unlawful Activity**</u>

The third element of concealment money laundering is that the defendant knew that the property involved in the financial transactions was the proceeds of some form of unlawful activity; that is, the defendant must have known that the property involved in the transaction represented proceeds from some form of activity that constitutes a felony under state, federal, or foreign law.

**[If you find beyond a reasonable doubt that the defendant committed the wire fraud offense I have instructed you on in Count Two, and he knew that the proceeds came from that activity, that is sufficient for you to find that the defendant believed that the proceeds came from unlawful activity. Keep in mind, however, that it is not necessary for the defendant to believe that the proceeds would come from wire fraud specifically.] [To satisfy this element, the government does not need to prove that the defendant you are considering specifically knew that the property involved in the transaction represented the proceeds of wire fraud, or any other specific offense.]** [78] The Government only has to prove that the

---

[78] <u>Defense:</u> The government's proposed instruction effectively directs the jury to find an element automatically satisfied. Defendants propose using the standard language for this instruction in the very models the government purports to rely on.

<u>Government Response:</u>  The Government's proposed language does not direct the jury to find an element automatically satisfied.  It is phrased in the conditional—*i.e.*, that should the jury find that the defendants knew that the at-issue proceeds came from the defendants' own conduct that constitutes wire fraud, such a finding is sufficient to establish the defendants' knowledge that the at-issue proceeds came from unlawful activity—and it is accurate as drafted. *See United States v. Diggles*, 928 F.3d 380 (5th Cir. 2019) (holding knowledge funds came from unlawful activity

defendant knew that it represented the proceeds of some illegal activity that was a felony.  I instruct

you as a matter of law that wire fraud is a felony under federal law.  **[That the defendant you are**

**considering was aware that the funds were frozen by third parties or may become the subject**

**of civil litigation is insufficient, on its own, to satisfy this element.]**[79]

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr.
> 50A-9 and the jury charges of the Honorable Katherine Polk
> Failla in *United States v. Wade*, 21 Cr. 472 (KPF), the Honorable
> Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF)
> (April 25, 2023), and the Honorable Ronnie Abrams in *United
> States v. Rahmankulov*, 20 Cr. 652 (LAP) (August 22, 2022).
>
> *See United States v. Maher*, 108 F.3d 1513, 1527-28 (2d Cir.
> 1997) (holding that for 18 U.S.C. § 1956(a)(1), the "precise nature
> of the unlawful source, so long as it is one that is among those
> listed in the statute, is 'an inconsequential detail' that the
> defendant need not have known" (citation omitted); *United States
> v. Diggles*, 928 F.3d 380 (5th Cir. 2019) (holding knowledge

---

satisfied when defendant was perpetrator of underlying crime); *United States v. Chon*, 713 F.3d 812, 820 (5th Cir. 2013) (same); *United States v. Bohn*, 281 F. App'x 430, 441 (6th Cir. 2008) ("Because we have already determined that the circumstantial evidence was sufficient to show that [the defendant] knew about the mail fraud scheme, it follows that the evidence was also sufficient to show that [he] knew that the money was from some form of unlawful activity)

[79] Defense:  The government is likely to introduce evidence that certain proceeds of the alleged exploit were frozen by a stablecoin issuer named Tether and that the alleged victims threatened civil litigation.  The jury should be instructed not to confuse this with knowledge that money is derived from a *felony* (which is what the statute requires).

Government Response:  The Government objects to such language as unnecessary and incomplete, given the proposed instructions in the immediately preceding sentences that accurately set forth the actual elements, and specifically, the requirement that the defendants must know that the proceeds derived from illegal activity that is a felony.  Should the Court be inclined to issue the defendants' proposed instruction, it should also instruct the jury that it may, but is not required to, consider the freezing of certain proceeds or the threat of civil litigation concerning such proceeds as a factor in determining whether the defendants knew that the proceeds derived from illegal activity.

funds came from unlawful activity satisfied when defendant was perpetrator of underlying crime); *United States v. Chon*, 713 F.3d 812, 820 (5th Cir. 2013) (same); *United States v. Bohn*, 281 F. App'x 430, 441 (6th Cir. 2008) ("Because we have already determined that the circumstantial evidence was sufficient to show that [the defendant] knew about the mail fraud scheme, it follows that the evidence was also sufficient to show that [he] knew that the money was from some form of unlawful activity).

**REQUEST NO. 25**

**Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge that Transaction Was Meant to Conceal**

The fourth element of the concealment money laundering offense that is the object of the conspiracy charged in Count Three concerns the purpose of the transaction.  Specifically, the Government must prove beyond a reasonable doubt that the defendant agreed to conduct the financial transaction with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.  **[The Government need not prove that the intent to conceal or disguise was the only, or even primary, purpose of the defendant, as long as it was an intent of the defendant.  Moreover, the Government need not prove with regard to any single transaction that the defendant removed all trace of his involvement with the money or property.][80]**

---

[80] Government: *See United States v. Willey*, 57 F.3d 1374, 1386 (5th Cir. 1995) ("in order to establish the design element of money laundering, it is not necessary to prove with regard to any single transaction that the defendant removed all trace of his involvement with the money . . .").

