LAW OFFICES

# WILLIAMS & CONNOLLY LLP®

PATRICK J. LOOBY
(202) 434-5150
plooby@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 23, 2025

Via ECF

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

    Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Preliminary Response to Government's Filing at ECF 159

Dear Judge Clarke:

        Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter in response to the government's September 22, 2025 filing at ECF 159. The 13-page single-spaced pleading violates this Court's individual rules on page limits and conferral requirements for motions *in limine*. It is also unnecessary and full of baseless, incorrect factual allegations and misleading procedural history the Peraire-Buenos and their counsel vigorously dispute. If the Court is inclined to credit any of the government's allegations or to order the emergency relief the government claims it needs, the Peraire-Buenos respectfully request the opportunity to respond to the government's filing on a reasonable timeline of the Court's choosing.

        In the meantime, the Peraire-Buenos make three points.

        *First*, while the pleading purports to "supplement" the government's motion *in limine* regarding so-called "presence of counsel" evidence, it actually requests three new forms of relief, all to be entered and completed by Friday, September 26, 2025. ECF 159 at 12. If the Court considers the improperly filed document at all, it should deny the government's unsupported and unreasonable demands for immediate Court action. The government cites no rule or case that sets the disclosure obligations it purports to ask the Court to order. (The cases concerning disclosure orders cited at page 5 all involved advice-of-counsel defenses). And the government's lengthy discussion of the cases from this District on the admissibility of so-called "presence of counsel" evidence (most of which were cited in the parties' respective briefs on the motion *in limine*) does not aid the Court in considering the motion *in limine*. The only conclusion that can be drawn from the cases is the same one that the Peraire-Buenos succinctly explained in their opposition brief—*i.e.*, that so-called "presence of counsel" evidence may pose Rule 403 concerns, and its admissibility depends on the context in which it is offered.

WILLIAMS & CONNOLLY LLP®

September 23, 2025
Page 2

      *Second*, as the Peraire-Buenos have repeatedly told the government, they do not intend either to rely on the advice of counsel or to invoke the presence of counsel in response to any legitimate argument presented by the government. To the contrary, they have specifically sought to avoid the need to introduce such evidence altogether by (1) moving to preclude the government from presenting evidence of certain post-Exploit Google searches that unfairly pressure the Peraire-Buenos' attorney-client privilege and (2) opposing the government's intention to refer to the Peraire-Buenos' legitimately-formed companies as "shell companies" without any basis to do so.[1] It cannot be the case that the consequence of moving to exclude evidence that may require evidence concerning counsel to rebut is the compelled production of privileged material on which the moving party does not intend to rely. In both circumstances, moreover, the Peraire-Buenos would not be using the evidence as a purported "backdoor" to an advice-of-counsel defense but to respond to misleading and improper government arguments. The Peraire-Buenos also have explained to the government that, if the fact of counsel's presence comes in through *the government's* evidence, that obviously cannot work a waiver on behalf of the Peraire-Buenos. The issue is, at a minimum, unworthy of the government's demands for this Court's immediate action.

      *Finally*, because the government's filing does not meaningfully contribute to the legal issues presented by its motion *in limine*, the Peraire-Buenos respectfully submit that the government's filing does not warrant a written response. That is especially true given the number of motions pending before the Court. Counsel for the Peraire-Buenos will be prepared to answer any questions the Court may have at the final pretrial conference. But given the many inaccurate accusations leveled throughout the government's filing, if the Court is inclined to consider the government's arguments, the Peraire-Buenos respectfully request the opportunity to provide a response.

      Respectfully submitted,

By: */s/ William W. Fick*         By: */s/ Patrick J. Looby*
Fick & Marx LLP        Williams & Connolly LLP
*Counsel for Defendant*        *Counsel for Defendant*

---

[1] In addition to these two potential uses of attorney presence, the government speculates regarding a third: that the Peraire-Buenos may seek to elicit from CC-1 the fact that he took comfort from the fact that, after the alleged Exploit, the companies had retained counsel. ECF 159 at 9. If the government had asked, it would know that the Peraire-Buenos will not elicit that fact from CC-1. But that would not preclude them from eliciting testimony on cross-examination of CC-1 that before, during, and after the alleged Exploit—including before counsel was ever retained—CC-1 did not believe that the alleged conduct was deceptive, unlawful, or even wrongful. CC-1 has told the government this on many occasions. This fact, which will be undisputed at trial, explains why the government seeks to derail the trial with irrelevant side-shows about other people's reactions to the alleged Exploit in news stories, and the Peraire-Buenos' post-Exploit internet searches.

WILLIAMS & CONNOLLY LLP

September 23, 2025
Page 3

    *Anton Peraire-Bueno*        *James Peraire-Bueno*

cc: Counsel of Record via ECF