# EXHIBIT A

**Court Exhibit 4**

**Scheme to Defraud**[1]

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan for the accomplishment of an object.[1]

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.[2]

"Fraud" is a general term. It embraces all the possible means that human ingenuity can devise by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, concealment of the truth, or deliberate disregard for the truth.[3] Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

[4] A representation or statement is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts may also constitute false or fraudulent statements.[5]

The deception need not be premised upon spoken or written words alone. The

---

[1] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025).

[2] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025).

[3] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025).

[4] The Government proposes removing this sentence, which may incorrectly suggest to the jury that the Government is alleging only false statements when, in fact, the Government is also alleging fraudulent pretenses, half truths, concealment of material facts, and deceptive conduct. This sentence is also unnecessary.

[5] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025).

**Court Exhibit 4**

arrangement of the words or the circumstances in which they are used may convey the[6] false and deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation.[7] If there is [8]deception,[9] the manner in which it

---

[6] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) (states "the," not "a").

[7] This proposed language is grounded in the relevant caselaw. *See A. Terzi Prods., Inc. v. Theatrical Protective Union*, 2 F. Supp. 2d 485, 501 (S.D.N.Y. 1998) (Sotomayor, J.) (describing the "accepted notion that a defendant, by his conduct alone, can intend to deceive another and engage in a scheme to defraud, even though the defendant's statements themselves contain no misrepresentations"); *United States v. Trapilo,* 130 F.3d 547, 550 n.3 (2d Cir. 1997) (smuggling scheme that involved no false statements constituted wire fraud); *United States v. Hild*, No. 23-6136, 2025 WL 2153125, at *5 (2d Cir. July 30, 2025) (citing *Trapilo* for the proposition that a "scheme exists although no misrepresentation of fact is made" in rejecting defendant's argument that he could not be convicted because he made no "fraudulent statement" while inflating portfolio); *United States v. Chanu*, 40 F.4th 528, 541 (7th Cir. 2022) (manual spoofing conduct constituted a scheme to defraud because a trading order "signals a trader's intent to buy or sell" and therefore is a "quintessential 'half-truth' or implied misrepresentation"); *United States v. Rafsky*, 803 F.2d 105, 108-09 (3d Cir. 1986) (check kiting was scheme to defraud because it tricks a bank into believing the fraudster has a higher balance); *see also, e.g.*, *Stoneridge Inv. Partners v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008) ("Conduct itself can be deceptive . . . ."); *Schmuck v. United States*, 489 U.S. 705, 714-15 (1989) (conduct of rolling back odometers sufficient to constitute wire fraud); *United States v. Rafsky*, 803 F.2d 105, 108-09 (3d Cir. 1986) (conduct of check kiting sufficient to constitute wire fraud); *Carpenter v. United States*, 484 U.S. 19, 27 (1987) (conduct of misappropriating confidential business information sufficient to constitute wire fraud); *United States v. Altman*, 48 F.3d 96, 101 (2d Cir. 1995) (conduct of embezzlement sufficient to constitute wire fraud); *United States v. Pacilio*, 85 F.4th 450, 460-61 (7th Cir. 2023) (conduct of placing trades with intent to cancel them sufficient to constitute wire fraud).

Consistent with this case law, courts in this District have repeatedly instructed the jury that "[t]he Government need not show that the defendant made a misrepresentation." *See, e.g.*, *United States v. Shin*, 19 Cr. 552 (JPC); *United States v. Blakstad*, 19 Cr. 486 (ER); *United States v. Brennerman*, 17 Cr. 337 (RJS); *United States v. Amanat*, 15 Cr. 536 (PGG). These instructions are consistent with the clear text and history of the wire fraud statute. When first enacted, the mail fraud statute (the predecessor to wire fraud) prohibited the use of the mails "in furtherance of 'any scheme to defraud.'" *McNally v. United States*, 483 U.S. 350, 356 (1987). The Supreme Court has long held that this phrase was not limited to misrepresentations, but instead referred broadly "to wronging one in his property rights by dishonest methods or schemes, and usually signif[ies] the deprivation of something of value by trick, deceit, chicane, or overreaching." *Id.* at 358. Congress amended the statute in 1909 to add the clause prohibiting "obtaining money or property by means of false or fraudulent pretenses, representations, or promises." *Id.* at 357. But that amendment was intended to reinforce the Supreme Court's decision in *Durland v. United States*, 161 U.S. 306 (1896) that the statute reached "promises and misrepresentations as the future," not to limit the reach of the preexisting "scheme to defraud" language. *McNally*, 483 U.S. at 359.

