LAW OFFICES
## WILLIAMS & CONNOLLY LLP®

PATRICK J. LOOBY
(202) 434-5150
plooby@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 28, 2025

<u>Via ECF</u>
The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) – Defendants' Response to Government's Opposition to Potential Amicus Submission

Dear Judge Clarke:

      Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this letter in response to the government's opposition (ECF 194) to a potential submission by *amicus curiae* in connection with Rule 29 and jury instructions. The Court should reject the government's blind opposition to the submission, which even the government's letter acknowledges falls within the Court's wide discretion to allow, consider, and give whatever weight the Court deems appropriate.

      The *amicus curiae* submission would be filed by Coin Center, a Washington, DC-based non-profit research and advocacy center focused on the public policy issues facing cryptocurrency and decentralized computing technologies such as Ethereum. The brief would be authored by attorneys at White & Case LLP. The submission would be accompanied by a motion for leave to appear as *amicus curiae* and to file the submission. As the forthcoming submission would make plain, Coin Center has a unique perspective that will aid the Court in considering the significant issues that the government's new "honest validator" theory of fraud implicates.

      This Court has "broad discretion to permit or deny an appearance as *amici curie* in a given case." *United States v. Adams*, 348 F.R.D. 408, 409 (S.D.N.Y. 2025). Although *amicus* briefs are less common in district court dockets than in the circuit courts, district courts regularly permit them. *See, e.g.*, *id.* (granting leave to file); *see also United States v. Storm*, 23-cr-430 (S.D.N.Y.). In *Storm*, Judge Failla received *amicus curie* briefs (including by Coin Center) at both the motion to dismiss stage, *see* ECF 39 (DeFi Education Fund); ECF 43 (Coin Center); ECF 45 (Blockchain Association), and in connection with jury instructions, *see* ECF 166, 167 (granting leave for brief by Paradigm Operations LP based on Paradigm's concern that proposed definition of "money transmitting business" in that case was "contrary to how money transmission works in practice

WILLIAMS & CONNOLLY LLP®

October 28, 2025
Page 2

and to prior regulatory guidance and legal precedent"); ECF 171 (Paradigm's brief).[1] "Even when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002). For example, some "friends of the court are entities with particular expertise not possessed by any party to the case" who can "explain the impact a potential holding might have on an industry or other group." *Id.* (citation omitted). *Amicus* participation is entirely appropriate for this purpose in this case, which the government admits is a first-of-its-kind prosecution involving a burgeoning industry.

The government's honest validator theory posits a stunning new theory of fraud that, if permitted to be argued to the jury, would have far-reaching implications for the cryptocurrency sector. According to the government, an Ethereum user who participates as a validator effectively "pos[es]" as an "honest validator," ECF 182, a term of art that its witnesses have defined as following the private blockchain protocol. *See, e.g.*, Tr. 282, 452. Because Ethereum users are engaged in economic activity (that is the entire point), the government's theory would mean that any trading strategy or engagement with another user with whom a user has an adversarial or competitive relationship (*i.e.*, everybody else) that involves a deviation from the blockchain's protocol specifications could give rise to federal criminal liability. *See* ECF 185. The government thus far has refused to even defend this breathtaking theory, *see* ECF 188, which is inconsistent with common sense and Second Circuit precedent. *See United States v. Finnerty*, 533 F.3d 143, 149-51 (2d Cir. 2008) (rejecting similar theory in traditional finance setting).

In this context, the government's knee-jerk opposition to Coin Center's participation is hard to credit. The government speculates that Coin Center will argue that "defendants should be acquitted" or otherwise intrude on the Court's Rule 29 analysis. Not so. The submission would be appropriately focused on the implications of the government's new legal theory—disclosed for the first time in the middle of trial despite months of litigation over the nature of the government's novel fraud charges—beyond just the facts of this case. It is also unclear what the government means by its over-the-top assertion that the mere participation of an *amicus* at the jury instruction stage—something Judge Failla permitted in *Storm*—would "allow the defendants to argue for nullification and is lawless." ECF 194 at 2. The Court is well equipped to consider the *amicus* submission's arguments as part of its reasoned analysis of the issues at Rule 29 and when finalizing the jury instructions. *See, e.g.*, *Neonatology Assocs*, 293 F.3d at 133 ("If an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance."); *accord, e.g.*, *Kistler v. Stanley Black & Decker, Inc.*, 2023 WL 1827734, at *2 (D. Conn. Jan. 25, 2023). The government has no legitimate basis to argue otherwise.

---

[1] The government's case, *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 17326181 (S.D.N.Y. Nov. 29, 2022), acknowledges that "the decision to grant leave to file a brief as amicus curiae is in the firm discretion of the court." *Id.* at *1. That case denied a request by anonymous former government officials to file *amicus* briefs in connection with a party's objections to a Report and Recommendation where the Magistrate Judge had already accepted *amicus* briefs below. *Id.* at *2.

WILLIAMS & CONNOLLY LLP®

October 28, 2025
Page 3

                                                        Respectfully submitted,

By: */s/ William Fick*                          By: */s/ Patrick J. Looby*
Fick & Marx LLP                                  Williams & Connolly LLP
*Counsel for Defendant*                      *Counsel for Defendant*
*Anton Peraire-Bueno*                        *James Peraire-Bueno*

cc: Counsel of Record via ECF