

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 29, 2025

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>*United States v. Anton Peraire-Bueno, et al.*, S1 24 Cr. 293 (JGLC)</u>

Dear Judge Clarke:

      The Government respectfully writes to request a jury instruction concerning tax reporting obligations relevant to address evidence and argument adduced at trial. The law is clear that taxes must be paid on crime proceeds, in addition to legitimate income. For the reasons set forth below, such an instruction is necessary and appropriate to ensure that the jury is not misled regarding the defense's arguments about their payment of taxes. This request requires determination now, because it impacts the content and conclusion of the Government's case-in-chief. Absent an instruction, the Government may be required to call an additional witness to address this issue.

      During the course of the trial, the defendants argued to the jury in opening statements and in cross examination that their actions were legitimate because they contemplated for and paid taxes on the Omakase profits. For example:

- In opening statements, defense counsel asserted that the defendants worked "on the strategy like they did all of their other work. They discussed it through Slack. They kept their work on the company code repository, and they planned the potential tax implications of their strategy." (Tr. 93).

- Defense counsel continued to assert that the "evidence will show that [the defendants] offer into cryptocurrency the gain from their trading strategy in order to pay taxes on it. Common sense tells you that people who are trying to hide criminal proceeds on an international, decentralized blockchain don't bring it into the U.S. financial system, tell the government what they made, and then pay taxes on it. And they did pay taxes to the tune of $6 million before they heard a thing about any government investigation or concern[.]" (Tr. 94).

- During questioning of Mr. Chen, defense counsel inquired on repeated occasions about the payment of taxes, including by way of just some examples:

- Q: "[B]y the time the indictment was announced, you had already prepaid your taxes on the omakase transaction, right? A: Yes." (Tr. 885);

- Q: "Mr. Chen, you always planned to pay taxes on the omakase trading strategy, correct? A: Yes. Q: And the tax strategy was something that team had planned at the same time as the strategy itself, right? A: There was some discussion of how to best optimize taxes given the strategy, yes. Q: You took the obligation to pay taxes seriously, right? A: Yes." (Tr. 1039);

- Q: "You took the obligation to pay taxes seriously, right? A: Yes." (Tr. 1040); and

- Q: "And you understood that James and Anton learned – had hired an accounting firm called RSM to assess what taxes would be owed the omakase strategy? A: Yes." (Tr. 1041).

The Government respectfully submits that in light of these statements and arguments, the jury should be appropriately instructed that pursuant to Internal Revenue Service (the "IRS") tax reporting requirements for fiscal year 2023, an individual is required to report stolen property. In particular, the IRS Tax Guide 2023 states:

> **Illegal activities.** Income from illegal activities, such as money from dealing illegal drugs, must be included in your income on Schedule 1 (Form 1040), line 8z, or on Schedule C (Form 1040) if from your self-employment activity.

*See* Department of the Treasury, Internal Revenue Service, Publication 17, Catalog Number 10311G, Tax Guide 2023; *see also* Department of the Treasury, Internal Revenue Service, Publication 525, Catalog Number 15047D.

Consistent with this requirement, the Government respectfully requests that the Court issue the following instruction at the conclusion of the case:

> You have heard arguments and evidence in this trial that the defendants paid taxes on the Omakase profits. The evidence of filing tax returns may be considered by you in determining whether the defendants acted with the requisite intent with respect to the wire fraud and money laundering charges. In determining what weight, if any, to afford to such evidence, I instruct you as a matter of law that, with respect to U.S. income taxes: "Income from illegal activities must be included in your income."

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

          /s/
        Jerry Fang / Danielle Kudla /
        Benjamin L. Levander / Ryan T. Nees
        Assistant United States Attorneys

Cc:    Defense Counsel (by ECF)