## Scheme to Defraud[1]

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice to defraud" is a plan, device, or course of action to obtain money or property by means of false of fraudulent pretenses, representations, or promises.

"Fraud" is a general term. It embraces all the possible means that human ingenuity can devise by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud here is alleged to have been carried out by making false or fraudulent representations and statements, including the Government calls the Lure Transactions and the False Signature. A representation or statement is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.[2]

The deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception through a pretense, representation or promise, the manner in which it is accomplished does not matter.

The false or fraudulent representation must relate to a material fact or matter. A material

---

[1] Adopted from, among other sources, Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025); *United States v. Albin*, 23 Cr. 664 (S.D.N.Y.); *United States v. Javice*, 23 Cr. 251 (S.D.N.Y.); *United States v. Eisenberg*, 23 Cr. 10 (S.D.N.Y.).

fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person. This means that if you find a particular statement of fact to have been false or fraudulent, you must determine whether that statement was one that a reasonable person would have considered important in making his or her decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important reflects that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been important to a reasonable person.

When I say, "reasonable person," I am referring to a person of ordinary intelligence in the position of a trader on the Ethereum network. However, because the question focuses on a person of ordinary intelligence, it does not matter whether the intended victims were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced market participant.

In addition to proving that a representation or statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme or artifice contemplated wrongly depriving another of money or property (including cryptocurrency), even if only temporarily. It is not necessary, however, that the person or entity whose money or property was targeted be the same person or entity that the defendant sought to deceive through the scheme or artifice. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or artifice or that the intended victim actually suffered any loss.

It is not required that every misrepresentation charged in the Indictment be proved. It is

sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.