**Court Exhibit 7**

*United States v. Peraire-Bueno,* 24 Cr. 293
October 14, 2025

**<u>PRELIMINARY CHARGE[1]</u>**

**[SLIDE 1]**

I.    **DUTY OF THE JURY**

Members of the Jury: Now that you have been sworn, I will tell you about your duties as jurors and give you instructions that will help you understand what will be presented during trial. At the end of the trial, I will give you instructions again, and those instructions will control your deliberations.

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you. That is how you will reach your verdict.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law as I give it to you -- whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

---

[1] Except where otherwise noted, this preliminary charge is adapted from *United States v. Hanratty*, 24 Cr. 153 (LGS) (Preliminary Charge) (S.D.N.Y. July 21, 2025).

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all of the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II.   PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The burden is on the Government to prove guilt beyond a reasonable doubt. As I will instruct you in more detail after the lawyers have presented their cases, reasonable doubt is based on reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or a doubt that would make a reasonable person hesitate to act in a matter of importance in his or her own life. The burden to prove guilt beyond a reasonable doubt never shifts to either defendant in this case (Anton or James Peraire-Bueno) because the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The law presumes the defendants to be innocent of all the charges against them. If, after careful consideration of all of the evidence or lack of evidence at the end of the trial, and following the rules of law

that I will explain, you have a reasonable doubt about either defendant's guilt, you must acquit that defendant -- that is, you must find him not guilty. If, however, after careful consideration of all the evidence presented, and following the rules of law that I will explain, you are convinced that the prosecution has proven the elements of the offense beyond a reasonable doubt as to one of the defendants, you must convict that defendant -- that is, find him guilty.

### III.   EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. That evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no magical formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility

of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. You should not reach any conclusions until you have all the evidence before you.

During the trial, I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may

not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence, asked for a conference outside of the hearing of the jury, or asked the Court for a ruling on the law.

### IV.     WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The only oral testimony that is evidence comes from the witnesses. What the lawyers say in their arguments to you is not evidence. Their arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

Further, anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses, is not evidence.

Only what is admitted into evidence here, when court is in session and all of the parties and jurors are present, may be considered by you as evidence.

## V. SUMMARY OF THE CHARGES

This is a criminal case. The defendants on trial, Anton and James Peraire-Bueno, have been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this District. The Indictment is not evidence. It simply contains the charges that the Government is required to prove to you, the trial jury, beyond a reasonable doubt.

[**SLIDE 2**]

The Indictment alleges that Anton and James Peraire-Bueno agreed to carry out and, in fact, carried out a fraudulent scheme to obtain approximately $25 million worth of cryptocurrency from others through a coordinated plan that involved false or fraudulent pretenses, representations, or promises, to obtain access to private trading information, and then took steps to hide the fact that this money had come from their fraud – in other words, to launder the millions of dollars they had taken. The trades or transactions at issue in this case occurred on a

cryptocurrency platform called Ethereum and also involved a software called MEV-Boost.

[**SLIDE 3**]

The defendants each have been charged in the Indictment with three separate charges, or counts. Count One charges both of the defendants with conspiracy to commit wire fraud. Count Two charges both of the defendants with committing wire fraud. Count Three charges both of the defendants with conspiring to commit money laundering.

Anton and James Peraire-Bueno deny all the charges, and they have entered pleas of not guilty. Again, under the law, the jury must presume the Peraire-Buenos are innocent of all the charges. It is the government's burden to prove each charge against each defendant beyond a reasonable doubt.

At the end of the case, you will be asked to separately consider each defendant with respect to each charge and return a verdict on each count as to each defendant.

## VI. INTRODUCTION

I am now going to tell you about some of the law that you will have to apply to the facts as you find them. These are only preliminary and summary instructions. They are to help you evaluate the evidence in light of what you will be asked to do after you have heard all the evidence. The final instructions that I

give you at the end of the trial will contain more detail about the applicable law. To the extent there are any differences between these preliminary instructions and the final instructions at the end of trial, the final instructions will be controlling, meaning that those final instructions are the ones you must follow in your deliberations.

Now I'll briefly summarize what the Government must prove beyond a reasonable doubt for the crimes charged against Anton and James Peraire-Bueno. You will be asked to return a verdict on each count alleged as to each defendant.

## VII. COUNT TWO: WIRE FRAUD (18 U.S.C. §§ 1343 and 2), OVERVIEW[2]

**[SLIDE 4]**

Count Two charges Anton and James Peraire-Bueno with wire fraud.

To prove wire fraud, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>, that there was a scheme to defraud to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

---

[2] *United States v. Mizrahi*, 22 Cr. 650 (JPO) (S.D.N.Y.); *United States v. Albin*, 23 Cr. 664 (JGK) (S.D.N.Y.); *United States v. Afriye*, 16 Cr. 377 (PAE) (S.D.N.Y.); *United States v. Saint Clair*, 19 Cr. 790 (PKC) (S.D.N.Y.).

<u>Second</u>, that the defendant knowingly and willfully participated in the scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, and

<u>Third</u>, that in executing that scheme, the defendant used or caused others to use interstate wires.

