**Court Exhibit 26**

<u>**JURY NOTE 1**</u> – Court Exhibit 21

**Question:** What is the definition of good faith?

**Answer:** I am going to refer you back to the jury instruction on wire fraud participation in the scheme with intent. Good faith is an honest belief in the truth of the representations made by a defendant, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

**Question:** What is a false pretense and how is it different vs. a false representation / suggestion?

**Answer:** A pretense is defined as an act that is calculated to make people believe something untrue. As I instructed you at page 36 of the jury instructions, the deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation, but only where that conduct creates a false impression as to a material fact or matter.

**Question:** On the bottom of page 38 after the discussion of the first element it states – "The fact that this case involves automated computer programs does not change the analysis that you have to undertake under this instruction." Does this instruction apply to all three elements?

**Answer:** Yes. The fact that this case involves automated computer programs is relevant to all elements, but it does not change the elements that you must consider as set forth in the jury instructions.

**Question:** Is there a summary chart of exhibits' contents? It's difficult to locate what we're looking for.

**Answer:** Yes. And Ms. Tran will take that back so that you have an index of all of the exhibits that are on the flash drive.

**Court Exhibit 26**

<u>**JURY NOTE 2**</u> – Court Exhibit 22

**Question (page 1):** Does wire fraud imply conspiracy to commit wire fraud if the defendants did not believe the conspiracy had an "unlawful purpose" (page 52) but did have an "intent to defraud" (page 39)?

**Answer:** No. Conspiracy to commit wire fraud and wire fraud are separate offenses with separate elements. The government must prove each element of each offense beyond a reasonable doubt. Its unlawful purpose on pg 52 refers to the object of the conspiracy, which is the wire fraud charged in Count 2.

**Question (page 2):** The jury requests legal clarification regarding jury instructions III / F: Participation in the scheme with intent (page 39). First we pose a hypothetical

1. Plan XYZ was a scheme to defraud
2. Bob knowingly devised and participated in plan XYZ
3. Bob did not have "intent to defraud" / "fraudulent intent"

In this hypothetical, is it legally possible for all 3 to be true?

Or does 1 + 2 legally imply fraudulent intent?

If 1 + 2 + 3 are legally possible, please elaborate.

**Answer:** The Court cannot answer hypotheticals. However, if you are asking whether a person can be convicted of wire fraud without an intent to defraud—in other words without acting knowingly and with the specific intent to deceive for the purpose of obtaining money or property—the answer is no. Intent to defraud is a separate element that the government must prove beyond a reasonable doubt.