

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 30, 2025

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Anton Peraire-Bueno, et al.*, S1 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      The Government respectfully writes in opposition to the submission of an *amicus curiae* brief by DeFi Education Fund ("DEF") that would like to be heard on "ensuring that growth in DeFi [*i.e.*, decentralized finance] is not stifled by prosecutions based on unprecedented legal theories" in the context of the defendants' motion for judgment of acquittal or, alternatively, to dismiss the superseding indictment (the "Rule 29 Motion").

      DEF's *amicus* brief, which is directed at policy arguments concerning "innovation in DeFi" and contains no citations to the trial record, has no bearing on the Rule 29 standard, which requires the Court to review the evidence presented at this trial "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999) (quotation marks omitted). While the usual rationale for *amicus curiae* submissions "is that they are of aid to the court and offer insights not available to the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), DEF's *amicus* brief does neither. *See also United States v. Gotti,* 755 F. Supp. 1157, 1159 (denying motion for leave to file an *amicus curiae* brief where "it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the *amicus* is lacking"). Detached from the trial record, the brief merely recites legal arguments already rejected by this Court. *See* Dkt. 112 at 11-15. In particular, the Court has already held that (i) the wire fraud statute provided the defendants with "fair warning of its prohibitions," (Dkt. 112 at 14), (ii) "the novel circumstances of this case as alleged do not amount to a due process violation," (*id.* at 16 (citing *United States v. Pacilio*, 85 F.4th 450, 460–61 (7th Cir. 2023) ("[a]ny novelty in this prosecution is based on the particulars of defendants' . . . scheme, not any originality in construing the relevant fraud statute[].")), and that (iii) any "as-applied" challenge would depend on the "factual record" developed at trial, (*id.* at 13)—the very record the DEF *amicus* brief ignores. Here, where the Court has already ruled on the legal issues presented in the *amicus* brief and DEF does not offer any unique information

relevant to the pending motion before the Court, DEF's submission is not likely to aid the Court's consideration of the particular issues presented at the Rule 29 stage.

     Accordingly, the Government respectfully submits that the Court should decline to receive the proposed amicus brief. The brief sounds in policy arguments already rejected by this Court as a basis for relief and does not address the legal or factual issues that are properly before the Court in the pending Rule 29 Motion.

                  Respectfully submitted,

                  JAY CLAYTON
                  United States Attorney

          by:      /s/
                  Jerry J. Fang / Danielle M. Kudla
                  Benjamin L. Levander / Ryan T. Nees
                  Assistant United States Attorneys
                  (212) 637-2584 / 2304 / 1930 / 1595

Cc:    Defense Counsel (by ECF)