Defense: Defendants object to the addition of this proposed language.  The preceding sentence already conveys that the transaction must be designed "in whole or in part" to conceal.  *Sand* Instruction 50A-10, on which the courts in this district typically rely, does not include this language.

Government Response:  The Government's proposed language is standard "dual intent" language as applied to Count Three.  The Government anticipates that at trial, the defendants will seek to establish that they used some portion of the Exploit proceeds to pay their federal income taxes.  It is entirely proper to instruct the jury that their movement of these proceeds need not have been completely undetectable or devoid of any legitimate purpose.

As I have previously instructed, to act knowingly means to act purposely and voluntarily and not because of a mistake, accident, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective. **[To prove that an act is done knowingly for the purposes of this element, the Government is not required to prove that the defendant knew that his acts were unlawful.]**[81] If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue and that he knew that the transaction was either designed to conceal or disguise the true origin or ownership of the property in question, then this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, then this element has not been satisfied.

**[Conduct that is sufficient to establish an intent to conceal includes, but is not limited to, engaging in convoluted financial transactions, inter-company transfers with no clear purpose, transactions consummated with unusual secrecy, depositing ill-gotten funds into**

---

[81] <u>Defense</u>:  This sentence is unnecessary and would confuse the jury where the conspiracy charged in Count Three requires willful participation in the conspiracy with the intent to violate the law.

<u>Government Response</u>:  For the reasons set forth by the Government in nn.52, 64 & 78, the Government's proposed language is appropriate and accurately sets forth the applicable law.

another's bank accounts, using interest-free loans, and using third parties' names to conceal the real owner of the relevant funds.][82, 83]

[Keep in mind that the government must prove that the purpose—and not merely the effect—of the transaction was to conceal or disguise the nature, location, source, ownership, or control of the illegal proceeds.[84] The fact that a transaction was effected covertly in an

---

[82] Government: *See United States v. Bikundi*, 926 F.3d 761, 784 (D.C. Cir. 2019) ("hallmarks of an intent to conceal" include engaging in "convoluted financial transactions and inter-company transfers with no clear purpose"); *United States v. Turner*, 400 F.3d 491, 497 (7th Cir. 2005) ("certain types of transactions may be indicative of a design to conceal" such as "transactions surrounded in unusual secrecy, structured transactions, depositing ill-gotten funds into another's bank accounts, using third parties to conceal the real owner, or engaging in unusual financial moves which culminate in a transaction" or "convoluted, seller-financed and interest-free loan").

[83] Defense: Defendants object to the addition of this paragraph. This paragraph was not included in any of the models the government purports to rely on (*Sand*, *Wade*, and *Chastain*). The government appears to have cherry-picked language from out-of-circuit cases assessing the sufficiency of the evidence. It is both prejudicial and unnecessary for the Court to list bases on which the jury can find an intent to conceal in jury instructions. These examples, moreover, generate the misleading impression that secrecy of transactions alone can give rise to an inference of intent to conceal a relevant attribute of the funds. *Contra Cuellar v. United States*, 553 U.S. 550, 567 (2008).

Government Response:  The Government's proposed language is an accurate statement of the law, as set forth in the cases that the Government cites.  Moreover, jury instructions "are not improper simply because they resemble the conduct alleged to have occurred in a given case." *United States v. Cohen*, 260 F.3d 68, 75 (2d Cir. 2001).

[84] Defense: Defendants propose including this direct quotation from *Cuellar v. United States*, 553 U.S. 550, 567 (2008), which clarifies that the government may not secure a conviction solely through evidence that the transaction at issue was conducted in a secretive manner. *See also United States v. Garcia*, 587 F.3d 509, 517-19 (2d Cir. 2009) (concluding that *Cuellar* applies to § 1956(a)(1)(B)(i) and noting that "[a]voiding a paper trail, or declining to declare income, while perhaps frequently attendant to a broader purpose of concealment, no more demonstrates that the transfer and delivery were undertaken in order to conceal than does the mere fact of concealment during the transaction."). Judge Failla, whose instruction in *Wade* the government cites as a

79

**effort to avoid the transaction being detected by third parties does not, on its own, mean that the purpose of the transaction was to conceal anything about the *proceeds*.]**[85]   If, however, you find that the defendant knew or intended that the effect of the transaction would be to conceal or disguise the nature, location, source, ownership, or control of the illegal proceeds,

---

purported model for its proposal, included language to this effect.  *See United States v. Wade*, 21-cr-00472 (KPF), ECF 292, Tr. 1111 ("In other words, the purpose — and not merely the effect — of the transaction must be to conceal …").