Consistent with this history, Circuit Courts of Appeals across the country—including the Second Circuit—have held that statutes prohibiting schemes to defraud are not limited to those that involve misrepresentations, but instead reach "a broader range of deceptive conduct." *United States v. Kurleman*, 736 F.3d 439, 446 (6th Cir. 2013); *see, e.g.*, *United States v. Stavroulakis*, 952 F.2d 686, 694 (2d Cir. 1992) (holding "scheme to defraud" encompasses "a pattern or course of conduct"); *United States v. Colton*, 231 F.3d 890, 898 (4th Cir. 2000) (holding "scheme to defraud" includes "acts taken to . . . create a false impression"); *United States v. Clausen*, 792 F.2d 102, 104-05 (8th Cir. 1986) (holding "scheme to defraud" can occur "whether or not any specific misrepresentations are involved"); *United States v. Woods*, 335 F.3d 993, 997-98 (9th Cir. 2003) ("A defendant's activities can be a scheme or artifice to defraud whether or not any specific misrepresentations are involved.").

[8] Proposed deletion based on Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) (does not include the word "intentional" here).

[9] Proposed deletion based on Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) ("through a pretense, representation, or promise" not included in Sand).

**Court Exhibit 4**

is accomplished does not matter.

The false or fraudulent representation, half truth, or concealment of fact must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person. This means that if you find a particular statement of fact, representation, or pretense to have been false or fraudulent, you must determine whether that statement, representation, or pretense was one that a reasonable person might[10] have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[11]

[12][13] It does not matter whether the intended victims were careless, gullible, or even

---

[10] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) (states "might," not "would").

[11] Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025).

[12] The Government proposes removing this instruction, which is unnecessary, unbalanced, and not included in Sand. It is duplicative of a separate instruction regarding how to weigh witness testimony. And the Government is concerned that a juror may misunderstand it to mean that the juror needs something more than a witness's testimony to determine whether the Government has met its burden in proving materiality. If, however, the Court decides to give this instruction, the Government respectfully requests that—in order to provide a more balanced instruction—the following sentence be added following the first sentence in the paragraph: "You may find on the basis of that testimony that the defendant's misrepresentations were important to a reasonable person, and therefore were material."

[13] The Government proposes removing this instruction, which is not included in Sand, does not appear to arise from wire fraud cases, and is confusing As set forth in the Government's letter, this instruction appears to be derived from *United States v. Eisenberg*, where it may have carried over from the court's instruction on commodities fraud, a different crime where the materiality standard is based on the objectively "reasonable investor." *See United States v. Phillips*, — F.4th —, 2025 WL 2528201, at *18 (2d Cir. Sept. 3, 2025); *see also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) (discussing admissibility of expert testimony in the context of Section 10b-5 securities fraud, which—unlike wire fraud—requires "a substantial likelihood that a reasonable investor would find the . . . misrepresentation important in making an investment decision."). In contrast, for wire fraud, the materiality standard asks whether the fact, representation, or pretense had "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *Neder v. United States*, 527 U.S. 1, 16 (1999).

The Government is also concerned that the current instruction is confusing. First, the jurors—most or all of whom will likely be entirely unfamiliar with individuals who trade on the Ethereum Network—will have difficulty applying the instruction. Second, the instruction imprecisely focuses all attention on the person whose money or property was sought when, under clear law (and the Court's own instruction), the person whose money or property is sought need not be the same person or entity that the defendant sought to deceive through the scheme or artifice. *See United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) (holding that "the party whose money or property is the object of the scheme [need not be] the same party whom a fraudster seeks to deceive"). Here, the defendants' deception did not solely target the victim traders, but also others operating in different roles within the MEV-Boost ecosystem, such as the relay. Third, the reference to a person of "ordinary intelligence" again focuses all attention on the person whose money or property was sought. But the "purpose of the reasonable person or 'ordinary prudence and comprehension standard is to assure that the defendant's conduct was calculated to deceive,'" not to focus attention on the targeted victims. *United States v. Denkberg*, 139 F.4th 147, 163 (2d Cir. 2025).

**Court Exhibit 4**

negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the sophisticated.

In addition to proving that a representation, half truth, or concealment of fact was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme or artifice contemplated [14] depriving another of money or property (including cryptocurrency), even if only temporarily. It is not necessary, however, that the person or entity whose money or property was targeted be the same person or entity that the defendant sought to deceive through the scheme or artifice. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or artifice or that the intended victim actually suffered any loss.

It is not required that every misrepresentation charged in the Indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations, half truths, or concealments of fact were made in furtherance of the alleged scheme to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

Adopted from, among other sources, Sand, *Modern Federal Jury Instructions*, Instr. 44- 4 (2025); *United States v. Albin*, 23 Cr. 664 (S.D.N.Y.); *United States v. Javice*, 23 Cr. 251 (S.D.N.Y.); *United States v. Eisenberg*, 23 Cr. 10 (S.D.N.Y.).

---

[14] Proposed deletion based on Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) (does not include "wrongly").