Examples of wires include telephone calls, text messages, communications over the Internet, and financial wires between bank accounts, among other things.

## VIII. COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 1349), OVERVIEW[3]

**[SLIDE 5]**

Count One charges Anton and James Peraire-Bueno with conspiracy to commit wire fraud.

To prove conspiracy to commit wire fraud, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, that there was a conspiracy, the goal of which was to commit wire fraud; that is, an agreement or understanding between two or more people existed to commit wire fraud, and

---

[3] *United States v. Reese*, 24 Cr. 402 (VEC) (S.D.N.Y.); *United States v. Mizrahi*, 22 Cr. 650 (JPO) (S.D.N.Y.); *United States v. Almaleh*, 17 Cr. 25 (ER) (S.D.N.Y.).

Second, that the defendant knowingly and willfully became a member of the conspiracy with the intent to commit wire fraud.

## IX. COUNTS THREE: CONSPIRACY TO COMMIT MONEY LAUNDERING[4]

**[SLIDE 6]**

Count Three charges Anton and James Peraire-Bueno with conspiracy to commit money laundering.

To prove conspiracy to commit money laundering, the Government must prove beyond a reasonable doubt the following two elements:

First, that there was a conspiracy, the goal of which was to commit money laundering; that is, an agreement or understanding between two or more people existed to commit money laundering, and

Second, that the defendant knowingly and willfully became a member of the conspiracy with the intent to commit money laundering.

**[SLIDE 7]**

Money laundering has the following four elements:

---

[4] *United States v. Reese*, 24 Cr. 402 (VEC) (S.D.N.Y.); *United States v. Mizrahi*, 22 Cr. 650 (JPO) (S.D.N.Y.); *United States v. Rahmankulov*, 20 Cr. 653 (RA) (S.D.N.Y.).

First, that the defendant conducted or attempted to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the transaction involved property constituting the proceeds of a specified unlawful activity, which here was the wire fraud charged in Count Two;

Third, that the defendant knew that the transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant knew the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

Once again, these instructions are just preliminary. The final instructions at the end of trial will provide more detail about what these elements mean, and those instructions will be controlling.

X.   **CONDUCT OF THE JURY**

[SLIDE 8]

**A. Instructions on Notetaking**

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or

anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Tran, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. You will not be able to take them with you into the jury room until you begin your deliberations at the end of trial. After the trial has concluded, your notes will be collected and destroyed.

### B. General Instructions

I should also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as

jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. No communicating about the case means absolutely no communicating about the case on Facebook, Twitter, blogs, on social media or anywhere online. Do not comment on social media about this case or the fact that you are a juror; do not update your status on any website to reflect that you are a juror.

  Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Tran, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

  Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for

this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites or blogs, use any AI tool such as a chatbot, or use any other electronic tools to obtain information about this case or to help you decide the case. Do not visit any place you may hear

described during the trial. Do not talk to anyone in your life who may have expertise in an area that comes in this case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties.

I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, the Internet, social media, artificial intelligence and other tools of technology. You also must not talk to anyone about this case or use any tools to communicate with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, text messaging or using other AI technology, through any blog or website, or by way of any other social networking websites, including Facebook, Instagram, X, LinkedIn or YouTube.

If you become aware that any other juror is violating this instruction, you should bring it to my attention through Ms. Tran, my Courtroom Deputy, but please do not make it known to any other jurors.

## XI. OUTLINE OF TRIAL

Finally, I would like to summarize the stages of the trial for you.

First, there will be opening statements. The Government will make an opening statement. After that, defense counsel may, but does not have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

After the opening statements, the Government will present its case. The Government will call its witnesses, and after each witness testifies on direct examination, defense counsel will have the opportunity to cross examine.

Following the Government's case, the defendants may present a defense case. Because of the presumption of innocence, neither Mr. Anton Peraire-Bueno nor Mr. James Peraire-Bueno is required to offer any proof. You may not draw any negative inference or hold it against either of them in any way, if either defendant chooses not to put on a case. The sole issue is whether the Government has proved its case beyond a reasonable doubt.

After the evidence is completed and before the closing arguments, I will give

you final instructions on the law. Then the attorneys will give their closing arguments. This is the opportunity for the lawyers to summarize the evidence or lack of evidence in light of the law.

After the closing arguments, I will give you brief final instructions, and you will retire to deliberate on your verdict. Your verdict must be unanimous.

Please do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

## XII.    CONDUCT OF THE TRIAL

In general, you should arrive at the courthouse by 9:30 so that you are in the jury room by 9:45. This will allow you time to get through security. We cannot start unless everyone is here so please make sure that you are here on time each morning. We will sit from 10:00 a.m. – 4:30 p.m. each day until we are finished. There will be a one-hour lunch break around 12:30 p.m. and one 15-minute break in the morning and one in the afternoon. I expect the trial will end by November 6, hopefully sooner. Please plan accordingly. Please be here early if possible, and always be on time.

**Court Exhibit 7**

      My deputy will endeavor to get you jury passes so that you do not have to wait in the long security lines, and I will authorize you to bring your phone in each day rather than check them. However, when you are not at lunch or on a break, your phones should remain turned off. If we have any phones going off in the middle of trial, I will have to revisit this authorization.