Government Response:  The Government does not believe that the defendants' proposed language in this paragraph is necessary because the remainder of the proposed charge accurately instructs the jury that the defendant must know that the transaction was designed in whole or in part to conceal or disguise the attributes of the proceeds at issue.  If the Court is inclined to include the language in this paragraph proposed by the defendants, the Government believes that the language proposed in light blue text—which is adapted from the rest of the discussion in *Cuellar*—is needed to complete the instruction.  *See Cuellar v. United States*, 553 U.S. 550, 567 (2008) ("Although the evidence suggested that petitioner's transportation would have had the effect of concealing the funds, the evidence did not demonstrate that such concealment was the purpose of the transportation because, for instance, there was no evidence that petitioner knew about or intended the effect.")

[85] Defense:  This language is based on a direct quotation from *United States v. Rodriguez*, 727 F. App'x 24, 29 (2d Cir. 2018) that clarifies that the government must prove that the defendants intended to conceal an attribute of *the money* and not simply the fact that a transaction was taking place.  *Id.* ("The fact that a transaction was effected covertly in an effort to conceal the transaction from the authorities does not, on its own, entail that the transaction itself was an effort to conceal anything about the money." (cleaned up)).  The Second Circuit in *Rodriguez*, citing *Cuellar* and *Garcia*, determined that a defendant's "secretive transportation of the cash away from [a house], where the 40 kilograms of cocaine were stored, [did not] permit[] an inference that the transaction with the [agent to whom he delivered the cash] was designed to disguise the fact that the source of the cash was drug sales."  *Id.* at 29.  In this case, this principle means the government cannot meet its burden under this element of money laundering by demonstrating *only* that, in moving funds, the Peraire-Buenos intended to avoid detection.

Government Response:  *See* Government Response in preceding footnote.

you may find that such concealment of the nature, location, source, ownership, or control of the proceeds was the purpose of the transaction.[86]

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-10, and the jury charges of the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF) and the Honorable Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF) (April 5, 2023).

---

[86] <u>Defense:</u> Defendants object to the addition of this language, which is not necessary to clarify or further explain anything in the precedent proposed sentence. If the Court is inclined to include this language, Defendants request that "you may find" be changed to "you may <u>but are not required to</u> find."

## REQUEST NO. 26

## Count Three: Second Element – Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count Three of the Indictment existed, and that the conspiracy had as its object the money laundering offense charged in the Indictment, then you must determine the second question: Whether the defendant **[you are considering knowingly and willfully became a member of the conspiracy with the intent to commit money laundering][87] [participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.]**  I have already instructed you on this element of a conspiracy charge generally, and those instructions apply here as well.

> Adapted from the charge of the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

---

[87] Defense:  Proposed edit seeks to algin the description of this element with the instruction for membership in the Count One conspiracy.

Government Response:  For the reasons set forth by the Government in nn.52, 64 & 78, the Government's proposed language is appropriate and accurately sets forth the applicable law.

## REQUEST NO. 27 (GOVERNMENT)[88]

### Conscious Avoidance

*[If Applicable]*

As I have explained with respect to each of the three Counts charged in the Indictment, the Government is required to prove that the defendant acted knowingly. This is true with respect to the substantive wire fraud crime charged in Count Two, and with respect to the object of the conspiracies charged in Counts One and Three. In determining whether the defendant acted knowingly with respect to the substantive wire fraud crime or the objective of the conspiracies, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

With respect to the substantive wire fraud crime charged in Count Two of the Indictment, in determining whether the Government has proven beyond a reasonable doubt that the defendant

---

[88] <u>Defense:</u> Defendants oppose this instruction, as it has no application to the facts of this case. If the Court gives a conscious avoidance instruction, Defendants request the opportunity to propose language different than that in the government's proposal.

<u>Government Response:</u> "A conscious avoidance instruction is appropriate when a defendant claims to lack the knowledge necessary for a conviction, and the evidence presented at trial would permit a reasonable jury to conclude that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Dawkins*, 999 F.3d 767, 795–96 (2d Cir. 2021) (internal quotation marks omitted). The Government expects that this instruction will be appropriate based on the evidence presented at trial.

had knowledge or acted "knowing" that a particular thing was intended or would occur, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant acted with a conscious purpose to avoid learning the truth about the fraudulent nature of the scheme, then the requirement that the government prove that the defendant act knowingly will have been met. Similarly, if you find that the defendant was aware of a high probability that the scheme was fraudulent, and that the defendant acted with deliberate disregard of that high probability, then you must find that the government has proven that the defendant acted knowingly. The law does not permit a defendant to avoid responsibility for his criminal conduct by intentionally closing his eyes to relevant facts that would otherwise have been obvious to him. If, however, the evidence shows only that the defendant was negligent or mistaken about the fraudulent nature of the scheme, that is not sufficient to prove that he consciously avoided the truth. Moreover, if you find that the defendant actually believed the truth of the representations he made, he may not be convicted.

Let me further explain what willful blindness or conscious avoidance means with respect to the conspiracy counts, Counts One and Three. First, there is a difference between intentionally participating in a conspiracy, on the one hand, and knowing the specific object of a conspiracy, on

the other.  "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, such as, that the purpose of the partnership he joined was to commit wire fraud or money laundering. In other words, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability the object of the conspiracy you are considering was to commit wire fraud or money laundering, but that he deliberately avoided confirming that fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner.  It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury charge of the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21 Cr. 603 (Nov. 1, 2023), the jury charges given by the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); the instruction approved of in *United States v. Goffer*, 721 F.3d 113, 128 (2d Cir. 2013), and the Second Circuit's statement of the law in *United States v. Feroz*, 848 F.2d 359, 361 (2d Cir. 1988) ("the 'high probability' and 'actual belief' language [should] be incorporated into every conscious avoidance charge").

## REQUEST NO. 28

## Venue

In addition to all of the elements I have described, you must consider the issue of venue,

namely, whether [any act in furtherance of each of the charges you are considering occurred

within the Southern District of New York, and it was reasonably foreseeable to the defendant

that the act would take place] [an essential conduct element of the offense you are considering

occurred][89] in the Southern District of New York. The Southern District of New York includes

---

[89] Defense: Defendants propose a version of the usual venue instruction that more closely aligns with the Second Circuit's holding in *United States v. Ramirez*, 420 F.3d 134 (2d Cir. 2005), that "[v]enue is proper only where the *acts* constituting the offense—the crime's "essential conduct elements"—took place," and that acts "merely preparatory" cannot be a basis for venue. *Id.* at 138, 146 (emphasis added). The Fourth Circuit recently ruled that jury instructions which stated that venue would be proper if an "act in furtherance of the crime" occurred in the district were overbroad and risked the jury finding venue based on preparatory acts. *See United States v. Mosby*, 143 F.4th 264, 282 (4th Cir. 2025); *see also id.* at 280 (citing *Ramirez*).

Government Response: The Government's proposed language is consistent with the law of this Circuit providing that conspiracy and wire fraud are continuing offenses, and that "[v]enue in a continuing offense is proper . . . where: '(1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue.'" *United States v. Abdullaev*, 761 F. App'x 78, 83 (2d Cir. 2019) (quoting *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003). Further, "a scheme to defraud is not complete until the proceeds have been received." *United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015). The Government's proposed instruction is standard in this District and regularly affirmed by the Second Circuit. *See, e.g.*, *United States v. Chow*, 993 F.3d 125, 135, 143 (2d Cir. 2021) (affirming instruction that "Government needed to prove—by a preponderance of the evidence—that 'at least one act in furtherance of the charge occurred in the Southern District of New York'"); *United States v. Kirk Tang Yuk*, 885 F.3d 57, 67, 70-71 (2d Cir. 2018) (affirming instruction that "[i]t is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that you are considering that the act would take place in the Southern District of New York"); *United States v. Odunaike*, 273 F. App'x 58, 60 (2d Cir. 2008) ("[T]he appropriate standard is—as stated by the Court—whether 'it is more likely than not that the crime charged, or any act in furtherance of the crime' occurred in the district.").

Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  **[Venue is proven only if an essential conduct element of the crime you are considering occurred in the Southern District of New York.  Acts which are merely preparatory to the underlying offense and its essential conduct cannot provide a basis for venue.][90]**

Venue must be examined separately for each count in the Indictment.  Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses charged in Counts One and Three, it is sufficient to establish venue if the Government proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York.  The act need not be taken by the defendant or a conspirator, as long as the act was intentionally or knowingly caused by the conduct of the defendant or a coconspirator or was reasonably foreseeable. The act can include a financial transaction or wire communication, such as an email, chat message, or phone call, that begins, ends, or continues through the Southern District of New York, so long as the defendant reasonably anticipated that such a transaction or communication would occur.

---

[90] Defense: *See Ramirez*, 420 F.3d at 138, 146; *Mosby*, 143 F.4th at 282.

Government Response:  The Government's proposed language is consistent with the law of this Circuit and standard to instruct in this District.  *See Abdullaev*, 761 F. App'x at 83; *Svoboda*, 347 F.3d at 483; *Rutigliano*, 790 F.3d at 397; *Chow*, 993 F.3d at 135, 143; *Kirk Tang Yuk*, 885 F.3d at 67, 70-71; *Odunaike*, 273 F. App'x at 60.

For the wire fraud count charged in Count Two, it is sufficient to establish venue if the defendant transmitted or caused any interstate wire such as an e-mail, phone call, television or Internet broadcast, or financial transaction to be transmitted into, through, or out of the Southern District of New York. The wire need not itself be criminal as long as it was [transmitted or caused to be transmitted in furtherance of, or as part of, the scheme] [an essential part of the scheme and not merely preparatory to it.][91]

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence.  A preponderance of the evidence means the greater weight of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the jury charges of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC) and the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); *see also United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015) ("[V]enue lies where a wire in furtherance of a scheme begins its course, continues or ends.").

---

[91] Defense: *See Ramirez*, 420 F.3d at 138, 146; *Mosby*, 143 F.4th at 282.

Government Response:  The Government's proposed language is consistent with the law of this Circuit and standard to provide in this District.  *See Abdullaev*, 761 F. App'x at 83; *Svoboda*, 347 F.3d at 483; *Rutigliano*, 790 F.3d at 397; *Chow*, 993 F.3d at 135, 143; *Kirk Tang Yuk*, 885 F.3d at 67, 70-71; *Odunaike*, 273 F. App'x at 60.

## REQUEST NO. 29 (GOVERNMENT)[92]

### Co-Conspirator Statements

*[If Applicable]*

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendant. The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been

---

[92] Defense: Defendants oppose this instruction, even if co-conspirator statements are admitted at trial, because it is highly prejudicial. It misleadingly suggests to the jury that the Court has already determined that a conspiracy existed—when such a determination, if made, was solely for evidentiary purposes and determined by a preponderance of evidence rather than beyond a reasonable doubt. It is also argumentative and tendentious, as it instructs the jury to weigh co-conspirator statements "against" a defendant (when such statements could just as easily support a defendant's position). If the Court is inclined to give an instruction on this issue, Defendants respectfully request the opportunity to propose alternative language.

Government Response: This instruction provides a correct statement of the law as to co-conspirator statements. This instruction is not only given by courts in this District, *see, e.g.*, the jury charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018), but also resembles the pattern jury instructions of multiple circuit courts. *See* Third Circuit Pattern Jury Instr. 6.18.371K; Eighth Circuit Pattern Jury Inst. 5.06D.

coconspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> Adapted from the jury charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 30 (GOVERNMENT)[93]

False Exculpatory Statements

[*If Applicable*]

You have heard testimony and seen evidence where the defendant made statements in which he claimed that his conduct was consistent with innocence and not guilt. The Government claims that those statements in which he exonerated or exculpated himself were false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged. Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you the jury to decide.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11 and the jury charges of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (Apr. 27, 2018) and the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017).

---

[93] Defense: Defendants oppose this instruction as inapplicable to this case. If the Court gives a false exculpatory statements instruction, Defendants request the opportunity to propose language different than that in the government's proposal.

Government Response: This instruction is adapted from Sand, *Modern Federal Jury Instructions*, Instruction 6-11 and is supported by Second Circuit precedent. *United States v. Strother*, 49 F.3d 869, 876-77 (2d Cir. 1995). The Government believes this instruction may be appropriate depending on the evidence presented at trial.

**REQUEST NO. 31**

**Presence of Counsel Not a Defense**

[*If Applicable*]

You have heard evidence that the defendant communicated with attorneys during the time period at issue in this case. You may consider these communications, like all others of the defendant's as to which evidence is received, as evidence that may bear on the defendant's state of mind and intentions and to give that evidence whatever weight, if any, you deem appropriate considering all the other facts. However, a lawyer's involvement does not, itself, constitute a defense to the charge in this case.

[The defense has not claimed, and cannot claim, that the defendant's conduct was lawful because he engaged in such conduct in good-faith reliance on the advice of a lawyer. Both parties agree that the evidence does not support that the defendant acted on the advice of an attorney.]

[The defense does not claim that either defendant's conduct was lawful because he engaged in such conduct in good-faith reliance on the advice of a lawyer.][94]

Adapted from the jury charge by the Honorable Lewis A. Kaplan in
*United States v. Bankman-Fried*, No. 22 Cr. 673 (Oct. 3, 2023) and

---

[94] <u>Defense:</u> The government's proposed language is tendentious and argumentative.

<u>Government Response:</u> The defendants' proposed revision appears to suggest that the defendants could have satisfied a formal advice-of-counsel defense, but merely elected not to claim one. Accordingly, the Government requests that, if the Court adopts the defendants' proposed language, the Court also instruct the jury that, in order for the defendants to argue reliance on counsel, the jury would be required to consider whether the defendants honestly and in good faith sought the advice of counsel, fully and honestly laid all the facts before counsel, and in good faith and honestly followed counsel's advice. *See United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017).

the instruction of the Honorable Paul A. Engelmayer in *United States v. Larmore*, No. 24 Cr. 140 (Oct. 2, 2024) (ECF No. 78).

**REQUEST NO. 32**

**Limited Evidence**

[*If Applicable*]

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2.12.

## REQUEST NO. 33

## Stipulations

### [*If Applicable*]

You have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the charge of the Honorable John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (June 23, 2025) and Honorable Nelson S. Román in *United States v. Bowen*, 18 Cr. 205 (NSR) (S.D.N.Y. 2021); *see also* Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

95

**REQUEST NO. 34**

**Charts and Summaries**

There is evidence before you in the form of charts and summaries.  Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no better than the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

**REQUEST NO. 35**

**Expert Witnesses**

[*If Applicable*]

You heard the testimony of certain witnesses who testified as experts. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

[In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.]

[Your role in judging credibility applies to experts as well as other witnesses. You should judge the expert testimony the same way that you judge the testimony of any other witness. In weighing expert testimony, you should consider the factors that generally bear upon the

97

<span style="color:red">credibility of a witness, as well as the expert witness' education, training, and experience, the soundness of the reasons given for the opinion, and all the other evidence in the case.]</span>[95]

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017), and from the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18 Cr. 36 (Feb. 1, 2022).

---

[95] <u>Defense:</u> *United States v. Pukke*, No. 23-cr-00168-JPO (S.D.N.Y. July 9, 2024), Tr. 2362-63.

<u>Government's Response:</u>  The defendant's proposed charge omits the important instruction that the jury should not afford an expert's opinion merely because he or she is an expert in a field, which is one of the most significant risks posed by the presentation of expert testimony.  *Cf. Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (noting that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it").  The Government's proposed charge is consistent with the instructions cited above, along with the charge of the Honorable Sidney H. Stein, *United States v. Constantine, et al.*, No. 21 Cr. 530 (Dec. 15, 2022).

## REQUEST NO. 36

### Law Enforcement Witnesses

**[*If Applicable*]**

You have heard testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Government as a law enforcement agent for as an employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018).

99

## REQUEST NO. 37
## Preparation of Witnesses
### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

100

## REQUEST NO. 38

## Persons Not on Trial

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. [Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.][96]

Adapted from the charge of the Honorable Vernon S. Broderick in
*United States v. Darden*, No. 23 Cr. 134 (VSB) (Oct. 3, 2024).

---

[96] <u>Defense:</u> Defendants object to the addition of this sentence. The government's proposed language improperly suggests that the jury is not permitted to draw inferences about the credibility of a cooperating witness's testimony.

<u>Government Response:</u> The Government's proposed language is regularly used in this District. *See, e.g.*, the charge of the Honorable Vernon S. Broderick in *United States v. Darden*, No. 23 Cr. 134 (VSB) (S.D.N.Y. 2024); the charge of the Honorable Loretta A. Preska in *United States v. Tanner*, No. 17 Cr. 61 (LAP) (S.D.N.Y. May 3, 2018); the charge of the Honorable Andrew L. Carter in *United States v. Seabrook*, No. 16 Cr. 467 (ALC) (S.D.N.Y. Nov. 8, 2017); the charge of Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, No. 14 Cr. 520 (KMW) (S.D.N.Y. May 4, 2015); *see also United States v. Muse*, 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010)

## REQUEST NO. 39 (GOVERNMENT)[97]

### Uncalled Witnesses — Equally Available

[*If Applicable*]

There are persons who names you heard during the trial but who did not appear to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charge of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019) and the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018).

---

[97] <u>Defense:</u> Defendants object to this instruction in its entirety.  If the Court gives an "Uncalled Witness—Equally Available" instruction, Defendants request the opportunity to propose language different than that in the government's proposal.

<u>Government Response:</u>   The Government's proposed instruction is consistent with similar instructions given in this District.  The defendants' objection is more appropriately left for the charge conference, or after the evidence comes in at trial.

**REQUEST NO. 40**

**Testimony of Cooperating Witnesses[98]**

**[***If Applicable***]**

You have heard from a witness who testified that he was actually involved in planning and carrying out some of the crimes charged in the indictment. [There has been a whole lot said about this cooperating or accomplice witness in the summations of the attorneys and whether or not you should believe him. So let me talk to you about that.][99]

[Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in planning or committing crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.]

[You may properly consider the testimony of such an accomplice or cooperating witness. If such witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. It is the law in federal courts that the testimony of a single cooperating witness may be

---

[98] <u>Defense</u>: Defendants reserve the opportunity to propose further edits to this instruction based what occurs at trial. Defendants understand that one individual will testify pursuant to a non-prosecution agreement, but the government has not provided the terms of that agreement. In fact, it has declined to provide any material pursuant to 18 U.S.C. § 3500 and *Giglio* until after the submission of these instructions. Defendants do not yet know whether the witness is admitting to participation in a crime, for example. And that may impact the content of this instruction.

[99] <u>Defense</u>: Defendants object to the addition of this language as unnecessary.

enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.][100]

[However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility.  It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.  You should ask yourselves whether a person would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?] **[However, because of the possible interest a cooperating witness may have in testifying, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be**

---

[100] <u>Defense</u>: Defendants object to the addition of the two preceding paragraphs as tendentious and argumentative.

<u>Government Response</u>: *See* the standard *Sand* instruction, 7-5.

**accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.]**[101]

Like the testimony of any other witness, accomplice or cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

[You also heard testimony about an agreement between the Government and the witness. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.][102]

---

[101] Defense: Defendants object to the addition of this paragraph. Defendants propose using the standard language employed in *Sand* Instruction 7-7, which elaborates on the reasons why a cooperating witness's testimony may warrant greater scrutiny.

Government Response: The Defendants' proposal emphasizes only the possibility that a cooperator may have an incentive to testify falsely, rather than an incentive to testify truthfully—which is not only incentivized by, but required by, the witness's non-prosecution agreement with the Government. Contrary to the defendants' characterization, *Sand* Instruction 7-7, citing *United States v. Santana*, 503 F.2d 710, 715 (2d Cir. 1974), applies to unindicted co-conspirators who do not testify pursuant to such an agreement and may still be prosecuted in the future. *See Santana,* 503 F.2d at 715 (defendants "stood in the shadow of future prosecution at the will of the government"). Accordingly, the appropriate *Sand* instruction is 7-5, which correctly considers both a witness's incentive to testify falsely and to testify truthfully. The Government's proposed instruction appropriately conveys the necessary care the jurors should apply to such testimony.

[102] Defense: Defendants oppose the government's proposed language because it inaccurately suggests that a fact of the non-prosecution agreement is "of no concern" to the jury. On the contrary, the fact that a witness is cooperating with the government to avoid prosecution is

You should look at all of the evidence in deciding what credence and what weight, if any, you want to give to the witness's testimony.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-5 and the jury charges of the Honorable Richard M. Berman in *United States* v. *Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. 2017), and the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018).

---

frequently the subject of cross-examination and bears directly on the witness's motive to lie. *See United States v. Quinones*, 511 F.3d 289, 313 (2d Cir. 2007) ("A cooperating witness's expectation as to how his testimony will be viewed by prosecutors or the court … is relevant to demonstrating his motive to lie or to tell the truth").

Government Response: Revised language above—as adapted from *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. Nov. 6, 2018) and *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017)—directs the jury to draw no conclusion regarding the Government's motivation to enter into an agreement, rather than the witness's motivation.

## REQUEST NO. 41

### Defendant's Testimony

**[*Requested If Defendant Testifies*]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  But, if he chooses, the defendant has the right to testify and to take the witness stand on his own behalf.

In this case, the defendant decided to testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony of the defendant just as you would the testimony of any witness.

> Adapted from charge given in *United States v. Bankman-Fried*, S6 22 Cr. 673 (LAK); *see United States v. Solano*, 966 F.3d 184, 192-94 (2d Cir. 2020); *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2008).

**REQUEST NO. 42**

**Defendant's Right Not to Testify**

**[***If Requested by the Defendant***]**

The defendant did not testify in this case.  You may not speculate as to why he chose not to testify.  Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

> Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018).

108

**REQUEST NO. 43 (GOVERNMENT)**[103]

**Use of Evidence Obtained in Searches**

[*If Applicable*]

You have heard testimony about certain evidence that was seized pursuant to search warrants signed by a judge, from email accounts, online accounts, and electronic devices. Evidence obtained from those searches was properly admitted in this case, and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

---

[103] <u>Defense:</u> Defendants object to this instruction as unnecessary even if evidence obtained pursuant to search warrants is admitted. Moreover, the suggestion that the warrants were signed by a judge is argumentative and misleading given the different standards between issuing a warrant and securing a conviction.

<u>Government Response:</u> This charge is routinely given by courts in this District. *See, e.g.*, the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (October 3, 2023), the Honorable Alison J. Nathan in *United States v. Lebedev*, No. 15 Cr. 769 (March 10, 2017), the Honorable Jesse M. Furman in *United States v. United States v. Dupigny*, No. 18 Cr. 528 (Jan. 13, 2020), and the Honorable J. Paul Oetken in *United States v. Nunez Jr.*, 22 Cr. 293 (May 5, 2025). This instruction is also particularly warranted in this case, where much of the Government's evidence was obtained by judicially authorized search warrants. Finally, the proposed language makes no reference to the different standard to obtain a search warrant, and does not otherwise suggest or invite the jury to convict simply because a search warrant was authorized by a judge.

109

Adapted from the charges of the Honorable Alison J. Nathan in *United States v. Lebedev*, No. 15 Cr. 769 (March 10, 2017), and in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 44

## Particular Investigative Techniques Not Required

### [*If Applicable*]

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. [The Government is not on trial. Law enforcement techniques are not your concern.] [Your concern is to determine whether, based on the evidence or lack of evidence, the government has proven the guilt of the defendant you are considering as to a particular charge in the indictment beyond a reasonable doubt.][104]

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), the Honorable Cathy Seibel in *United States v. Collado*, 22 Cr. 356 (CS) (S.D.N.Y. 2023), and the

---

[104] Defense: Defendants object to the government's proposed language as tendentious and argumentative. Their alternative proposal is based on the more neutral language Judge Failla utilized in *United States v. Wade*, No. 1:21-cr-00472-KPF (S.D.N.Y. Dec. 26, 2023), ECF 292, Tr. 1124-25. Defendants also do not believe the instruction will be necessary or adds any value.

Government Response: The Government's proposed language is standard in this District. *See, e.g.*, the charges of the Hon. Cathy Seibel in *United States v. Collado*, 22 Cr. 356 (CS) (S.D.N.Y. 2023), the Hon. Kenneth M. Karas in *United States v. Bush*, 23 Cr. 545 (KMK) (S.D.N.Y. 2024), and the Hon. Nelson S. Román in *United States v. Bowen*, 18 Cr. 205 (NSR) (S.D.N.Y. 2021), as well as the charge of Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), cited above. As to whether the proposed instruction "will be necessary or add[] any value," the Government believes such a determination can only be made after the evidence has come in at trial.

111

Honorable Nelson S. Román in *United States v. Bowen*, 18 Cr. 205
(NSR) (S.D.N.Y. 2021).

**REQUEST NO. 45 (<mark>GOVERNMENT</mark>)**[105]

**All Available Evidence Need Not Be Introduced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.

> Adapted from the charges of the Honorable Roslynn R. Mauskopf in *United States* v. *Henry*, 12 Cr. 81 (RRM) (E.D.N.Y. 2014); *see* E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions*, § 72.11 (3d ed. 1977).

---

[105] <u>Defense:</u> Defendants object to this instruction as unnecessary. If the Court gives an "All Available Evidence Need Not Be Introduced" instruction, Defendants request the opportunity to propose language different than that in the government's proposal.

<u>Government's Response:</u> The Government's proposed charge is legally correct. The resolution of the defendants' objection is best left for the charge conference, or after the evidence comes in.

113

## REQUEST NO. 46

### Redactions

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable Lewis A. Kaplan in *United States v. Sterling*, S4 16 Cr. 488 (Apr. 3, 2017).

114

## REQUEST NO. 47

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national-origin, gender, education, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national-origin, gender, education, or age of the victims, any other witness, or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charge of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (S.D.N.Y. 2003), and the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (JPO) (January 8, 2003).

115

### REQUEST NO. 48 (GOVERNMENT)

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant beyond a reasonable doubt with respect to the charges of the Indictment.

You must base your verdict solely on the evidence, or lack of evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest belief as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

116

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

## REQUEST NO. 48 (DEFENSE)

### Conclusion

Your function now is to weigh the evidence in this case and to determine if the government has sustained its burden of proof with respect to each count of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with a particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, and without prejudice or sympathy, without fear solely based on the evidence in this case and the applicable law.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict. So you're about to go into the jury room and begin your deliberations. A list of exhibits and the exhibits that were received into evidence will be provided to you in the jury room. If you want any of the testimony read back to you, you may also request that. If you want testimony read back to you, please be as specific as you possibly can. The court reporter will have to look through the transcript and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve

118

those disagreements. If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for testimony — in fact any communications with the Court — should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in this case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that an official trial transcript that has been made in these proceedings be read back to you.

You will now retire to decide the case. Again, your function is to weigh the evidence in this case and to determine whether the government has proven the guilt of the defendants with respect to each count charged in the indictment.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions

119

dispassionately without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all 12 jurors must be present in the jury room. If a juror is absent, you must stop deliberations.

And again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of the case based on your consideration of the evidence and your discussion with your fellow jurors. No juror should surrender his or her conscientious beliefs for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do not report how the vote stands. If you reach a verdict, do not report what it is until you are asked in open court.

Now, I've prepared a verdict form for you to use in guiding your deliberation. In recording your decision, please use that form to report your verdict. It will be provided to you back in the jury room.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The

120

foreperson is just your spokesperson to this Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Now, at this time, the first 12 jurors will begin their deliberations in this case.

**[if applicable]** [Our final juror, who is an alternate, will not deliberate at this time. I believe that is [Juror Name]. Nevertheless, the alternate juror, [Juror Name], is not quite excused. While the jury conducts its deliberations, you do not have to be here in court, but you should give [Courtroom Deputy] phone numbers where you can be reached because it is possible that you could be needed to deliberate if a juror is unable to continue. [Courtroom Deputy] will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all of the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including the other jurors, other people involved in the trial, members of your family, friends, coworkers, or anyone else, and until a verdict is reached, as I have already instructed, you may not communicate with

121

anyone about this case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me through [Courtroom Deputy] immediately.

Do not listen to or watch or read any news reports concerning this trial. If there were to be any, do not do any research on the internet or otherwise. The reason for this, of course, is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in the courtroom during this trial. Now, please accept my heartfelt gratitude for your service.]

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, and if you apply your own common sense, you will reach a fair verdict here. Thank you for your time and attentiveness.

Source(s): *United States v. Eisenberg*, No. 1:23-cr-00010-AS (S.D.N.Y. May 10, 2024), ECF 170, Tr. 1493-99.

* * *

Dated: New York, New York
September 17, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    _____/s/_____
Jerry Fang / Danielle Kudla
Ben Levander / Ryan Nees
Assistant United States Attorneys
Southern District of New York


Counsel for Anton Peraire-Bueno

By:    _____/s/_____
Daniel Marx, Esq.
William Fick, Esq.
Fick & Marx LLP


Counsel for James Peraire-Bueno

By:    _____/s/_____
Katherine Trefz, Esq.
Daniel Shanahan, Esq.
Patrick Looby, Esq.
Williams & Connolly LLP

Jonathan Bach, Esq.
Shapiro Arato Bach LLP

123